BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
144 N. Beverwyck Road, # 187
Lake Hiawatha, New Jersey 07034
(973) 335-6409
Neil Grossman, Esq. (NG 9113)
*Attorney for defendant/third party plaintiff*
*JESUS J. PALMERONI*

UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY

----------------------------------X
|  |  |
|---|---|
| N.V.E., INC., | : |
|  | Civil Action No.: |
| Plaintiff, | : 2:06-CV-05455(HAA)(ES) |
|  | : |
| - V. - | : **ANSWER, COUNTERCLAIMS** |
|  | **AND THIRD PARTY COMPLAINT** |
| JESUS J. PALMERONI, a/k/a Joseph | : **OF JESUS J. PALMERONI** |
| Palmeroni, RONALD SUMICEK, SUNBELT |  |
| MARKETING, ABC CORPORATIONS 1-10 | : |
| and JOHN DOES 1-10, |  |
|  | : |
| Defendants. | : |

----------------------------------X
JESUS J. PALMERONI,                :

          Third-party plaintiff,   :

     - v. -                        :

ROBERT OCCHIFINTO,                 :

          Third-party defendant.   :
----------------------------------X


     Defendant JESUS J. PALMERONI, a/k/a Joseph Palmeroni

("Palmeroni"), as and for his Answer to the Complaint, alleges

1

and states as follows:

## NATURE OF THE ACTION

1.    Palmeroni denies that he participated in any scheme to defraud or to steal monies from plaintiff and otherwise lacks knowledge or information sufficient to form a belief as to the veracity of the statements contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.    Palmeroni declines to respond to the allegations contained in Paragraph 2 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

3.    Palmeroni declines to respond to the allegations contained in Paragraph 3 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

4.    Palmeroni declines to respond to the allegations contained in Paragraph 4 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

## RELEVANT TIMES

5.    Palmeroni denies that he engaged in any wrongful acts such as are alleged in Paragraph 5 of the Complaint; denies that he fraudulently concealed anything from the plaintiff; and lacks knowledge or information sufficient to form a belief as to the

veracity of the other allegations contained in Paragraph 5 of the Complaint.

6.   Palmeroni admits the allegations of Paragraph 6 of the Complaint upon information and belief.

7.   Palmeroni admits the allegations of Paragraph 7 of the Complaint.

8.   Palmeroni admits upon information and belief that defendant Sumicek is a resident of Texas, and lacks knowledge or information sufficient to form a belief as to the veracity of the other allegations contained in Paragraph 8 of the Complaint.

9.   Palmeroni admits the allegations of Paragraph 9 of the Complaint upon information and belief.

10.  Palmeroni lacks knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 10 of the Complaint.

<u>SUBSTANTIVE FACTUAL ALLEGATIONS</u>

11.  Palmeroni admits that he was employed by NVE as its National Sales Manager during some of the relevant times; admits that he was responsible for some of plaintiff's sales in the United States; admits that he operated out of NVE's principal place of business in Andover, New Jersey; and denies the remaining allegations of Paragraph 11 of the Complaint.

12.  Palmeroni admits the allegations of Paragraph 12 of the Complaint upon information and belief.

13.  Palmeroni admits upon information and belief that Import Warehouse, Inc. was located in Dallas, Texas, that it was owned by Rhavi Bhatia and that it became a distributor for NVE products; Palmeroni denies that Import Warehouse was exclusively a direct account of NVE, and lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in Paragraph 13 of the Complaint.

14.  Palmeroni admits upon information and belief that CB Distributors, Inc. was located in Beloit, Wisconsin, that it was owned by Carlos Bengoa and that it became a distributor for NVE products; Palmeroni denies that CB Distributors, Inc. was exclusively a direct account of NVE, denies upon information and belief that Carlos Bengoa has any right to use the title "M.D." and lacks knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in Paragraph 14 of the Complaint.

15.  Palmeroni denies the allegations of Paragraph 15 of the Complaint.

<u>THE SCHEME</u>

16.  Palmeroni admits that Sunbelt Marketing at times acted

4

as a broker for NVE products; admits that Import Warehouse and CB Distributors at times acted as distributors of NVE products; admits that Import Warehouse and CB Distributors at times ordered products directly through NVE; denies that Import Warehouse and CB Distributors always ordered products directly through NVE; lacks knowledge of precisely when Sunbelt Marketing became a broker for NVE products; lacks knowledge of precisely when Import Warehouse and CB Distributors became distributors of NVE Products; and denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.   Palmeroni denies the allegations of Paragraph 17 of the Complaint.

18.   Palmeroni declines to respond to the allegations contained in Paragraph 18 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 18 of the Complaint.

