# PASHMAN STEIN

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
COURT PLAZA SOUTH
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601-7054
(201) 488-8200
FAX (201) 488-5556
www.pashmanstein.com

October 4, 2007

Honorable Harold A. Ackerman, U.S.D.J.
United States District Court
United States Post Office
& Courthouse Building - Room 305
P.O. Box 999
Newark, New Jersey 07101-0999

    Re: **N.V.E., Inc. v. Palmeroni**
        **Docket No. 2:06-CV-05455(HAA)(ES)**
        **Our File No. 6026-044**

Dear Judge Ackerman:

    This is a request for adjournment of defendant Palmeroni's sanctions motion pending before Judge Ackerman. Pursuant to paragraph 18 of the Pretrial Scheduling Order, I also write to Judge Salas. We represent plaintiff and third party defendants, who are respondents to the dismissal motion. Wasserman, Jurista & Stolz, NVE's bankruptcy counsel and a respondent to the Rule 11 motion, joins in this request.

    Defendant Palmeroni has two, related motions pending. The first is to dismiss and the second, for sanctions. The sanctions motion is predicated on his lawyer's belief that the merits of the dismissal motion are so self-evident that, of necessity, this case had to have been brought in bad faith -- if not worse. Indeed, Mr. Grossman in his moving papers accuses us and NVE's bankruptcy counsel of engaging in a criminal conspiracy about the claim: He writes that the case represents "a deliberate attempt by NVE and NVE counsel to steal claims belonging to creditors and to conceal that theft from the Bankruptcy Court." Defendant's Memorandum of Law in support of motion for sanctions, p. 9.

**PASHMAN STEIN, P.C.**

Honorable Harold A. Ackerman, U.S.D.J.
October 4, 2007
Page 2

    The dismissal and sanctions motions were made returnable October 22. By letter dated September 28, 2007, we invoked Local Rule 7.1(d)(5) to extend the time to file opposition to the dismissal motion for 14 days, making the return date November 12, 2007.

    Inasmuch as the sanctions motion, with its remarkable allegations of criminal wrongdoing, is predicated on the dismissal motion, we respectfully request that it be carried until the dismissal motion is resolved.

Respectfully,

DAVID G. WHITE

DGW/lgc
cc: Brian Cige, Esq.
    Neil Grossman, Esq.
    Daniel M. Stolz, Esq.
    Michael McLaughlin, Esq.
    Robert Occhifinto