UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC.,<br><br>                Plaintiff,<br><br>v.<br><br>JESUS J. PALMERONI a/k/a JOSEPH PALMERONI, RONALD SUMICEK, SUNBELT MARKETING, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,<br><br>                Defendants. | CIVIL ACTION NO. 06-5455 (HAA-ES)<br><br>**MOTION DATE:**<br>    **November 26, 2007** |
| JESUS J. PALMERONI,<br><br>     Third-Party Plaintiff,<br><br>v.<br><br>ROBERT OCCHIFINTO AND WALTER ORCUTT,<br><br>     Third-Party Defendants. | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S CROSSMOTIONS TO DISMISS COUNTERCLAIMS AND THIRD PARTY CLAIMS AND TO WITHDRAW REFERENCE TO BANKRUPTCY COURT**

<table>
<tr>
<td></td>
<td><strong>PASHMAN STEIN</strong><br>A Professional Corporation<br>Court Plaza South<br>21 Main Street<br>Hackensack, New Jersey 07601<br>(201) 488-8200<br>Attorneys for Plaintiff,<br>  <strong>N.V.E., Inc.,</strong> and<br>  Third-Party Defendants,<br>  <strong>Robert Occhifinto and</strong><br>  <strong>Walter Orcutt</strong></td>
</tr>
<tr>
<td>Of Counsel:<br> Samuel J. Samaro, Esq.<br><br>On the Brief:<br> David G. White, Esq.</td>
<td></td>
</tr>
</table>

TABLE OF CONTENTS

INTRODUCTION ............................................2

LEGAL ARGUMENT

      POINT I

      PALMERONI'S COUNTERCLAIMS ARE BARRED BY PLAN
      CONFIRMATION BECAUSE IN ADDITION TO ACTUAL
      KNOWLEDGE OF THE REORGANIZATION, HE CHOSE TO
      INVOLVE HIMSELF IN IT ...............................4

      POINT II

      ALL THIRD PARTY COMPLAINTS BASED ON THE LAW
      AGAINST DISCRIMINATION ARE BARRED BY NVE'S
      DISCHARGE IN BANKRUPTCY .............................8

      POINT III

      AIDERS AND ABETTERS ARE BARRED BY THE
      PRINCIPAL'S DISCHARGE AND THE CASES CITED BY
      PALMERONI TO THE CONTRARY ARE INAPPLICABLE
      BECAUSE THE LIABILITY INVOLVED THERE IS NOT
      VATIVE ..............................................9

      POINT IV

      PALMERONI'S OBJECTIONS TO WITHDRAWAL OF THE
      REFERENCE, IF ANY, IN THIS CASE ARE
      UNAVAILING AND FUTILE ..............................11

CONCLUSION ............................................16

TABLE OF AUTHORITIES

CASES

Anderson v. Federal Deposit Insurance Corporation,
918 F.2d 1139 (4th Cir. 1990) ...........................11,15

Berger v. Trans World Airlines, Inc.,
96 F.3d 687 (3d Cir. 1996) ..................................7

Bernheim v. Chubb Insurance Company,
160 B.R. 42 (D.N.J. 1993) ..................................12

Carleton v. BAWW, Inc.,
751 F.2d 781 (5th Cir. 1985) ...............................12

Dollinger v. Poskanzer,
146 B.R. 125 (D.N.J. 1992) .................................5,7

Dooley v. Weil (In Re Garfinkle),
672 F.2d 1340 (11th Cir. 1982) ..............................6

Failla v. City of Passaic,
146 F.3d 149 (3rd Cir. 1998) ...............................10

First Fidelity Bank v. Macateer,
985 F.2d 114 (3rd Cir. 1993) ................................9

Foreman v. Davies,
371 U.S. 178 ...............................................15

Herman v. Coastal Corp.,
348 N.J. Super. 1 (App. Div. 2002) ..........................8

In Re H&W Motor Express Co.,
343 B.R. 208 (N.D. Iowa 2006) ...........................13,14

