**Robert J. Basil, Esq. (RB3410)**
**COLLIER & BASIL, P.C.**
**1270 Broadway, Suite 305**
**New York, NY 10001**
**(917) 512-3066**
Attorneys for Defendants Ronald Sumicek and Sunbelt Marketing.

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| N.V.E., INC., | CIVIL ACTION NO.: 2:06-CV-05455(HAA)(ES) |
| Plaintiff, | **BRIEF IN SUPPORT OF MOTION:** |
| v. | I.  FOR MODIFICATION OF PRIOR SCHEDULING ORDER UNDER **Fed. R. Civ . P. 16(b)(4);** |
| JESUS J. PALMERONI, a/k/a Joseph Palmeroni, RONALD SUMICEK, SUNBELT MARKETING, ABC CORPORATIONS 1-10, and and JOHN DOES 1-10, | II.  FOR LEAVE TO AMEND COUNTERCLAIM OF DEFENDANTS **RONALD SUMICEK AND SUNBELT MARKETING TO STATE ADDITIONAL CLAIMS AND TO JOIN ADDITIONAL PARTIES UNDER Fed. R. Civ. P. 15(a)(2), 19(a), and 20(a)(2),** and pursuant to Local Rule 7.1(f); *AND* |
| Defendant. | III.  FOR FURTHER INSTRUCTION, *OR* LEAVE TO FILE A REPLY OUT-OF-TIME TO OPPOSE DEFECTIVE, PURPORTEDLY DISPOSITITVE "CROSS-MOTION" |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..........................................iii

PRELIMINARY STATEMENT...........................................1

FACTS/PROCEDURAL HISTORY........................................2

ARGUMENT .......................................................8

    I.   WITH NO PREJUDICE TO ANY NON-MOVING PARTY,
        LEAVE TO AMEND SHOULD BE GRANTED ....................8

    II.  GOOD CAUSE TO MODIFY THE COURT'S
        PRIOR SCHEDULING ORDER IS ESTABLISHED ..............11

    III. NVE'S PRIOR DISPOSITIVE "CROSS-MOTION"
        VIOLATES A COURT ORDER AND COURT RULES .............13

CONCLUSION.....................................................14

**TABLE OF AUTHORITIES**

<u>Cases</u>

*Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).......p. 8

*Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).....p. 8

*Dawson Chemical Co. v.. Rohm & Haas Co.*,
448 U.S. 176, 186, f.n. 7 (1980)..............................p. 10

*E. Minerals & Chems. Co. v. Mahan*,
225 F.3d 330, 340 & n. 18 (3d Cir. 2000)......................p. 11

*Foman v. Davis*, 371 U.S. 179, 182 (1962).....................p. 8

*France Telecom S.A. v. Novell, Inc.*,
2002 WL 31355255, at*1 (D. Del. Oct. 17, 2002)...............p. 9

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410, 1434 (3d Cir. 1997)............................p. 8

*Massarsky v. General Motors Corp.*,
706 F.2d 111 (3d Cir. 1983)...................................p. 8

*Morton Salt Co. v. G. S. Suppiger Co.*,
314 U.S. 488, 492-494 (1942)..................................p. 10

*Prusky v. Reliastar Life Ins. Co.*,
445 F.3d 695, 701-02, f.n. 14 (3rd Cir. 2006)...............p. 10

*Samick Music Corp. v. Delaware Music Indus., Inc.*,
C.A. 91-23-CMW 1992 U.S. Dist. LEXIS 2464,
at *18-20 (D. Del. Feb. 12, 1992)...........................p. 12

*Slip Track Sys., Inc. v. Metal-Lire, Inc.*,
304 F.3d 1256, 1270 (Fed. Cir. 2002).........................p. 12

*U.S. v. Teeven*,
1992 WL 683682, at *7 (D. Del. Oct. 27, 1992)................p. 9

**TABLE OF AUTHORITIES (cont'd)**

Statutes and Court Rules

Fed.R.Civ.P. 15(a)..........................................p. 8

Fed.R.Civ.P. 6(b)..........................................p. 11

Fed. R. Civ. P. 19(a)(1)............................p. 2 [f.n. 1]

