### BRONSTEIN, GEWIRTZ & GROSSMAN, LLC

PLEASE RESPOND TO:
144 N. BEVERWYCK ROAD, # 187
LAKE HIAWATHA, NEW JERSEY 07034
TELEPHONE:  (973) 335-6409
TELECOPIER: (973) 335-3717
E-mail:  neil@bgandg.com

PERETZ BRONSTEIN (NY)
EDWARD N. GEWIRTZ* (NJ AND NY)
NEIL GROSSMAN (NJ AND NY)

* REGISTERED PATENT ATTORNEY

NEW JERSEY OFFICE
40 CALUMET AVENUE
LAKE HIAWATHA, NJ 07034

NEW YORK OFFICE
60 EAST 42ND STREET
SUITE 4600
NEW YORK, NY 10165
(212) 697-6484

July 23, 2008

**VIA ELECTRONIC FILING**

Hon. Esther Salas, U.S.M.J.
United States District Court for
  the District of New Jersey
50 Walnut Street, Room 2060
Newark, New Jersey 07101

    Re:   *N.V.E., Inc. v. Jesus Palmeroni, et als.*
          Docket No.:  2:06-CV-05455 (HAA) (ES)

Dear Judge Salas:

    This office, together with the firm of Green, Savits & Lenzo, LLC, represents defendant/third party plaintiff Jesus Joseph Palmeroni in this action.  Kindly accept this letter as defendant Palmeroni's request pursuant to Paragraph 8 of Your Honor's Pretrial Scheduling Order of August 9, 2007 for leave to file a discovery motion.

    By way of background, plaintiff N.V.E., Inc. ("NVE"), a manufacturer and distributor of nutritional supplements, hired

1

defendant Palmeroni as its sales manager, responsible for arranging the placement of NVE's products for sale. Such placement often involved NVE's payment of commissions to brokers, who placed NVE products with distributors or stores. On arriving at NVE, Mr. Palmeroni found that NVE typically paid brokerage commissions of 10% or more. These commissions were, in his view, excessive. Mr. Palmeroni believed he could in many cases successfully place NVE products while paying brokers a far lower commission of 5% or less.

NVE's principal and CEO, Mr. Robert Occhifinto, told Mr. Palmeroni that if he were indeed capable of obtaining brokers who would accept commissions lower than 5%, he could keep a portion of the resulting savings for himself, by entering into his own arrangements with the relevant brokers. This program would in the first place provide Mr. Palmeroni with an incentive to achieve low commissions, and would also reduce NVE's cost of compensating Mr. Palmeroni for his work. Indeed, Mr. Occhifinto from time to time rebuffed Mr. Palmeroni's requests for pay increases by noting that he was receiving a portion of the commissions paid to NVE's brokers.

The present action concerns commissions paid by NVE to one such broker, Sunbelt Marketing ("Sunbelt"), and Sunbelt's payments to Mr. Palmeroni. Plaintiff has alleged in substance that it was tricked by the defendants into making commission

payments to Sunbelt to which Sunbelt was not actually entitled. Defendants' position is rather than Sunbelt *was* entitled to all commissions it received from the plaintiff; moreover, Mr. Palmeroni was entitled to receive a portion of these commissions pursuant to his above-described arrangement with the plaintiff.

   Mr. Palmeroni demanded in discovery that NVE produce among other things histories of (a) its annual sales revenues, (b) the commissions it has paid to brokers (such as Sunbelt), and (c) the commissions it has paid to its sales personnel (such as Mr. Palmeroni), from NVE's inception to date.  We fully expect that this information will demonstrate that Mr. Palmeroni was able to increase NVE's product sales and to do so while dramatically reducing its brokerage costs, and that the commissions paid by NVE to Mr. Palmeroni apart from the monies he received from brokers were lower than what would have been expected.  Those facts will prove supportive of defendants' position that plaintiff had an incentive to enter into the above-described arrangement pursuant to which Mr. Palmeroni received a portion of the commissions plaintiff paid to brokers.

   NVE has however refused to produce this information, objecting to the relevant demands on grounds of irrelevance, vagueness, ambiguity, overbreadth, burdensomeness and confidentiality.  We have offered to enter into a confidentiality stipulation with respect to the information sought, but NVE has

nevertheless declined to produce the materials demanded.

I note that there is no general disagreement that NVE paid commissions to Sunbelt or that Sunbelt paid a portion of these commissions to Mr. Palmeroni (obviously, in so saying, Mr. Palmeroni reserves his right to challenge any particular allegation about any particular payment made).  The issue is rather whether or not these payments were made openly and with authorization, as defendants contend; or whether they were effected through fraud and deception, as the plaintiff contends.  The information Mr. Palmeroni wishes to secure ought to help demonstrate that NVE had every reason to authorize the payments it now contends were made without authorization.

We therefore respectfully seek the Court's leave to file a motion for an order compelling production.  Thank you very much for your consideration of the foregoing.

                                     Very truly yours,

                                      /s Neil Grossman
                                      Neil Grossman

cc:  Mr. Jesus J. Palmeroni
     All counsel of record (via electronic filing)