# PASHMAN STEIN
A PROFESSIONAL CORPORATION
## COUNSELLORS AT LAW
COURT PLAZA SOUTH
21 MAIN STREET
HACKENSACK, NEW JERSEY 07601-7054
(201) 488-8200
FAX (201) 488-5556
www.pashmanstein.com

September 15, 2008

**VIA ELECTRONIC FILING**
Honorable Esther Salas, U.S.M.J.
United States District Court
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street – Room 2060
Newark, New Jersey 07101

    *Re:* ***N.V.E., Inc. v. Jesus Palmeroni, et al.***
         *Docket No. 2:06-CV-05455 (HAA) (ES)*
         *Our File No. 6026-044*

Dear Judge Salas:

    We represent plaintiff, N.V.E., Inc., and third party defendants in this matter. This is in response to the September 9, 2008 letter of Neil Grossman following up his request for leave to file a motion to compel answers to certain interrogatories.

    The referenced discovery relates to NVE's claims to recover brokerage commissions on two accounts. NVE alleges that defendants Palmeroni and Sumicek generated and split false "commissions" on what were actually direct sales by N.V.E., for which no commissions were due. Palmeroni admits splitting

## PASHMAN STEIN, P.C.

Honorable Esther Salas, U.S.M.J.
United States District Court
September 15, 2008
Page 2

commissions with Sumicek on the two customers but contends that NVE authorized the arrangement. Thus, the only issues are (1) Whether NVE approved payment of commissions for the two accounts; and (2) If not, the amounts of such wrongful charges.

We have produced available records and are in the process of producing additional, recently located files of the sales to the customers involved, including the checks and other backup, on which the commissions were predicated. These materials are fully responsive to the amount at issue. As for the authority to divert phony commissions, NVE's officers and the principals of the companies whose orders were diverted, will address those aspects.

The items Palmeroni would seek to compel - gross annual sales, commissions to other brokers and to company personnel -- are irrelevant and burdensome. None of that information goes to whether NVE authorized Defendants to charge commissions on the two accounts at issue or their amounts. According, there is no reason for the motion Palmeroni seeks to make except to engage in overly broad, intrusive and oppressive document production.

Turning to the request to conduct a settlement conference before the close of discovery, we object. We think that to

## Pashman Stein, p.c.

Honorable Esther Salas, U.S.M.J.
United States District Court
September 15, 2008
Page 3

optimize the conference, the facts must be fleshed out in greater detail than the current state of the record.  This was the original intention of the pretrial scheduling.  The discovery end date was pushed back without extending the conference date.  We have asked that the dates be conformed.

Respectfully yours,

DAVID G. WHITE

s/ Ellen W. Smith, Esq.

ELLEN W. SMITH

DGW/lgc
cc: Neil Grossman, Esq.
    C. Ronald Stafford, Jr., Esq.
    Robert Occhifinto
    Walter Orcutt
    Samuel J. Samaro, Esq.