

# PASHMAN STEIN
### A PROFESSIONAL CORPORATION
### COUNSELORS AT LAW

DAVID G. WHITE
COUNSEL

DIRECT DIAL: 201-270-4920
E-MAIL: dwhite@pashmanstein.com

March 22, 2010

Honorable Esther Salas, U.S.M.J.
United States District Court
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street - Room 2060
Newark, New Jersey 07101

    Re:  *N.V.E., Inc. v. Jesus Palmeroni, et al.*
         Docket No.  2:06-CV-05455(GEB)(ES)
         Our File No. 6026-044

Dear Judge Salas:

    I write in anticipation of our telephone conference on April 12. Diligent efforts by all counsel to schedule depositions before the end date for fact discovery, April 22, have collided with the unavailability of NVE's principal. Specifically, Defendants proposed depositions for their clients and other witnesses for various dates in April. Robert Occhifinto, the owner of the company and a third party defendant, who will attend those depositions and whose testimony is sought, will be traveling on business from Friday, April 2, to April 23. As a result, all the dates that counsel had proposed became unavailable. Under these circumstances I request a one month extension of the fact discovery end date, to May 22.

    I believe this extension may be accomplished without significant interference with the other dates set in the most recent Case Management Order. They are presently that plaintiff's expert reports would be due May 22; defendants' responsive expert reports would be due June 22; and expert

PASHMAN STEIN, P.C.

Honorable Esther Salas, U.S.M.J.
United States District Court
March 22, 2010
Page 2

depositions shall occur and discovery would close by July 22. I propose that each of those dates would be carried one month to conform to the extension of fact discovery.

As of this letter, I have spoken to two of the three opposing counsel who have no objection in principle to this extension. I'm writing before I have reached the third to make this request early. I note that Defendant Palmeroni will also request an extension to take a witness' deposition out of state during May because of that witness' schedule.

We have been mindful of the Court's instructions to proceed diligently in this case and have only initiated this request as a result of the unavailability described above. At the risk of being redundant, I will point out that the age of this case is largely attributable to the two years or so of motion practice that preceded Judge Brown's entry into the case. To recap, it had originally been assigned to Judge Ackerman, who did not reach the cluster of motions and cross motions that had been filed. Judge Brown eventually retrieved it and then referred certain motion practice to bankruptcy court for disposition. After Judge Winfield resolved a series of motions, the case reverted to District Court, after which Judge Brown granted our motion withdrawing the reference to bankruptcy, and the case began in earnest. I regret having to make this request but see it as required by circumstances.

Respectfully yours,

David White

DAVID G. WHITE

DGW/lgc
cc: Neil Grossman, Esq
    C. Ronald Stafford, Jr., Esq.
    David Rostan, Esq.
    Samuel J. Samaro, Esq.