## BRONSTEIN, GEWIRTZ & GROSSMAN, LLC

PLEASE RESPOND TO:
144 N. BEVERWYCK ROAD, # 187
LAKE HIAWATHA, NEW JERSEY 07034
TELEPHONE: (973) 335-6409
TELECOPIER: (973) 335-3717
E-mail: neil@bgandg.com

PERETZ BRONSTEIN (NY)
EDWARD N. GEWIRTZ* (NJ AND NY)
NEIL GROSSMAN (NJ AND NY)

\* REGISTERED PATENT ATTORNEY

NEW JERSEY OFFICE
40 CALUMET AVENUE
LAKE HIAWATHA, NJ 07034

NEW YORK OFFICE
60 EAST 42ND STREET
SUITE 4600
NEW YORK, NY 10165
(212) 697-6484

April 21, 2010

**VIA ELECTRONIC FILING and U.S. MAIL**

Hon. Esther Salas, U.S.M.J.
United States District Court for
 the District of New Jersey
50 Walnut Street, Room 2060
Newark, New Jersey 07101

    Re:  *N.V.E., Inc. v. Jesus Palmeroni, et als.*
          Docket No.:  2:06-CV-05455 (GEB) (ES)

Dear Judge Salas:

    Kindly accept this letter in regard to that sent you yesterday by plaintiff's counsel Ellen Smith, Esq. seeking leave to serve new document requests.  This letter will also address a non-party subpoena plaintiff has just issued to Lakeland Bank seeking similar records, a copy of which is annexed hereto.

    Ms. Smith's letter reads as though plaintiff has just discovered that it must take additional discovery because a document production of last week has suddenly revealed important new facts, previously concealed; specifically, that defendant Sunbelt Marketing ("Marketing") made payments aggregating approximately $467,000 to Mr. Palmeroni's company, National Retail Consulting Group, Inc.

    In fact, plaintiff's November 2006 Complaint in this action alleges at Paragraph 15 that Mr. Palmeroni received 50% of $914,500 in commissions paid by NVE to Sunbelt.  Moreover, no later than October 2007, Mr. Palmeroni acknowledged in discovery responses served in this action that a portion of the commissions

Hon. Esther Salas, U.S.M.J.                               April 21, 2010
Page 2

paid by NVE to Sunbelt were transferred by Sunbelt to Mr. Palmeroni's company.  Plaintiff's position that it ought to be permitted to serve a brand new set of document demands "based upon the fact that by letter dated April 10, 2010, we were served with" various documents showing the subject payments, *see* Ms. Smith's letter, is thus nonsense.  Plaintiff has known the relevant facts for years, and some detail apart, would have known these facts even in the absence of the recent production.

More importantly, plaintiff's subpoena and proposed document demand seek tax returns, personal financial information and confidential information that is completely irrelevant to the action.  Mr. Palmeroni accordingly objects to the proposed document demand and, for the reasons stated below, asks for leave to move for an appropriate protective order and/or for an order quashing or modifying the subpoena served.

Most obviously, plaintiff's new demands seek information for periods that cannot possibly be of relevance to its claims.  Plaintiff's claim in this action is that Mr. Palmeroni abused his position as NVE's National Sales Manager to arrange improper kickbacks for himself from Sunbelt, an NVE broker.  Once Mr. Palmeroni ceased to be an NVE employee, he could no longer have thus abused his position, because he no longer held it.  Plaintiff can therefore have no legitimate interest in financial records from periods following Mr. Palmeroni's termination, which occurred during the first week of 2006.  For the same reason, financial records not relating to NVE's brokers can be of no relevance to the plaintiff's claim.

Plaintiff not only seeks irrelevant documents but also confidential ones.  Under applicable law, a party seeking discovery of confidential information must show "that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information."  8A Wright-Miller-Marcus *Fed. Rules of Civ. Proc.* § 2043 (West 2010).  Accordingly, while such information is not absolutely privileged, neither is it freely available.

Plaintiff seeks the tax returns of both Mr. Palmeroni and his company, National Retail Consulting Group, Inc. (herein, "Consulting").  Under the law of the Third Circuit and elsewhere, tax returns are as a matter of law deemed to be confidential, and there exists a public policy favoring their non-disclosure.  *See*, *e.g.*, DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1982).  It is to say the least doubtful that NVE's stated reason for

Hon. Esther Salas, U.S.M.J.                                April 21, 2010
Page 3

demanding these returns -- that income reported thereon is taxable --  may be shown to outweigh this public policy and Mr. Palmeroni's privacy rights.  Nor is it understandable how these tax returns might make any claim or defense before this Court more or less likely.  If they cannot do so, they are not even relevant, and are without discovery's scope.  Fed. R. Civ. Proc. 26.

    NVE also seeks extensive additional information regarding Mr. Palmeroni and Consulting, which are NVE's trade competitors, as NVE argued in its papers opposing Mr. Palmeroni's discovery's demands.  But while Mr. Palmeroni seeks documentation of information already known to him regarding transactions completed four years ago or more, NVE seeks confidential information it does not already have regarding _current ongoing_ trade relationships, some of which rely in part on the parties' discretion.  These relationships might well be destroyed by disclosure.

