# PASHMAN STEIN

### A PROFESSIONAL CORPORATION
## COUNSELORS AT LAW

SAMUEL J. SAMARO
SHAREHOLDER
DESIGNATED BY THE SUPREME
COURT OF NEW JERSEY AS A
CERTIFIED CIVIL TRIAL ATTORNEY

DIRECT DIAL: 201-270-4908
E-MAIL: ssamaro@pashmanstein.com

May 4, 2010

Honorable Esther Salas, U.S.M.J.
United States District Court
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street – Room 2060
Newark, New Jersey 07101

> **Re:  *N.V.E., Inc. v. Jesus Palmeroni, et al.***
> ***Docket No. 2:06-CV-05455(GEB)(ES)***
> ***Our File No. 6026-044***

Dear Judge Salas:

This firm represents plaintiff NVE Inc. in the above referenced matter.  Pending before the Court are a number of discovery motions, including defendant Palmeroni's motion to quash a subpoena served on Lakeland Bank.  I write because the brief in support of the motion, as well as the supporting affidavit of Jesus Palmeroni, contain truly outrageous and inflammatory descriptions of NVE and its principal, Robert Occhifinto.  On behalf of Plaintiff, we seek permission to file a motion to strike the portions of those documents that are inappropriate and to seek sanctions for attorney Neil Grossman's deliberate flouting of the rules of evidence.

It will be recalled that Mr. Palmeroni is a former employee of NVE.  The complaint alleges that he defrauded NVE by assigning accounts to a broker, Sunbelt Marketing, in exchange for a portion of Sunbelt's commissions.  In discovery we learned that Palmeroni set up a company called National Retail Consulting Group, Inc. (NRCG) for purposes of collecting these kickbacks.

The subpoena Palmeroni hopes to quash is for NRCG's bank records.  The theory is that Mr. Occhifinto cannot learn the identity of Mr. Palmeroni's other clients because he

---

P A S H M A N  S T E I N , P.C.

Honorable Esther Salas, U.S.M.J.
May 4, 2010
Page 2


(Occhifinto) may try to trick those people into making
statements that they do not mean or intimidate them into lying
under oath.  [Grossman Brief at 8]  The support for this
ridiculous claim is that Robert Occhifinto is a person with bad
character.  He is described by Mr. Grossman as "a twice
convicted criminal of the most dubious credibility whose respect
for the law is minimal."  [Grossman Brief at 8]  Mr. Grossman
also notes that "Mr. Occhifinto is not only a criminal himself,
but he seems to like to surround himself with other criminals,
as he has hired a number of them to help him run NVE."
[Grossman Brief at 10]  Remarkably, one of those other criminals
that Mr. Occhifinto is taken to task for hiring is Mr.
Grossman's client, Joe Palmeroni.

     Of course, Fed. R. Evid. 404(b) provides that "[e]vidence
of other crimes, wrongs, or acts is not admissible to prove the
character of a person in order to show action in conformity
therewith."  Fed. R. Civ. P. 12(f) provides that "redundant,
immaterial, impertinent or scandalous" material may be stricken
from pleadings on motion of a party."  Both rules have been
cited by courts in striking impermissible evidence, including
character evidence, from documents filed in support of motions.
*See Moret v. Green*, 494 F.Supp.2d 329, 35-36 (D. Md.
2007)(affidavits supporting summary judgment motion stricken
under Fed. R. Civ. P. 12(f) as containing inadmissible
evidence); *Wildmon v. EMC National Life Co.*, 2009 U.S. Dist.
LEXIS 19240 * (N.D. Miss. 2009)(striking affidavit supporting
motion to remand as containing impermissible character
evidence).

     We seek leave to file a motion to strike documents filed by
Mr. Grossman.  I would add that this is not the first time Mr.
Grossman has filed documents containing impertinent information
in this case.  One of his first acts as counsel for Mr.
Palmeroni was to file a brief alleging that the lawyers
representing NVE had conspired with Mr. Occhifinto to steal
assets belonging to creditors of NVE in bankruptcy.  That
argument was roundly rejected by Judge Winfield before the
reference was withdrawn and the matter returned to the District
Court.  The pattern is apparent, and we request this Court's

PASHMAN STEIN, P.C.

Honorable Esther Salas, U.S.M.J.
May 4, 2010
Page 3


assistance in making it stop.  *See Cannon v. Cherry Hill Toyota, Inc.,* 190 F.R.D. 147 161-63 (D.N.J. 1999)(awarding sanctions against a lawyer for a pattern of unjustified personal attacks).

Respectfully submitted,


SAMUEL J. SAMARO


SJS:lf
pc:  Neil Grossman. Esq.
     David Rostan, Esq.
     C. Ronald Stafford, Esq.
     Robert Basil, Esq.