*BRONSTEIN, GEWIRTZ & GROSSMAN, LLC*

PLEASE RESPOND TO:
144 N. BEVERWYCK ROAD, # 187
LAKE HIAWATHA, NEW JERSEY 07034
TELEPHONE:  (973) 335-6409
TELECOPIER: (973) 335-3717
E-mail:  neil@bgandg.com

PERETZ BRONSTEIN (NY)
EDWARD N. GEWIRTZ* (NJ AND NY)
NEIL GROSSMAN (NJ AND NY)

NEW JERSEY OFFICE
40 CALUMET AVENUE
LAKE HIAWATHA, NJ 07034

NEW YORK OFFICE
60 EAST 42ND STREET
SUITE 4600
NEW YORK, NY 10165
(212) 697-6484

* REGISTERED PATENT ATTORNEY


May 5, 2010


**VIA ELECTRONIC FILING**

Hon. Esther Salas, U.S.M.J.
United States District Court for
  the District of New Jersey
50 Walnut Street, Room 2060
Newark, New Jersey 07101

　　　　Re:  *N.V.E., Inc. v. Jesus Palmeroni, et als.*
　　　　　　Docket No.:  2:06-CV-05455 (GEB) (ES)

Dear Judge Salas:

        I am obliged to respond to Mr. Samaro's letter to you of
yesterday seeking leave to file (a) a motion to strike
unspecified portions of Mr. Palmeroni's recently filed
application for a protective order, and (b) a sanctions motion
against me because of outrageous flouting of evidentiary rules in
connection with that application and more broadly, because of my
overall impertinence.

        I must acknowledge that in preparing the protective order
application, I did not consider the Federal Rules of Evidence;
never have I seen those Rules come into play in any way during
motion practice except perhaps in connection with summary
judgment motions.  Indeed, in support of NVE's contention that
Mr. Palmeroni's protective order may be struck for non-compliance
with the evidentiary rules, counsel cites only summary judgment
decisions decided on the basis of Fed. R. Civ. Proc. 56, which

Hon. Esther Salas, U.S.M.J.                              May 5, 2010
Page 2


has no application here.  In one such case, _Moret v. Geren_, 494
F. Supp. 2d 329, 336 (D. Md. 2007), the court stated that "an
affidavit filed _in opposition to a motion for summary judgment_
must present evidence in substantially the same form as if the
affiant were testifying in court."  (Emphasis supplied).  The
issue in _Geren_ was whether or not an affidavit that seemed to
contradict the affiant's prior testimony ought to be struck.  No
one in that case moved to strike on the basis suggested in
counsel's letter, i.e., "truly outrageous and inflammatory
descriptions" of litigants.

     Likewise, in the only other case cited by NVE, _Wildmon v.
EMC Nat'l Life Co._, 2009 U.S. Dist. LEXIS 19240 (N.D. Miss.
2009), the court explicitly applied the summary judgment
standards of Fed. R. Civ. Proc. 56 to a motion to remand a
previously removed case back to the state court system.  _Wildmon_,
2009 U.S. Dist. LEXIS 19240 at *6 (court uses summary judgment
procedure to decide motion) and *8 (affidavit struck where
affiant lacks personal knowledge in violation of Rule 56(e)).

     Accordingly, and without regard to the merits, legal support
for a motion such as NVE wishes to file appears quite scant.
With respect to the merits, such a motion would appear doomed to
failure.  It is hard to see how characterizing an admitted two-
time felon as a criminal might be considered "truly outrageous
and inflammatory", as counsel contends.  Moreover, it is simply
not the case that Mr. Palmeroni's pending motion for protective
order is based on the bald proposition that Mr. Occhifinto is a
person of bad character.  The motion relies primarily on NVE's
interrogatory responses and upon the transcript of the secretly
recorded conversation that plaintiff has identified as the
central item of proof of the fraud alleged.

     Also doomed to failure would be counsel's desired sanctions
motion against me for general "impertinent" conduct, purportedly
following _Cannon v. Cherry Hill Toyota, Inc._, 190 F.R.D. 147,
161-63 (D.N.J. 1999), in which an attorney was sanctioned for
"making unsubstantiated personal attacks on Plaintiff and her
attorneys" and for thereby violating a number of Rules of
Professional Conduct.  NVE has identified nothing "unsubstanti-
ated" in the evidence presented; nor has NVE identified any Rules
of Professional Conduct that it believes were violated.

     NVE counsel however also asks the Court to take into account
Mr. Palmeroni's prior motions against plaintiff for dismissal and
sanctions, which were denied, though hardly "roundly rejected",

Hon. Esther Salas, U.S.M.J.                              May 5, 2010
Page 3


as NVE contends.  The transcripts of the relevant hearings before
Judge Brown and Judge Winfield show that both of those judges
understood the issues I had raised, and that each had certain
difficulties with the conduct of NVE's counsel.  Neither judge
suggested that the application had been made in bad faith.

       The motions NVE desires to file thus appear to lack basis in
law, and would serve only to waste the time and resources of the
parties and the Court.  Accordingly, it is my hope that leave to
file them will not be granted.

       Thank you for your consideration of the foregoing.

                              Respectfully submitted,


                              /s/ Neil Grossman
                              Neil Grossman

cc:  Mr. Jesus Joseph Palmeroni
     All Counsel of Record