**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 2060
NEWARK, NJ 07101
973-297-4887

June 15, 2010

**LETTER ORDER**

    Re:    **N.V.E., Inc. v. Palmeroni, et al.**
             **Civil Action No. 06-5455 (GEB)**

Dear Counsel:

    Pending before this Court is a Joint Submission detailing the parties' discovery disputes submitted on April 19, 2010, Defendant Jesus Palmeroni's Motion to Quash/Motion for a Protective Order dated April 30, 2010 (Docket Entry No. 103) and Plaintiff N.V.E., Inc.'s ("Plaintiff" or "NVE") Motion to Quash/Motion for Protective Order dated May 4, 2010 (Docket Entry No. 106). On June 11, 2010, the Court heard oral argument and ruled on the record regarding the discovery disputes set forth in the Joint Submission. For the Court's detailed rulings, please refer to the transcript of the proceedings.

    The Court reserved its ruling as to the pending motions and as to Defendants Sunbelt Marketing ("Sunbelt") and Ronald Sumicek's ("Sumicek") informal motion to compel NVE to respond to Interrogatory Number 18 in the Joint Submission. Based on the parties' submissions and the arguments set forth by counsel, the Court hereby **GRANTS** Sunbelt and Sumicek's motion to compel a response to Interrogatory Number 18, **GRANTS** Plaintiff's Motion to Quash/Motion for Protective Order and **GRANTS** in part and **DENIES** in part Defendant Palmeroni's Motion to Quash/Motion for Protective Order.

    A.    **Plaintiff's Motion to Quash/Motion for Protective Order and Sunbelt and Sumicek's Interrogatory Number 18**

    Plaintiff seeks a Protective Order and/or to quash 41 subpoenas that Defendants Sunbelt

1

Sumicek plan to serve on approximately 41 of NVE's customers. Sunbelt and Sumicek seek information from NVE's customers about their business with NVE since NVE terminated Sunbelt as a broker of its products. The subpoenas are identical and seek "[a]ll of the aforementioned media and other data in the custody or control of you ... regarding all purchases of goods manufactured by N.V.E., Inc. for which neither Sunbelt nor Sumicek served as broker..." *See* Certification of Ellen Smith, Esq., Exhibit F (Docket Entry No. 106). NVE objects to the subpoenas arguing (1) that Sunbelt and Sumicek are not entitled to this information and (2) even if they are entitled to the information, it is in NVE's possession and the customer subpoenas are unnecessary. Sunbelt and Sumicek also seek this information directly from NVE in Interrogatory Number 18.

As to the relevance question, the Court finds that Sunbelt and Sumicek have sustained their burden to demonstrate the relevance of the customer information to their counterclaims for breach of contract and unjust enrichment. Moreover, the nature of the contractual relationship between the parties is a question of fact; therefore the law cited by NVE at argument and in its motion papers is inapplicable at this stage in the litigation. Therefore, NVE must respond to Interrogatory Number 18 within ten days of receipt of this Order. Because Interrogatory Number18 seeks the same information as the subpoenas, NVE's motion is hereby granted to avoid duplicative discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). After receipt of the ordered discovery, should Sunbelt and Sumicek have concerns about the completeness of NVE's production, Sunbelt and Sumicek may seek leave for permission to serve the subpoenas.

### B. Defendant Palmeroni's Motion to Quash/Motion for Protective Order

Palmeroni seeks for this court to quash a subpoena served by NVE upon Lakeland Bank pursuant to Fed. R. Civ. P. 45(c)(3) requesting "all documents in possession of Lakeland Bank with regard to all accounts in the name of National Retail Consulting Group. Inc..." (the "Lakeland Bank Accounts"). Palmeroni also requests that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect his personal financial information from disclosure as requested in NVE's April 20, 2010 letter. *See* Declaration of Neil Grossman, Exhibits A & B (Docket Entry No. 103). Palmeroni objects to the subpoena and the document demands because he wishes to keep his ongoing business relationships confidential. In the alternative, should the Court require the information to be produced, Palmeroni seeks a protective order requiring that the records be produced to a neutral third party to relay the information to NVE's counsel and/or for attorney's eyes only.

NVE opposes the motion arguing that the information sought is relevant to NVE's claims. First, NVE argues that the information related to the Lakeland Bank Accounts is relevant because NRCG's accounts are central to the subject of the alleged RICO conspiracy. Second, NVE states that NRCG's corporate information is also relevant to the alleged RICO conspiracy so NVE must be permitted to determine what type of business it is and its corporate structure. Third, NVE argues that NRCG's income tax returns are relevant to (1) reflect the current assets of the company (2) provide a trail of the money paid to Palmeroni and (3) determine if Palmeroni participated in other commission-splitting agreements with other brokers. Finally, NVE states that Palmeroni's personal income tax returns are relevant because they will demonstrate whether Palmeroni's defense that the

commission splits were "supplemental compensation" is valid based on whether his tax return reflects the payments as income.

