# PASHMAN STEIN
### A PROFESSIONAL CORPORATION
### COUNSELORS AT LAW

SAMUEL J. SAMARO  
SHAREHOLDER  
DESIGNATED BY THE SUPREME  
COURT OF NEW JERSEY AS A  
CERTIFIED CIVIL TRIAL ATTORNEY

DIRECT DIAL: 201-270-4908  
E-MAIL: ssamaro@pashmanstein.com

July 27, 2010

Honorable Esther Salas, U.S.M.J.  
United States District Court  
M.L. King, Jr. Federal Bldg. & U.S. Courthouse  
50 Walnut Street – Room 2060  
Newark, New Jersey 07101

  ***Re: N.V.E., Inc. v. Jesus Palmeroni, et al.***  
    ***Docket No. 2:06-CV-05455(GEB)(ES)***  
    ***Our File No. 6026-044***

Dear Judge Salas:

  As you know, this firm represents plaintiff, NVE, Inc. in the above-referenced matter scheduled for a phone conference on August 4, 2010. Please accept this correspondence as a status update since we were last in court.

  You will recall that NVE is a manufacturer of nutritional supplements and energy drinks. Defendant Palmeroni was once employed by NVE as its sales manager and defendants Sumicek and Sunbelt Marketing were brokers of NVE products. In this case it is alleged that Palmeroni steered business to Sumicek/Sunbelt in exchange for commission kickbacks. Various claims are alleged including civil RICO.

  By correspondence dated April 10, 2010, we received documents from Sumicek's counsel that for the first time alerted us to the fact that the kickbacks were being paid to a company called National Retail Consulting Group, Inc. (NRCG). We also learned that kickback checks made payable to NRCG were being deposited by Palmeroni into an account in NRCG's name at Lakeland Bank. We immediately served a subpoena on that bank, which prompted Palmeroni's lawyer to file a motion to quash. The Court denied that motion by order and written opinion dated June 15, 2010 and we received the records on June 24, 2010.

**PASHMAN STEIN, P.C.**

Honorable Esther Salas, U.S.M.J.
July 27, 2010
Page 2

    As we suspected, the Lakeland Bank records contained evidence that a number of other brokers and distributors of NVE products were paying Mr. Palmeroni money, and the sums involved are quite a bit larger than originally anticipated: millions of dollars instead of hundreds of thousands. There are a number of other individuals and entities that must be joined as parties defendant in this case although the precise number is not yet known because we must serve a new round of subpoenas and take perhaps 6 to 10 additional depositions. Some of the parties defendant are obvious to us at the moment, such as Michele Hooey, Mr. Palmeroni's wife, who worked at Lakeland Bank and who appears to have been actively involved in the conspiracy. But as much as possible, we would like to avoid adding the parties piecemeal. As such, we request time to take third party depositions, which will be followed by a motion to add new defendants.

    We would be much more actively involved in third party discovery at the moment, but Mr. Palmeroni still has not identified his new counsel. It will be recalled that the Court relieved Mr. Grossman as Mr. Palmeroni's counsel at the motion hearing on June 11, 2010. My notes reflect that Your Honor gave Mr. Palmeroni 30 days to find a new lawyer. Because I had heard nothing on that issue since the motion hearing, I sent Mr. Grossman an e-mail on July 19, 2010 asking whether new counsel had been hired. Mr. Grossman responded by e-mail the same day, noting his understanding that Palmeroni had 30 days from the date his (Mr. Grossman's) involvement ended, that Palmeroni was finalizing arrangements with someone new and that the new person would in place no later than our August 4 conference. Because of this representation, we have taken no steps to force the issue and have held off on taking additional depositions (including the resumption of Palmeroni's discontinued deposition) until the new attorney enters an appearance.

    One avenue of new third-party discovery seemed particularly pressing to us and so we began the process in absence of Palmeroni's new counsel. Some of the Lakeland Bank records reveal large sums of money being exchanged between Palmeroni and two entities called Var Consulting and American Wholesale Distribution. We have learned that American Wholesale

**PASHMAN STEIN, P.C.**

Honorable Esther Salas, U.S.M.J.
July 27, 2010
Page 3

Distribution was co-owned by Palmeroni and another former employee of NVE by the name of Vincent Rosarbo. Var Consulting appears to be owned by Mr. Rosarbo alone. Because both Mr. Rosarbo and Mr. Palmeroni were full time employees of NVE when they were conducting millions of dollars worth of business through American Wholesale Distribution and Var Consulting, we strongly suspect that these entities and Mr. Rosarbo were involved in the fraud. On July 9, 2010 we served subpoenas for the bank records of both companies. These subpoenas were returnable on July 28, 2010. However, before that date, a lawyer claiming to represent Var Consulting, Stephen Dratch, Esq. of Franzblau Dratch, contacted us and informed us that he is planning to file a motion to quash. As such, we have postponed the return date of the subpoena in anticipation of Mr. Dratch's motion.

At the motion hearing on June 11, 2010, the Court ruled on a number of discovery disputes. Most of what the Court has ordered plaintiff to produce has been produced. We anticipate that the few outstanding items will be completed before the August 4 conference. By comparison, quite a bit is still owed by the defendants to plaintiff, although we will hold off on describing these items until August 3. If the items have been produced, the issue will be moot.

I hope that this summary has been helpful to you and we look forward to the conference on August 4.

Respectfully,

SAMUEL J. SAMARO

SJS:lf
pc: Erling Jensen