FRANZBLAU DRATCH, P.C.
354 EISENHAUER PKWY
P.O. BOX 472
LIVINGSTON, NJ 07039
(973) 533-7212
Attorneys for Non-Party Movants
VAR CONSULTING, INC. AND
AMERICAN WHOLESALE DISTRIBUTION, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------X
N.V.E., INC.,                                            :     Civil Action No.:
                                                         :     2:06-CV-05455(HAA)(ES)
    Plaintiff,                                        :

  - v. -                                                 :     **MOTION DATE:**
                                                         :     *September 7, 2010*
JESUS J. PALMERONI, a/k/a Joseph                         :
Palmeroni, RONALD SUMICEK, SUNBELT                       :
MARKETING, ABC CORPORATIONS 1-10                         :
and JOHN DOES 1-10,                                      :     **ORAL ARGUMENT REQUESTED**

Defendants.                                              :
                                                         :
------------------------------------------------------------X
JESUS J. PALMERONI,                                      :

    Third-party plaintiff,                            :

  - v. -                                                 :     **MEMORANDUM OF LAW**
                                                         :     **IN SUPPORT OF**
ROBERT OCCHIFINTO and WALTER                             :     **MOTION TO QUASH AND**
ORCUTT,                                                  :     **FOR PROTECTIVE ORDER**
                                                         :
    Third-party defendants.                           :
                                                         :
------------------------------------------------------------X

## TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                                                  ii

| | |
|---|---:|
| PRELIMINARY STATEMENT | 1 |
| RELEVANT FACTS | 1 |
| ARGUMENT | 3 |
| CONCLUSION | 5 |

**TABLE OF AUTHORITIES**

*Cases*

*Arnold v. Commonwealth of Pa.*, 477 F.3d 105 (3d Cir. 2007). . . . . . . . . . . . . . .3, 4

*Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir. 1986) . . . . . . . . . . . . . 3

*In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482 (E.D. Pa. 2005). . . . . 4

*Rules and Statutes*

Fed. R. Civ. Proc. 26(b). . . . . . . 3

Fed. R. Civ. Proc. 26(c). . . . . . . 3

Fed. R. Civ. Proc. 45(c). . . . . . . 3

PRELIMINARY STATEMENT

     Non-Party Movants VAR Consulting, Inc. ("VAR Consulting") and American Wholesale Distribution, Inc. ("AWD") (collectively, "Movants") submit this memorandum in support of their motion for a protective order and/or to quash the subpoenas served by Plaintiff N.V.E., Inc. ("NVE") upon Bank of America ("BOA") seeking records of any and all accounts maintained there by VAR Consulting and AWD (the "Subpoenas"). True and accurate copies of the Subpoenas are appended to the Declaration of Vincent Rosarbo, filed simultaneously herewith.  As discussed further below, the Subpoenas should be quashed because they seek the disclosure of confidential and privileged financial information of business entities unrelated to the instant dispute, and would subject the Movants and their principals to annoyance, embarrassment, oppression, harassment and undue burden and expense.

## RELEVANT FACTS

The Declaration of Vincent Rosarbo, principal of VAR Consulting and AWD, attests to the following facts.

1. VAR Consulting is a Nevada corporation. Rosarbo Dec. ¶ 5.

2. Neither of the named individual defendants, Joseph Palmeroni ("Palmeroni") and Ronald Sumicek ("Sumicek"), are owners, officers, employees or otherwise affiliated with VAR Consulting. *Id.*

3. VAR Consulting never purchased any products from Plaintiff NVE, nor did it have any transactions with Sunbelt Marketing. *Id.*

4. VAR Consulting did not have any involvement with the brokerage transactions which are the subject of the pending action. *Id.*

5. AWD was a Nevada Corporation, which is now dissolved. Rosarbo Dec. ¶ 6.

6. Palmeroni was a shareholder and Secretary of AWD. *Id.*

7. Ronald Sumicek was not a shareholder, owner, officer, employee or otherwise affiliated with AWD. *Id.*

8. AWD never purchased any products from Plaintiff NVE, nor did it have any transactions with Sunbelt Marketing. *Id.*

9. AWD did not have any involvement with the brokerage transactions which are the subject of the pending action. As such, any compensation paid by AWD to Palmeroni was entirely unrelated to the brokerage transactions which are the subject of the pending action. *Id.*

In view of the foregoing, there is no demonstrable connection between Movants' private business affairs and the claims and defenses of the instant action. As such, the private financial records sought via the subject Subpoenas are not relevant to the claims or defenses in this action, and the production thereof could unnecessarily subject the Movants and their principals to annoyance, embarrassment, oppression, harassment and undue burden and expense. For all these reasons, discussed further below, the Subpoenas should be quashed.

## ARGUMENT

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery regarding any nonprivileged matter relevant to the claims or defenses asserted in an action. Rule 26(c), however, permits a court to issue a protective order for "good cause" to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Similarly, Rule 45(c) authorizes the court to quash or modify a subpoena that "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

An applicant for a protective order bears the burden of demonstrating a particular need for protection, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), and must show that there is "good cause" for such an order to be issued. Fed. R. Civ. Proc. 26(c). In this Circuit, good cause is found where there is a "showing that disclosure will work a clearly defined and serious injury to the party seeking" the protective order. *Arnold v. Commonwealth of Pa.*, 477 F.3d 105, 108 (3d Cir. 2007)

(citations omitted). A court asked to issue a protective order must weigh "the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled," *Id.* at 111.

The factors to be considered by the court in determining whether or not there exists good cause for the issuance of a protective order are: (1)the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* at 108 (emphasis supplied). Courts are required to balance the need for discovery against the burden imposed upon persons ordered to produce the documents, and the status of a person as a nonparty is a factor that weighs against disclosure. *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 495 (E.D. Pa. 2005).

Applying these factors to the instant matter, the challenged Subpoenas must be quashed. VAR Consulting, AWD, and most importantly, their respective principals, clearly have an interest in privacy concerning their business and financial affairs. Movants further contend that the information regarding these separate, non-party entities is being sought not for a legitimate purpose relating to the claims and defenses in the instant action, but rather for the improper purpose of going on a fishing expedition

into the affairs of Palmeroni and his business associates unrelated to the challenged brokerage transactions for the purpose of annoyance and harassment and in the (unfounded) hopes of uncovering additional, unrelated activities about which to complain.  There can be no claim that the subject information involves public officials or other issues important to the public health and safety, or that the interests of efficiency are promoted by engaging in this fishing expedition.  In short, the Movants' interest in the privacy of their business affairs outweighs any proffered justification for the intrusion into those affairs if uncontrolled disclosure is compelled.

For the foregoing reasons, the Subpoenas should be quashed in their entirety.  In the event that the Court permits the subject discovery over Movants' objection, Movants alternatively request that the Court order that the subject records be disclosed for a more limited time period, pursuant to a confidentiality order, for attorney's eyes only, and that they be used only in connection with this litigation.

## CONCLUSION

For the foregoing reasons, the Movants VAR Consulting, Inc. and American Wholesale Distribution, Inc. respectfully request that their motion be GRANTED.

                                      FRANZBLAU DRATCH, P.C.
                                      Attorneys for Non-Party Movants
                                      VAR CONSULTING, INC. AND
                                      AMERICAN WHOLESALE DISTRIBUTION, INC.

Dated:  August 10, 2010        By:  /s/ Stephen Dratch
                                          Stephen Dratch