<u>FACTUAL ALLEGATIONS</u>

19.   Palmeroni denies that he had primary responsibility for accurately and faithfully recording sales transactions; denies that he acted as NVE's national sales manager for all of the period of his employment by NVE; and lacks knowledge or

5

information sufficient to form an opinion as to the veracity of the other allegations contained in Paragraph 19 of the Complaint.

20. Palmeroni denies the allegations contained in Paragraph 20 of the Complaint.

21. Palmeroni declines to respond to the allegations contained in Paragraph 21 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise admits the allegations contained in Paragraph 21 of the Complaint upon information and belief.

22. Palmeroni declines to respond to the allegations contained in Paragraph 22 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 22 of the Complaint.

23. Palmeroni declines to respond to the allegations contained in Paragraph 23 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 23 of the Complaint.

24. Palmeroni declines to respond to the allegations contained in Paragraph 24 of the Complaint to the extent they

constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25.   Palmeroni denies the allegations contained in Paragraph 25 of the Complaint.

<u>FIRST CAUSE OF ACTION</u>

<u>(Federal Civil RICO Substance and Conspiracy)</u>

26.   Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

27.   Palmeroni declines to respond to the allegations contained in Paragraph 27 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

28.   Palmeroni declines to respond to the allegations contained in Paragraph 28 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

29.   Palmeroni declines to respond to the allegations contained in Paragraph 29 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30.   Palmeroni declines to respond to the allegations

contained in Paragraph 30 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31.   Palmeroni declines to respond to the allegations contained in Paragraph 31 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 31 of the Complaint.

32.   Palmeroni declines to respond to the allegations contained in Paragraph 32 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 32 of the Complaint.

## SECOND CAUSE OF ACTION

### (Federal Civil RICO Substance and Conspiracy)

33.   Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

34.   Palmeroni declines to respond to the allegations contained in Paragraph 34 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

35.  Palmeroni declines to respond to the allegations contained in Paragraph 35 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

36.  Palmeroni declines to respond to the allegations contained in Paragraph 36 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

37.  Palmeroni admits that he was employed by NVE and declines to respond to the other allegations contained in Paragraph 37 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

38.  Palmeroni declines to respond to the allegations contained in Paragraph 38 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 38 of the Complaint.

39.  Palmeroni declines to respond to the allegations contained in Paragraph 39 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 39 of the Complaint.

### THIRD CAUSE OF ACTION

### (New Jersey Civil RICO Substantive)

40.   Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

41.   Palmeroni declines to respond to the allegations contained in Paragraph 41 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

42.   Palmeroni declines to respond to the allegations contained in Paragraph 42 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

43.   Palmeroni declines to respond to the allegations contained in Paragraph 43 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44.   Palmeroni declines to respond to the allegations contained in Paragraph 44 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 44 of the Complaint.

45.   Palmeroni declines to respond to the allegations contained in Paragraph 45 of the Complaint to the extent they constitute conclusions of law rather than statements of fact,

and otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46.  Palmeroni denies the allegations of Paragraph 46 of the Complaint as they relate to him, and lacks information sufficient to form an opinion as to the veracity of the other allegations of Paragraph 46 of the Complaint.

<u>FOURTH CAUSE OF ACTION</u>

(New Jersey Civil RICO Substantive)

47.  Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

48.  Palmeroni declines to respond to the allegations contained in Paragraph 48 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 48 of the Complaint.

49.  Palmeroni declines to respond to the allegations contained in Paragraph 49 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 49 of the Complaint.

50.  Palmeroni declines to respond to the allegations

contained in Paragraph 50 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

51.   Palmeroni admits that he was employed by NVE and declines to respond to the other allegations contained in Paragraph 51 of the Complaint to the extent they constitute conclusions of law rather than statements of fact.

52.   Palmeroni declines to respond to the allegations contained in Paragraph 52 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, denies the other allegations contained in Paragraph 52 of the Complaint to the extent they relate to Palmeroni and lacks knowledge or information sufficient to form an opinion as to the veracity of the other allegations contained in Paragraph 52 of the Complaint.

53.   Palmeroni declines to respond to the allegations contained in Paragraph 53 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 53 of the Complaint.

54.   Palmeroni denies the allegations contained in Paragraph 54 of the Complaint.

<u>FIFTH COUNT</u>

12

(New Jersey Civil RICO Conspiracy)

55.   Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

56.   Palmeroni denies the allegations of Paragraph 56 of the Complaint.

57.   Palmeroni denies the allegations of Paragraph 56 of the Complaint.

58.   Palmeroni declines to respond to the allegations contained in Paragraph 58 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 58 of the Complaint.