In Re Giorgio,
50 B.R. 327 (D.R.I. 1985) ..................................14

In Re Iridium Operating, LLC,
285 B.R. 822 (S.D.N.Y. 2002) ...............................13

In Re J.T. Moran Financing Corp.,
124 B.R. 931 (S.D.N.Y. 1991) ...............................13

In Re NDEP Corp.,
  203 B.R. 905 (D. Del. 1996) ................................15

In Re Novack,
  116 B.R. 626 (N.D. Ill. 1990) .............................13

In Re Orion Pictures Corp.,
  4 F.3d 1095 (2nd Cir. 1993) ................................13

In Re Sunflower Racing, Inc. v. Mid-Continent Racing &
Gaming Co. I, 226 B.R. 673 (D. Kan. 1998) .................9,10

In Re System Freight, Inc.,
  1991 WL 33150 at *4 (D.N.J. 1991) ..........................12

In Re Tastee Donuts, Inc.,
  137 B.R. 204 (E.D. La. 1992) ...............................13

In Re Taylor,
  280 B.R. 711 (Bankr. S.D. Ala. 2001) .......................6

In Re Windstar Communications, Inc.,
  321 B.R. 761 (D. Del. 2005) ................................13

In Re Workman,
  373 B.R. 460 (Bankr. D.S.C. 2007) ..........................6

Intercontinental Telephone Service v. Farrin,
  59 B.R. 397 (S.D.N.Y. 1986) ................................14

James v. City of Jersey City,
  187 F.R.D. 512 (D.N.J. 1999) ...............................6

Jurista v. Fairway Dodge, LLC,
  2006 U.S. District Court Lexus 77091 (D.N.J.
  October 23, 2006) ..........................................12

Kennedy v. Chubb Group of Insurance Companies,
  60 F. Supp. 2d 384 (D.N.J. 1999) ...........................8

Matter of Christopher,
  28 f.3D 512 (5TH Cir. 1994) .................................5

Middletown Enterprises, Inc. v. Churm,
  618 F. Supp. 477 (E.D. Mo. 1985) ...........................9

iii

Pied Piper Casuals, Inc. v. Insurance Company of State of
Pennsylvania,
 72 B.R. 156 (S.D.N.Y. 1987) ..................................13




RULES AND STATUTES

11 U.S.C. §157 ...............................................3

28 U.S.C. §157(a) ..........................................11

28 U.S.C. §157(d) ..........................................12

28 U.S.C. §1334 .............................................3

Fed. R. Civ. P. 4 ..........................................6

Section 523 (a)(3)(B) ......................................5

## INTRODUCTION

This Brief on behalf of NVE and third party defendants is in reply to the opposition by defendant Jesus Palmeroni to the cross-motions seeking to dismiss counterclaims and third party complaints.

Palmeroni's opposition to dismissal of his counterclaim fails because of NVE's discharge in bankruptcy. Palmeroni contends that the discharge was not effective because he was not served with formal, written notice regarding the plan. The argument overlooks that Palmeroni chose to involve himself in the proceeding, intervening to voice various concerns and retaining two law firms to represent his interests, but not to file his claim. As a result, he received sufficient notice under the circumstances.

All third party claims under the Law Against Discrimination ("LAD") are similarly barred. There is no individual liability under the LAD other than statutory aiding and abetting, which is derivative of the principal's liability. With the elimination of the principal's liability by virtue of the bankruptcy discharge, the individual liability derived from it also fails.

Palmeroni's objections to this Court's retaining jurisdiction over the case are wholly without merit. The district court unquestionably has the power to hear this case

2

under 28 U.S.C. §1334. This Court is also clearly authorized
under 28 U.S.C. §157 to retain jurisdiction over the case.
Moreover, this is a non-core, jury case that could not, in any
case, have been heard in bankruptcy court.  NVE's reorganization
was confirmed on August 22, 2007, and the distributions under
the Plan have been largely paid.  The bankruptcy case is for all
practical purposes finished.  For these reasons, Palmeroni's
opposition to NVE's cross motion is unavailing.