L. Civ. R. 7.1(d)(1)................................ p. 14 [f.n. 5]

**PRELIMINARY STATEMENT**

Defendants Ronald Sumicek and Sunbelt Marketing, by and through their counsel, Robert J. Basil, Esq., of Collier & Basil, P.C., hereby submit this Memorandum of Law in support of their application to the Court on Motion for the following:

1. Leave to Amend its Counterclaims to state additional claims and to join additional parties, which includes by necessity a request to modify the Court's prior scheduling order of December 8, 2007 with regard to the deadlines for amending pleadings and joining parties;

AND,

2. a. For clarification that the purported dispositive "Cross-Motion" of NVE (*et al.*), purporting to seek to "Dismiss Defendants' Counterclaims", is void because it is procedurally defective and in violation of the Court's Order of August 9, 2007;

   OR, *alternatively*,

   b. For leave to file a response out-of-time to that portion of NVE's "Cross-Motion" addressing the counterclaims of Ronald Sumicek and Sunbelt Marketing.

1

**FACTS / PROCEDURAL HISTORY**

**The Complaint**

Plaintiff, N.V.E., Inc. ("NVE"), filed a complaint against defendants, Jesus J. Palmeroni ("Palmeroni"), Ronald Sumicek ("Sumicek"), Sunbelt Marketing ("Sunbelt"), and various unnamed corporations and defendants on November 15, 2006.[1]  NVE's complaint, in essence, alleges that defendants Palmeroni, Sumicek and Sunbelt conspired to, and carried out a plan to deceive NVE into paying additional, unwarranted sales commissions to Sumicek and Sunbelt.  The complaint includes:

- 1-2.   A pair of Federal RICO claims (both alleging substantive violations and conspiracy),
- 3-5.   A set of New Jersey Civil RICO claim (two alleging substantive violations and one alleging conspiracy),
- 6.     Common Law Fraud,
- 7.     Civil Conspiracy,
- 8.     Common Law Conversion of Property
- 9.     Interference with Property Rights,
- 10.    Breach of Duty of Loyalty, and
- 11.    Breach of Contract;

and also requested …

- 12.    An Equitable Accounting of the Defendants' Moneys, and
- 13.    An Equitable, Constructive Trust to be Imposed upon any Allegedly Ill-Gotten Gains of the Defendants.

---

[1] It is worthy of note that NVE expressly admits in its complaint that some required parties may only become known throughout the course of discovery. [*See*, Fed. R. Civ. P. 19(a)(1).]

2

**Palmeroni's Answer**
**(w/ Defenses, Counterclaims, & 3rd-Party Claim)**

Palmeroni answered, stating affirmative defenses, including among others, *the doctrine of "unclean hands"*, and counterclaimed against NVE and NVE's principal owner, Robert Occhifinto ("Occhifinto"), and NVE's Senior Vice President, Walter Orcutt ("Orcutt"), for among other claims, *fraud* and wrongful termination.

**NVE's/Occhifinto's/Orcutt's Answer**
**(to Palmeroni's Counterclaims and Third-Party Claim)**

NVE, Occhifinto, and Orcutt thereafter responded, apparently "in unison," via the filing of a single Answer to Counterclaims and Third-Party Claims, which included among others, the affirmative defenses of *the doctrine of "unclean hands"*, and contributory wrongful acts, stating that "Palmeroni's damages, if any, were the result if his own wrongful acts."  (See "Sixth Affirmative Defense" set forth by NVE, Occhifinto, and Orcutt.)

**Sumicek's / Sunbelt's Answer w/ Defenses and Counterclaims**

Thereafter, Sumicek and Sunbelt filed its Answer w/ Defenses and Counterclaim, which also included among other affirmative defenses, the defense of *"unclean hands"*, and asserted counterclaims for:

3

1. Breach of Contract/Promissory Estoppel/Unjust Enrichment for unpaid sales commissions, and

2. Interference with Business Relationship.

**NVE's Answer to Sumicek's / Sunbelt's Original Counterclaims**

On or about July 23, 2007, NVE filed its Answer, denying Sumicek's and Sunbelt's Original Counterclaims, and asserting the *doctrine of unclean hands* among other affirmative defenses.