    Of particular concern here is the possibility that if NVE learns the identity of the parties with whom Mr. Palmeroni does business, it will use its considerable market power and/or other means of coercion to pressure them into breaking off relations with him; or worse, to make untrue statements derogatory of Mr. Palmeroni plaintiff will then try to use against him in this action.  For such conduct is not foreign to this plaintiff.  Plaintiff has contended throughout this action that it obtained a so-called "admission" from Mr. Sumicek of the scheme alleged in the Complaint.  The transcript of this rather unclear "admission" shows that it was obtained by browbeating Mr. Sumicek, vigorously and extensively, threatening him with litigation, feeding lines to him, rebuffing his desperate pleas to do business and secretly recording all of these proceedings without his knowledge.  Undoubtedly, under these circumstances, Mr. Sumicek would have admitted to the murder of Nicole Simpson or the kidnaping of the Lindbergh baby if he had thought that such admissions were what the plaintiff wished to hear.

    Some of plaintiff's proposed requests indeed seem more directed towards gaining information about who Mr. Palmeroni might be doing business with _now_ than about the issues relevant to plaintiff's claim.  For instance, plaintiff seeks information about Consulting's "applications to do business in various states"; it is hard to see what possible relevance such documents might have to the question actually before the Court in this action:  whether or not NVE authorized Mr. Palmeroni years ago to take a piece of the subject brokerage commissions.

Hon. Esther Salas, U.S.M.J.                              April 21, 2010
Page 4

     These are the chief reasons Mr. Palmeroni opposes plaintiff's new proposed document demand, and seeks leave to move to obtain a protective order and/or an order quashing or appropriately modifying the subpoena already issued to non-party Lakeland Bank.

     Because the return date of that subpoena is next Friday, April 30, 2010, Mr. Palmeroni asks that the Court order that Lakeland Bank not produce any documents to the plaintiff until the relevant issues have been resolved. I would respectfully request that the foregoing issues be addressed at tomorrow's noon conference, and in this connection, have enclosed a proposed draft order. Thank you very much for your consideration of the foregoing.

                                           Respectfully submitted,

                                           /s/ Neil Grossman
                                           Neil Grossman

cc:  Mr. Jesus J. Palmeroni
     All counsel of record (via electronic filing and/or email)

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

DSTRICT OF NEW JERSEY

| | | |
|---|---|---|
| N.V.E., INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 06-5455 (GEB)(ES) |
| JESUS J. PALMERONI a/k/a JOSEPH PALMERONI, et. al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: LAKELAND BANK, 2717 Route 23 South, Newfoundland, NJ 07435  Attn: Manager

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All documents in possession of Lakeland Bank with regard to all accounts in the name of "National Retail Consulting Group, Inc." including, but not limited to Account #564006283, and including but not limited to all documents submitted to open each account, signature cards, records of all account transactions, both deposit and withdrawal, including monthly and annual statements, and present status of account(s).

| Place: Pashman Stein, P.C.<br>Court Plaza South, 21 Main Street, Suite 100,<br>Hackensack, NJ 07601 | Date and Time:<br><br>04/30/2010   10:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  04/15/2010

*CLERK OF COURT*

OR  *Ellen W. Smith* (signature)
Ellen W. Smith, Esq.

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

```
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
144 N. Beverwyck Road, # 187
Lake Hiawatha, New Jersey 07034
(973) 335-6409
Attorneys for defendant/third party plaintiff
JESUS J. PALMERONI
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ------------------------------------X | |
| N.V.E., INC., : | Civil Action No.: |
|  | 2:06-CV-05455(GEB)(ES) |
| Plaintiff, : | |
| - v. - : | **DATE OF MOTION:** |
|  | **April 22, 2010** |
| JESUS J. PALMERONI, a/k/a Joseph : | |
| Palmeroni, RONALD SUMICEK, SUNBELT | |
| MARKETING, ABC CORPORATIONS 1-10 : | |
| and JOHN DOES 1-10, | |
| : | **O R D E R** |
| Defendants. | **GRANTING LEAVE TO** |
| : | **SERVE MOTION AND** |
| ------------------------------------X | **STAYING SUBPOENA** |
| JESUS J. PALMERONI, : | |
| Third-party plaintiff, : | |
| - v. - : | |
| ROBERT OCCHIFINTO and WALTER : | |
| ORCUTT, | |
| : | |
| Third-party defendants. | |
| : | |
| ------------------------------------X | |
| RONALD SUMICEK, et al, : | |
| Third party plaintiff, : | |
| - v. - : | |
| CB DISTRIBUTORS, INC., : | |

```
            Third party defendant.     :
------------------------------------X
```

On or about April 22, 2010, defendant JESUS JOSEPH PALMERONI moved in open court for an Order (a) granting him leave to move for a Protective Order with respect to certain documents and information sought by the plaintiff, and (b) staying the return date of a subpoena served by plaintiff N.V.E., INC. upon non-party LAKELAND BANK, pursuant to Fed. R. Civ. Proc. 26(c) and 45(c).

Having considered the motion, the Court is of the opinion that the motion should be granted.  Accordingly, it is hereby

ORDERED, that non-party LAKELAND BANK will not produce any of the documents or information sought by the subpoena served upon it until further order of this Court; and it is further

ORDERED, that defendant/third party plaintiff JESUS JOSEPH PALMERONI may move the Court for a protective order pursuant to Fed. R. Civ. Proc. 26(c) and/or to quash or modify the subpoena served upon non-party LAKELAND BANK pursuant to Fed. R. Civ. Proc. 45(c).

Dated:       _____

                                    _____