The Federal Rules of Civil Procedure permit broad and liberal discovery. *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3rd Cir. 1999). Specifically, the Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). A party is entitled to discovery of any information sought if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id*. The Court may limit the frequency or extent of discovery if it is (i) unreasonably cumulative or duplicative; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit..." Fed. R. Civ. P. 26(b)(2)(c). Fed. R. Civ. P. 45(c)(3)(iii) permits a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies...." Fed. R. Civ. P. 26(c) permits a court to issue a protective order for "good cause" to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense...."

First, as to the Lakeland Bank subpoena, Palmeroni does not cite any law as to why this Court should quash the subpoena other than a passing mention that NRCG has standing to pursue this remedy. Presumably, Palmeroni and NRCG bring this motion pursuant to the standard in Fed. R. Civ. P. 45(c)(3)(iii) - namely that the account information is a "privileged or other protected matter" and thus, must be protected. While NVE does not dispute NRCG's standing to quash the subpoena, NVE argues that Palmeroni has waived any privilege that may have protected NRCG's account information because it is likely to contain information concerning the alleged RICO enterprise and Palmeroni's role in it.

The Court finds that Palmeroni has a privacy interest in NRCG's financial records. However, as noted in *Conopco, Inc. v. Wein*, 05 Civ. 9899, 2007 U.S. Distr. LEXIS 53314, at * 5 (S.D.N.Y. July 23, 2007) "even the confidentiality of personal financial matters must yield to the Federal Rules of Civil Procedure, which govern the discovery of information relevant to the claims and defenses in a federal court action." Here, like in *Conopco*, the financial information is relevant and must be produced. NVE has sustained its burden to demonstrate the relevance of the information as it has argued that the information in NRCG's Lakeland Bank Accounts are central to the subject of the alleged RICO conspiracy - i.e., that the payments from Sunbelt to Palmeroni were made payable to NRCG at Palmeroni's direction. To protect the privacy concerns expressed by Palmeroni, the information must be produced pursuant to the terms of a confidentiality order, and may only be used in connection with this litigation. Moreover, Lakeland Bank must only produce the information from Palmeroni's hire date with NVE to six months after NVE terminated him.

Second, as to the documents requested in the Plaintiff's April 20, 2010 letter seeking (1) information about NRCG, including dates of incorporation, shareholders and officers, annual reports, applications to do business and income tax returns; (2) NRCG's bank accounts from 2000 to present; and (3) Palmeroni's personal tax returns and NRCG's tax returns from 2000 to 2006, the Court finds

that NVE has also sustained its burden to establish the relevance of the information requested. All three categories of documents go to the heart of the alleged RICO conspiracy.

Therefore, Palmeroni must demonstrate "good cause" as defined in Fed. R. Civ. P. 26(c) for this Court to issue an order protecting this information from disclosure. Good cause exists if there is a "showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Arnold v. Pennsylvania, Dep't of Trans.*, 477 F.3d 105, 108 (3d Cir. 2007) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The Court will apply a balancing test in making this determination considering the following facts: "(1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Id.* (quoting *Pansy*, 23 F.3d at 787-88).

Having considered the parties arguments and each of the factors quoted above, the Court finds that Palmeroni has not met his burden to demonstrate good cause to prevent the discovery of the requested documents. NVE has demonstrated that the information sought in all three categories is both relevant and being sought for a legitimate purpose - to determine the structure of NRCG, the company Sunbelt paid and how the payments were treated by NRCG and Palmeroni. Moreover, NVE also seeks to determine if there were other companies with whom Palmeroni and NRCG received payments similar to those received from Sunbelt. All of these documents are relevant to NVE's RICO Claims. Palmeroni's claims that NVE will utilize these documents to intimidate or harass is unsupported by any evidence. Palmeroni's assertion that he entered into secret agreements with other brokers that were to be kept hidden from NVE and Occifinto is also unsupported and irrelevant to this Court's analysis.

While Palmeroni must respond to the discovery requests, the Court finds that the documents requested in category 2, however, need only be produced from 2000 to six months after the date NVE terminated Palmeroni. Should NVE discover concrete evidence that merits access to NRCG's accounts for an enlarged time period, the Court will consider a further application.

Because this Court recognizes that there is an important privacy issue in personal and corporate financial documents, the Court will require that the information in categories 1, 2 and NRCG's tax returns in category 3 be disclosed pursuant to a confidentiality order and only be used in connection with this litigation. Palmeroni's personal tax returns, as requested in category 3, are also to be produced pursuant to a confidentiality order, for attorney's eyes only and may only be used in connection with this litigation. Thus, Palmeroni's motion is granted in part and denied in part.

The Clerk of the Court may terminate the motions at Docket Entry Nos. 103 and 106.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.M.J**