59.   Palmeroni denies the allegations of Paragraph 59 of the Complaint.

<u>SIXTH CAUSE OF ACTION</u>

<u>(Fraud)</u>

60.   Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

61.   Palmeroni denies the allegations of Paragraph 61 of the Complaint.

13

62.    Palmeroni denies the allegations of Paragraph 62 of the Complaint.

63.    Palmeroni denies the allegations of Paragraph 63 of the.

64.    Palmeroni denies the allegations contained in Paragraph 64 of the Complaint.

65.    Palmeroni denies the allegations contained in Paragraph 65 of the Complaint.

66.    Palmeroni denies the allegations contained in Paragraph 66 of the Complaint.

<u>SEVENTH CAUSE OF ACTION</u>

<u>(Civil Conspiracy)</u>

67.    Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

68.    Palmeroni denies the allegations contained in Paragraph 68 of the Complaint.

69.    Palmeroni denies the allegations contained in Paragraph 69 of the Complaint.

<u>EIGHTH CAUSE OF ACTION</u>

<u>(Conversion)</u>

70.    Palmeroni incorporates the statements contained in all

14

of the foregoing Paragraphs of this Answer as though set forth fully hereat.

71.   Palmeroni declines to respond to the allegations contained in Paragraph 71 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 71 of the Complaint.

72.   Palmeroni denies the allegations contained in Paragraph 72 of the Complaint.

<u>NINTH CAUSE OF ACTION</u>

<u>(Interference with Property Rights)</u>

73.   Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

74.   Palmeroni declines to respond to the allegations contained in Paragraph 74 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations contained in Paragraph 74 of the Complaint.

75.   Palmeroni denies the allegations contained in Paragraph 75 of the Complaint.

76.   Palmeroni denies the allegations contained in

Paragraph 76 of the Complaint.

### TENTH CAUSE OF ACTION

(Breach of Duty of Loyalty)

77.   Palmeroni incorporates the statements contained in all
of the foregoing Paragraphs of this Answer as though set forth
fully hereat.

78.   Palmeroni declines to respond to the allegations
contained in Paragraph 78 of the Complaint to the extent they
constitute conclusions of law rather than statements of fact,
and otherwise admits the allegations of Paragraph 78 of the
Complaint.

79.   Palmeroni declines to respond to the allegations
contained in Paragraph 79 of the Complaint to the extent they
constitute conclusions of law rather than statements of fact,
and otherwise denies the allegations of Paragraph 79 of the
Complaint.

80.   Palmeroni denies the allegations contained in
Paragraph 80 of the Complaint.

### ELEVENTH CAUSE OF ACTION

(Breach of Contract)

81.   Palmeroni incorporates the statements contained in all
of the foregoing Paragraphs of this Answer as though set forth

16

fully hereat.

82.   Palmeroni declines to respond to the allegations contained in Paragraph 82 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations of Paragraph 82 of the Complaint.

83.   Palmeroni denies the allegations contained in Paragraph 83 of the Complaint.

## TWELFTH CAUSE OF ACTION

### (Accounting)

84.   Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

85.   Palmeroni denies the allegations contained in Paragraph 85 of the Complaint.

86.   Palmeroni declines to respond to the allegations contained in Paragraph 86 of the Complaint to the extent they constitute a demand for relief rather than an allegation of fact, and otherwise denies the allegations contained in Paragraph 86 of the Complaint.

## THIRTEENTH CAUSE OF ACTION

### (Constructive Trust)

87.  Palmeroni incorporates the statements contained in all of the foregoing Paragraphs of this Answer as though set forth fully hereat.

88.  Palmeroni declines to respond to the allegations contained in Paragraph 88 of the Complaint to the extent they constitute conclusions of law rather than statements of fact, and otherwise denies the allegations of Paragraph 88 of the Complaint.

89.  Palmeroni declines to respond to the allegations contained in Paragraph 89 of the Complaint to the extent they constitute a demand for relief rather than an allegation of fact, and otherwise denies the allegations contained in Paragraph 89 of the Complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSES

The relief sought is barred by the doctrine of unclean hands.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims contained in the Complaint.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead its allegations of fraud with sufficient particularity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any award to the plaintiff in this action must be reduced by amounts due and owing by plaintiff to defendant Palmeroni

WHEREFORE, defendant JESUS J. PALMERONI demands judgment dismissing the Complaint against him with prejudice and awarding him the costs of this action together with attorney fees to the extent permitted by law.

                              BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
                              *Counsel for defendant Jesus J.*
                              *Palmeroni*


Dated:  February 8, 2007    By:  s/ Neil Grossman_____
                              NEIL GROSSMAN (NG 9113)


## FACTS COMMON TO COUNTERCLAIMS AND THIRD PARTY CLAIMS

1.    Third party defendant Robert Occhifinto ("Occhifinto") was plaintiff's president during the time of Palmeroni's employment by the plaintiff.  Upon information and belief, Occhifinto is a resident of New Jersey and is employed in the State of New Jersey.

2.    During the course of Palmeroni's employment, he observed various illegal activities, including instances of

19

fraud and of sexual harassment, being perpetrated by plaintiff's employees and principals, including Occhifinto.