**LEGAL ARGUMENT**

**POINT I**

**PALMERONI'S COUNTERCLAIMS ARE BARRED BY PLAN
CONFIRMATION BECAUSE IN ADDITION TO ACTUAL
KNOWLEDGE OF THE REORGANIZATION, HE CHOSE TO
INVOLVE HIMSELF IN IT.**

Palmeroni argues that notwithstanding his actual knowledge of NVE's bankruptcy, plan confirmation should not bar his claims because he was not served with notices of hearings.  The argument fails to appreciate that in addition to actual knowledge, Palmeroni actually involved himself in the reorganization.  Having done so but without filing his claims, he should be seen to have sufficient notice, and is thus barred by discharge.

NVE filed its bankruptcy in August 2005.  On August 18, 2005, the Bankruptcy Court issued a notice to known claimants that the bar date for filing was December 13, 2005.

On January 4, 2006, Palmeroni was fired.  On January 24, 2006 Palmeroni's lawyer sent the company a letter objecting to his termination.  On January 25, 2006, NVE's bankruptcy counsel wrote back identifying the bankruptcy proceeding,  informing Palmeroni's lawyer that an application regarding Palmeroni's employment issues was being made in bankruptcy court and referring him to the company's employment lawyers.  In February 2006, the debtor published notice of the bar date.

4

Meanwhile, Palmeroni not only admittedly had actual
knowledge of NVE's bankruptcy, he selectively involved himself
in the case.  He contacted the Creditors Committee to voice
various concerns and in January 2007, retained another attorney
to file a Complaint alleging in part that his opposition to
NVE's conduct during bankruptcy occasioned his firing.  At no
time did he file a proof of claim, object to confirmation, move
to exempt his claim from discharge or complain that he was not
being provided with sufficient notice of the proceedings.
Consistent with his strategy of selective involvement in the
bankruptcy, he first chose to assert his claims in state court,
thereby attempting to circumvent the federal courts entirely.

In Dollinger v. Poskanzer, 146 B.R. 125 (D.N.J. 1992), the
court examined the consequences to a creditor who participated
in a reorganization without receiving actual notice.
Specifically, the creditor had representation at the creditors'
meeting.  As a result, the court found that he was bound by the
discharge in Bankruptcy.  Poskanzer, supra, 146 B.R. 129; see,
also Matter of Christopher, 28 F.3d 512 (5th Cir.1994)(Due
process requirements for bankruptcy discharge satisfied by
actual knowledge of the proceeding, even without personal
service).

Although the debtor in Poskanzer was an individual, covered
by the actual knowledge provisions of §523(a)(3)(B), the

significance of a creditor's involvement is applicable here. Bankruptcy courts have held that a creditor may waive any right to which he is entitled. Dooley v. Weil (In Re Garfinkle), 672 F.2d 1340, 1347 (11th Cir. 1982); In Re Taylor, 280 B.R. 711, 716 (Bankr. S.D. Ala. 2001); In Re Workman, 373 B.R. 460 (Bankr. D.S.C. 2007). On these facts, Palmeroni's participation should be deemed a waiver.

Similarly in James v. City of Jersey City, 187 F.R.D. 512 (D.N.J.1999), The district court analyzed whether due process was satisfied where a defendant was not properly served pursuant to Fed. R. Civ. P. 4.  In that case, as here, defendant admitted he had actual knowledge of the proceedings, retained counsel to represent his interests and requested an extension of time to answer, although he was not properly served with the summons and complaint.  The district court concluded that under the circumstances, due process was satisfied because defendant received notice reasonably calculated to apprise him of the pendency of the action, which afforded him an opportunity to present his objections.

When, as here, a creditor with admitted, actual knowledge of the bankruptcy proceedings retains counsel and chooses strategically to involve himself before the bankruptcy court while deliberately withholding his claims for state court,  he

should be deemed to have received sufficient notice or to have waived the right to further notice.