**August 2007 Pre-Trial Scheduling Order**

On or about August 9, 2007, the Court issued a Pre-Trial Scheduling Order. The Order included, among others, the following provisions:

[1st][2] Deadline for Serving Interrogatories:   2007 September 10

[1st]    Deadline for Interrogatory Responses:  2007 October 10

[1st]    Deadline for Amending Pleadings and/or

   Adding Parties:                                2007 November 30

[1st]    Deadline for Fact Discovery:            2007 February 8

Paragraph 9:    "**Motion Practice. No motions are to be filed without prior written permission from this Court. All dispositive motions must first be the subject of a dispositive motion prehearing.  These pre-requisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if**

---

[2] Because Collier & Basil, P.C., was not involved in this matter at the time, the ordinal numerical references to various deadlines herein merely represent counsel's best efforts to deduce the same from the docket as it has been electronically filed and now appears on the PACER ECF system.

4

> **permitted, shall comply with L. Civ. R. 7.1(b),
> Appendix N, and L. Civ. R. 78.1."**

**Palmeroni's Letters and Dispositive Motion**

By letter, counsel for Defendant Palmeroni alerted the Court to its intention to file a dispositive motion and requested a stay of discovery until resolution of the same. This request was opposed by counsel for NVE by letter dated 2007 August 6, and said stay was apparently not granted by the Court.

By letter dated 2007 August 17, Defendant Palmeroni confirmed, *in writing*, the Court's permission to file motions seeking (1) to dismiss NVE's claims against him, and (2) to recover sanctions against NVE's counsel.  On 6 September 2007 and 28 September 2007, Palmeroni filed the motions for dismissal of NVE's claims against him and for sanctions, respectively.

**Intervening Letters to the Court from Counsel for NVE (*et al.*)**

On September 28, October 2, and October 9 [2007], various Counsel for NVE sent letters to the Court, *none of which* requested, confirmed, or otherwise resulted in the electronic docket containing any *written permission* from the Court for NVE to file a motion against Sumicek, Sunbelt, or Palmeroni.

**NVE's "Cross-Motion" to "Dismiss Defendants' Counterclaims"**

NVE's counsel electronically filed papers on 2007 October 22 in response to Palmeroni's Motion and additionally, on that same date, electronically filed a "Cross-Motion" purporting to seek to Dismiss Defendants' Counterclaims.  [The electronic docket is devoid of any *written permission* from the Court to file this "Cross-Motion".]

**December 2007 Pre-Trial Scheduling Order**

On or about December 18, 2007, the Court a subsequent Pre-Trial Scheduling Order was filed.  The Order included, among others, the following provisions:

[2nd]   Deadline for Interrogatory Responses:   2008 February 1

[2nd]   Deadline for Amending Pleadings
        and/or Adding Parties:                2008 February 1

[2nd]   Deadline for Fact Discovery:          2008 April 8

**Substitution of Attorney**

Attorney Robert J. Basil, Esq., of Collier & Basil, P.C. ("Collier & Basil"), was substituted as counsel for Defendants on March 25, 2008.  Since that time, counsel's discussions with Defendants Ronald Sumicek and Sunbelt Marketing have indicated facts and circumstances that are not fully reflected in the

6

presently filed pleadings of Defendants Ronald Sumicek and Sunbelt Marketing.

**Telephone Status Conference of 2008 April 16**

[3rd]   Deadline for Interrogatory Responses:   2008 August 31 [3]

[3rd]   Deadline for Document Production:   2008 May 30

[2nd]   Deadline for Fact Discovery:   2008 August 31

---

[3] Counsel's recollection is that various earlier dates were discussed, but that, in the absence of an apparent consensus, this date apparently defaulted to August 31 (the fact discovery deadline).

7

**ARGUMENT**

### I. WITH NO PREJUDICE TO ANY NON-MOVING PARTY, LEAVE TO AMEND SHOULD BE GRANTED.

Under Fed.R.Civ.P. 15(a), leave to amend pleadings is "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 179, 182 (1962). *See also*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Under a Rule 15(a) analysis, when there is no prejudice to another party, the court should only deny the proposed amendment if it finds undue delay, bad faith on the part of the party seeking the amendment, or undue prejudice to the opposing party or futility of the amendment. *Id.*; *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006); *see also Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir. 1983).