3.   Palmeroni reported these activities to plaintiff's principals, including Occhifinto

4.   Following plaintiff's filing of a petition in bankruptcy, plaintiff's officers, including Occhifinto, asked Palmeroni to participate in the concealment of company receipts from a creditor's committee.  Palmeroni refused to participate in these activities.

5.   Palmeroni was subsequently terminated, he believes in retaliation for his refusal to engage in illegal activities, and in retaliation for his reporting of illegal activities.

6.   That termination constituted a wrongful discharge under New Jersey law.

7.   During the course of Palmeroni's employment by plaintiff, in the late winter or early spring of 2005, his salary was dramatically reduced, from approximately $175,000 per annum to approximately $100,000 per annum.  In response to Palmeroni's complaints about this salary reduction, Occhifinto told Palmeroni that if he continued to work for the plaintiff notwithstanding the salary reduction, the plaintiff would award him a year-end bonus at least equal to the amount of the

reduction of his salary.

8.   At the time Occhifinto so advised Palmeroni, Occhifinto knew that no such year-end bonus would be paid to Palmeroni.

9.   In reliance on Occhifinto's representation, Palmeroni continued to work for the plaintiff notwithstanding the dramatic reduction in his salary.

10.   The plaintiff accepted Palmeroni's services; however the plaintiff did not pay Palmeroni the promised year-end bonus.

11.   Occhifinto and plaintiff thus defrauded Palmeroni of services.

12.   Plaintiff thus breached its agreement with Palmeroni.

13.   In late 2005, Occhifinto sought to persuade plaintiff's employees, including Palmeroni, to sign a draconian non-competition agreement.

14.   In an effort to persuade Palmeroni to enter into that non-competition agreement, Occhifinto advised Palmeroni that he was entitled to a generous severance arrangement as part of his employment.   On this occasion, Occhifinto reminded Palmeroni that other of plaintiff's employees had received severance packages upon their separation from plaintiff's employ.

15.   Palmeroni continued to work for and to provide

21

services to plaintiff relying in part on Occhifinto's statement that the terms of Palmeroni's employment included a severance arrangement.

16.   Upon Palmeroni's termination, however, no severance was provided to him.

17.   Occhifinto and plaintiff thus defrauded Palmeroni of services.

18.   Plaintiff thus breached its agreement with Palmeroni.

<u>AS AND FOR A FIRST COUNTERCLAIM AND THIRD PARTY CLAIM</u>

(Fraud)

*Against plaintiff and Occhifinto*

19.   Plaintiff and Occhifinto represented to Palmeroni that plaintiff would provide him with a generous severance arrangement and would pay him a year-end bonus at least equal to the reduction in plaintiff's salary.

20.   At the time plaintiff and Occhifinto made these representations, they were already aware that such representations were untrue.

21.   In reliance on these representations by plaintiff and Occhifinto, Palmeroni provided plaintiff with services.

22.   Palmeroni was damaged thereby.

<u>AS AND FOR A SECOND COUNTERCLAIM</u>

(Breach of Contract)

*Against plaintiff*

23.   Plaintiff and Palmeroni entered into an agreement pursuant to which Palmeroni provided services to the plaintiff and pursuant to which the plaintiff was obligated in various ways to Palmeroni.

24.   Plaintiff breached its agreement with Palmeroni by failing to provide him with a severance arrangement and by failing to pay him an agreed upon bonus.

25.   Palmeroni was thereby damaged.

AS AND FOR A THIRD COUNTERCLAIM

(Wrongful Discharge)

*Against plaintiff*

26.   Plaintiff owed Palmeroni a duty not to retaliate against him because of his opposition to, reporting of and/or refusal to perform any act violative of a clear mandate of public policy.

27.   Palmeroni refused to participate in acts violative of a clear mandate of public policy.

28.   Palmeroni opposed and reported acts by plaintiff and/or its employees violative of a clear mandate of public policy.

29.   Plaintiff undertook retaliatory acts against Palmeroni, including his wrongful termination, in retaliation for his

23

opposition to, reporting of and refusal to participate in acts violating a clear mandate of public policy.

30.   Palmeroni was damaged thereby.

WHEREFORE, defendant/counterclaimant JESUS J. PALMERONI demands judgment against the plaintiff, N.V.E., INC., and against the third party defendant, ROBERT OCCHIFINTO, as follows:

(a)   for compensatory damages;

(b)   for punitive damages;

(c)   for costs and attorneys' fees;

(d)   for pre-judgment and post-judgment interest; and

(e)   for such other relief as to this Court may seem proper.

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
*Counsel for defendant/third party*
*plaintiff Jesus J. Palmeroni*


By:   s/ Neil Grossman_____
      NEIL GROSSMAN (NG 9113)

24