That result is consistent with the bankruptcy policy of affording a "fresh start" to a debtor.  It would also prevent a creditor in these circumstances from deliberately sitting back and allowing the bankruptcy action to proceed without adjudication of his claim so he could then assert that the claim is undischareable.  Poskanzer, supra, 146 B.R. 129.

Berger v. Trans World Airlines, Inc., 96 F.3d 687 (3d Cir.1996) and other cases cited by Palmeroni are not to the contrary.  In each, the creditors simply had some generalized knowledge that a bankruptcy case was pending, which the courts held was insufficient to effect discharge of the creditors' claims.  In this case, Palmeroni was actually involved in the bankruptcy proceedings and does not assert, as in the other cases, that he had no knowledge of the plan's confirmation hearings.  Palmeroni merely complains that he did not receive "formal notice," not that he had no notice or opportunity to participate.[1]

For each of those reasons, despite any technical deficiencies in the notice provided to Palmeroni, this Court should find that his counterclaims have been discharged.

---

[1] To the extent the record is not clear or fully developed concerning the type or sufficiency of the notice of the plan and confirmation hearing that Palmeroni had, the appropriate action would be to permit discovery on that issue before ruling on the discharge defense.

## POINT II

**ALL THIRD PARTY COMPLAINTS BASED ON THE LAW AGAINST DISCRIMINATION ARE BARRED BY NVE'S DISCHARGE IN BANKRUPTCY.**

Palmeroni has asserted four Third Party Complaints.  The third is specifically predicated on statutory aiding and abetting under New Jersey's Law Against Discrimination (the "LAD"), and addressed at length in NVE's Brief in support of the cross-motion.  As shown there, since the discharge in bankruptcy bars recourse against the principal, it similarly bars derivative liability of aiders and abettors.

Palmeroni's second Third Party Complaint is also based on the LAD although not styled as a statutory aiding and abetting claim.  Under the LAD, however, there can be no individual liability other than statutory aiding and abetting.  Herman v. Coastal Corp., 348 N.J. Super. 1, 28 (App. Div. 2002); Kennedy v. Chubb Group of Insurance Companies, 60 F. Supp. 2d 384 (D.N.J. 1999).  Thus, all Third Party Complaints based on the LAD cannot stand in the face of the discharge against the principal obligor, NVE.

<u>POINT III</u>

**AIDERS AND ABETTERS ARE BARRED BY THE
PRINCIPAL'S DISCHARGE AND THE CASES CITED BY
PALMERONI TO THE CONTRARY ARE INAPPLICABLE
BECAUSE THE LIABILITY INVOLVED THERE IS NOT
DERIVATIVE.**

Palmeroni argues that the discharge of NVE should not
affect the Third Party Complaints for statutory aiding and
abetting violations of the LAD.

Palmeroni's discussion of guarantee of debt illustrates his
error.  He writes that "because a guarantor of a debt will not
be liable to a lender unless the borrower is itself liable for
the debt, guarantors have argued that the borrower's discharge
in bankruptcy relieved the guarantors of their own liability."
The fact of the matter is, however, that loan guarantees
routinely provide for absolute liability of the guarantors,
independently of the principal.  On this basis, the guarantor's
liability is independent of the borrowers rather than derivative
of it.  <u>See</u> <u>Middletown Enterprises, Inc. v. Churm</u>, 618 F. Supp.
477 (E.D. Mo. 1985).  Similarly, insurance policies, such as the
one in <u>First Fidelity Bank v. Macateer</u>, 985 F.2d 114 (3rd Cir.
1993), (cited by defendant) are based on independent liability
under contractual provisions, not present here.