In the present case, Sumicek and Sunbelt seek to amend their pleadings to assert additional causes of action against NVE and to join Robert Occhifinto as a third-party defendant. Mr. Occhifinto is the sole shareholder of NVE and by all indications on the docket, has been fully aware of and involved in these proceedings from the beginning. He is already subject to a third party claim from Defendant Palmeroni. Moreover, he would be subject to a claim filed directly against him whether or not that

8

claim is joined in this matter. There is no prejudice against Mr. Occhifinto.

Similarly, NVE has, throughout this matter, been aware of and involved in defending the factual basis of the new causes of action that Sumicek and Sunbelt now seek leave to assert. The additional causes of action serve to amplify the previous claims and defenses that were previously asserted on the same factual basis. Moreover, the amendments would further ensure that the claims asserted by Sumicek and Sunbelt have minimal vulnerability to dismissal in NVE's bankruptcy proceedings.[4] As other District Courts have noted, leave to amend is particularly warranted when it will provide further notice to the parties of the validity and sustainability of various claims as they proceed with discovery. *See, e.g., France Telecom S.A. v. Novell, Inc.*, 2002 WL 31355255, at *1 (D. Del. Oct. 17, 2002). "The clearest cases for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims or defenses." U.S. v. Teeven, 1992 WL 683682, at *7 (D. Del. Oct. 27, 1992).

The scope of discovery will not be substantially more burdensome for NVE or Mr. Occhifinto than it would be under Sumicek's and Sunbelt's original Answer with Counterclaims, which included the affirmative defense of "unclean hands". Any "bad

---

[4] Sumicek's and Sunbelt's Counterclaims are post-petition claims and were incurred by NVE without giving notice of either the bankruptcy matter itself

9

acts" that may be at issue under allegations of fraud would also be at issue under the original Answer with Counterclaims because it states the defense of "unclean hands" in relation to the same underlying facts.  The United States Supreme Court and the Third Circuit Court of Appeals have considered the doctrine of "unclean hands" in the context of *statutory* as well as equitable rights, and in relation to *the interests of the public at large* as well as to the interests of the asserting party and the general parties at suit.  *See, e.g.*, *Dawson Chemical Co. v.. Rohm & Haas Co.*, 448 U.S. 176, 186, f.n. 7 (1980) (citing *Morton Salt Co.* v. *G. S. Suppiger Co.*, 314 U.S. 488, 492-494 (1942) (refusing to enforce a patent statute where the asserting party's course of conduct has been, and where enforcement of the statute would further be, against the public interest)); *Prusky v. Reliastar Life Ins. Co.*, 445 F.3d 695, 701-02, f.n. 14 (3rd Cir. 2006). Thus, the scope of discovery would remain largely similar under the Amended Answer with Counterclaims as it would have been under Sumicek's and Sunbelt's original Answer and Counterclaims.

 Therefore, with no surprise, minimal additional burden, and Third-Party Defendants who are subject to suit whether they are joined with the present matter or not, Amendment of Sumicek and Sunbelt's Answer is not prejudicial to any non-moving party.

---

or of any plan in bankruptcy that would seek to dismiss any portion of these claims via that proceeding.

## II.   GOOD CAUSE TO MODIFY THE SCHEDULING ORDER IS ESTABLISHED.

Balanced with Rule 15(a) is Rule 16(b), which governs modifications to the Court's Scheduling Order. Under Rule 16(b), modifications are allowable for good cause and by the consent of the judge. *See, e.g., E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 & n. 18 (3d Cir. 2000).

In the present matter, good cause to modify the Court's prior Scheduling Order was, in fact, argued by NVE's counsel in the recent telephone scheduling conference.  In that conference call, held on April 16, 2008, Counsel for NVE and Mr. Occhifinto initiated a request to modify the prior Scheduling Order, and specifically requested an extension of discovery.  In effect, NVE and Occhifinto are now estopped from denying that good cause exists to modify this Scheduling Order.  They have acknowledged good cause for their own purposes, and should not be allowed to deny the same in order to block the rights of Sumicek and Sunbelt.