In Re <u>Sunflower Racing, Inc. v. Mid-Continent Racing &
Gaming Co. I</u>, 226 B.R. 673 (D. Kan. 1998), cited by Palmeroni,

is also inapplicable.  The entities seeking to benefit from the debtor's discharge there were complete third parties to the bankruptcy, not officers of the company through which the company must act.  The <u>Sunflower</u> court found that simple privity of contract was not enough to protect third parties by the debtor's discharge.

Here, as set forth in our opposition brief, where aiding and abetting liability is dependent on a principal (<u>see</u>, <u>Failla v. City of Passaic</u>, 146 F.3d 149, 159 (3rd Cir. 1998)), the discharge of NVE should bar the derivative liability of aiders and abettors.

## POINT IV

**PALMERONI'S OBJECTIONS TO WITHDRAWAL OF THE REFERENCE, IF ANY, IN THIS CASE ARE UNAVAILING AND FUTILE.**

Palmeroni's objections to this Court's continuing to exercise jurisdiction over this case are wholly without merit.

First, 28 U.S.C. 1334 clearly provides the district court with original jurisdiction.  Bankruptcy Rule 6009 further makes clear that NVE, as the then debtor in possession had the right to "commence and prosecute" this action before "any tribunal," including this Court.

Second, the district court has not referred this case. The complaint was properly filed here and retained. Thus the case remains properly pending before this Court.

Under Section 157, a district court may retain a case for which the reference would be withdrawn in any event.  In Anderson v. Federal Deposit Insurance Corporation, 918 F.2d 1139 (4th Cir. 1990), the Fourth Circuit rejected the same challenge Palmeroni makes to the district court's retention of jurisdiction under the local referral rule pursuant to 28 U.S.C. §157(a). Noting that the objection was a merely a "technical point," the circuit court observed that the referral rule did not interfere with the district court's exercise of jurisdiction.  The court cited its power to withdraw reference

11

under 28 U.S.C. §157(d) and observed that by retaining
jurisdiction, it "effectively withdrew this matter from the
bankruptcy judge to whom it otherwise would have been
automatically referred for disposition by the blanket order.
The district court was then free to exercise §1334 jurisdiction
of this case." Id. at 1142, citing Carleton v. BAWW, Inc., 751
F.2d 781, 788 (5th Cir. 1985).

Third, it would be futile to refer this case to the
bankruptcy court because that court is without jurisdiction to
hear it.  The complaint is over fraudulent diversion of sales
commissions, a non-core matter unrelated to any specialties of
bankruptcy law. Plaintiff and one of the defendants have
demanded trial by jury.  As Judge Ackerman has noted, the
bankruptcy court could not hear this non-core, jury case.
Bernheim v. Chubb Insurance Company, 160 B.R. 42 (D.N.J. 1993).
It is solidly recognized that the bankruptcy court's inability
to conduct a jury case by itself is a sound basis for
withdrawal.[2]  In Re System Freight, Inc., 1991 WL 33150 at *4
(D.N.J. 1991) (entitlement to a jury trial, unavailable in
bankruptcy "is enough to establish 'cause' requiring withdrawal

---

[2] Palmeroni argues that the core -- non-core distinction is not enough to
support withdrawal of reference, citing Jurista v. Fairway Dodge, LLC, 2006
U.S. District Court Lexus 77091 (D.N.J. October 23, 2006).  The Jurista
analysis does not apply here.  In Jurista, there was a pending bankruptcy
proceeding.  In addition, the issue was enforcement of a bankruptcy court
order to purchase the debtor's principal asset.  In view of the nature of the
property and the source of the order being enforced, the court denied
withdrawal.

of reference."); see also, In Re Iridium Operating, LLC, 285
B.R. 822 (S.D.N.Y. 2002) citing In Re Orion Pictures Corp., 4
F.3d 1095 (2nd Cir. 1993); In Re Windstar Communications, Inc.,
321 B.R. 761 (D. Del. 2005); In Re J.T. Moran Financing Corp.,
124 B.R. 931 (S.D.N.Y. 1991); In Re Novack, 116 B.R. 626 (N.D.
Ill. 1990); In Re Tastee Donuts, Inc., 137 B.R. 204 (E.D. La.
1992); Pied Piper Casuals, Inc. v. Insurance Company of State of
Pennsylvania, 72 B.R. 156 (S.D.N.Y. 1987).