It is worthy of note that the Court's prior Scheduling Orders have consistently set the deadline for adding parties and amending pleadings as a date a little more than two months prior to the deadline for fact discovery.  In the telephone conference referenced above, the new deadline for fact discovery was set as August 31, 2008.

11

Beyond the recent acknowledgement of the same by NVE's counsel, good cause to modify the Court's prior Scheduling Order is apparent on the history of the electronic docket. The docket evidences the course of the prior Scheduling Orders, and a "pause" in the litigation after competing, dispositive motions including an apparently defective, dispositive "cross-motion" filed by Plaintiff, NVE. Said dispositive motions seem to remain unresolved after approximately six months. Although the electronic docket does not record any stay of discovery being granted in response to the request for the same made by Palmeroni when said motion practice was being initiated, the practical effect of the extensive motion practice seems obvious in that there has apparently been little or no progress in discovery since these motions were filed.

The good cause element is met if it was reasonable in the context of the litigation as a whole, for a reasonably diligent party in the "shoes" of the movant, to have not initiated the motion earlier. *See Samick Music Corp. v. Delaware Music Indus., Inc.*, C.A. 91-23-CMW 1992 U.S. Dist. LEXIS 2464, at *18-20 (D. Del. Feb. 12, 1992); *Slip Track Sys., Inc. v. Metal-Lire, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002). Moreover, it is axiomatic that a foundational purpose of the Federal Rules of Civil Procedure is the efficient and cost-effective resolution of cases. In the present matter, each party appears to have

voluntarily "paused" in the prosecution of its case to wait for some ruling or Order relating to either or both the dispositive Motion by Palmeroni, and the subsequent "Cross-Motion" of NVE. It is further evident on the docket that Defendant's Sumicek and Sunbelt were in the midst of seeking, hiring, and transferring their representation to new counsel.

All of these matters are more than sufficient "good cause" for modification of the Court's prior Scheduling Order in its entirety.

### III. NVE'S DISPOSITIVE "CROSS-MOTION" VIOLATES COURT RULES.

NVE's dispositive "cross-motion" was apparently filed in violation of the Court's prior Scheduling Order, and in violation of applicable Court Rules. The electronic docket is devoid of any *written permission* from the Court to file this "Cross-Motion", as would appear to have been required by the Court's 2007 August 9 Order, at Paragraph 9. [*See infra*, p. 4 (quoting said Paragraph 9).] To the extent a Cross-Motion may have been permitted, the portion(s) of the same purporting to seek dismissal of Sumicek's and Sunbelt's counterclaims would have been in further violation of Paragraph 9 of the Court's 2007 August 9 Order in that the same were not in compliance with paragraph B(5) of [former] Appendix N. This portion of the "Cross-Motion" did not "arise directly from the substance of the

13

original motion." Moreover, it is apparent on the electronic docket that the procedures outlined in the same paragraph B(5) were not followed in as much as no copy was ever served on Defendants Sumicek and Sunbelt "under a cover letter specifically identifying each document enclosed." The "Cross-Motion" on its face also violates L. Civ. R. 7.1(d)(1) by purporting to notice a return date less than twenty-four (24) days from the date of filing.[5] Finally, "Part V," of NVE's Brief filed with this "Cross-Motion" apparently relies on facts that are not established via the certifications submitted therewith.

## CONCLUSION

For all of the foregoing reasons, the Defendants Ronald Sumicek and Sunbelt Marketing respectfully requests: (1) leave to amend their Answer and Counterclaims, AND (2) confirmation from the Court that NVE's prior dispositive "cross-motion" is void as it pertains to Defendants Sumicek and Sunbelt, or in the alternative, leave of Court to file a response to said dispositive motion within fourteen (14) days of the resolution hereof.

---

[5] L. Civ. R. 7.1(d)(1) states that "No motion shall be heard" unless the noticed return date is at least twenty-four (24) days from the date on which the certification of service is filed with the Court.

14

```
                    Respectfully submitted,

                    COLLIER & BASIL, P.C.


               BY:   /S ROBERT J. BASIL_____
                    ROBERT J. BASIL, ESQ. (RB3410)
```