It would also be futile to refer this case because there is
no bankruptcy case pending to which the matter could be referred
(or from which it could be withdrawn).  NVE's reorganization was
confirmed in August 2007 and the funding called for in the plan
has largely been distributed.

Were these not sufficient, the other factors considered in
withdrawing the reference also militate in favor of retaining
this case in district court. They center on timeliness, judicial
economy and consistency of bankruptcy administration. See, In re
H&W motor Express Co., 343 B.R. 208 (N.D. Iowa 2006).

Issue was joined in this case in February 2007 with
Palmeroni's original Answer, etc.  In April 2007 Palmeroni filed
an Amended Answer asserting the claims he now claims this Court
should not hear.  Thereafter, there was no activity in the case
until summer 2007 when the court conducted an initial, case
management conference. Also during that summer, NVE's creditors

13

voted on its plan of reorganization, the confirmation hearing was held and the plan was confirmed. At no time during these proceedings did Palmeroni bring his claims of bankruptcy fraud to the attention of the bankruptcy court or seek to have this case referred. When Palmeroni finally raised the standing order in his motion to dismiss, NVE promptly responded with a cross-motion to withdraw the reference (if that is even in effect given the fact that the bankruptcy case is closed).

No specific time is set for a withdrawal application. The motion is considered timely where relief is sought as soon as practicable. In Re Giorgio, 50 B.R. 327, 329 (D.R.I. 1985). The purpose of the time requirement is to avoid useless costs, disarrangement of calendar, delay and stalling tactics. Id. Ultimately the test of timeliness is reasonableness, turning on when the moving party has grounds for withdrawal. H&W Motors Express, supra, 343 B.R. 213. In this case, given the district court's retention of the matter and the confirmation of the bankruptcy, it was, and remains, unclear that an application for withdrawal was ever required. Under the circumstances, NVE's motion, which promptly met Palmeroni's objection could hardly be said to be untimely. Id; See, Intercontinental Telephone Service v. Farrin, 59 B.R. 397, 402 (S.D.N.Y. 1986) (motion to withdraw was considered timely even after passage of a year because there was no prejudice).

In re NDEP Corp., 203 B.R. 905,913 (D.Del.1996) is
instructive on judicial economy.  There, the court noted that
continuing a case like this in bankruptcy, which must eventually
go to the district court for jury trial, would constitute "a
tremendous waste of judicial resources." That is doubly so here,
where the bankruptcy is closed.

Completion of that case, too, eliminates administration of
the bankruptcy case as an issue against withdrawal.

As in Anderson v. Federal Deposit Insurance Company, supra,
the "technical point" Palmeroni argues should not interfere with
the practical realities of this case.  See Foreman v. Davies,
371 U.S. 178 (rules are to be construed to secure decision on
the substantive merits and to avoid mere technicalities.)  This
non-core jury case should remain in district court.

## CONCLUSION

For the foregoing reasons, this case should remain in the district court through either a withdrawal of reference or its effective equivalent in the Court's continued exercise of jurisdiction.  Plaintiff's cross-motion to dismiss defendants' counterclaims and Third Party Complaints should be granted and as set forth in NVE's opposition, defendant Palmeroni's motion to dismiss should be denied.

Respectfully submitted,

**PASHMAN STEIN**
A Professional Corp.
Attorneys for Plaintiff,
  **N.V.E., Inc.**, and
  Third-Party Defendants,
  **Robert Occhifinto and
  Walter Orcutt**

Dated:  November 19, 2007     By:    s/Ellen W. Smith
                                    **ELLEN W. SMITH, ESQ.**
                                    **DAVID G. WHITE, ESQ.**
                                    **SAMUEL J. SAMARO, ESQ.**

16