BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
144 N. Beverwyck Road, # 187
Lake Hiawatha, New Jersey 07034
(973) 335-6409
      - and -
DAVID ROSTAN, ESQ.
248 Columbia Turnpike, Bldg. 1
Florham Park, NJ 07932
(973) 520-8301
Attorneys for defendant/third party plaintiff
JESUS J. PALMERONI

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------X
N.V.E., INC.,                       :     Civil Action No.:
                                          2:06-CV-05455(HAA)(ES)
        Plaintiff,                  :

        - v. -                      :
JESUS J. PALMERONI, a/k/a Joseph    :
Palmeroni, RONALD SUMICEK, SUNBELT
MARKETING, ABC CORPORATIONS 1-10    :
and JOHN DOES 1-10,

                                    :
        Defendants.
                                    :     **CONFIDENTIALITY**
------------------------------------X     <u>**STIPULATION AND ORDER**</u>
JESUS J. PALMERONI,                 :

        Third-party plaintiff,      :

        - v. -                      :

ROBERT OCCHIFINTO and WALTER        :
ORCUTT,
                                    :
        Third-party defendants.
                                    :
------------------------------------X

On or about April 19, 2010, pursuant to the April 12, 2010

Letter Order of Hon. Esther Salas, U.S.M.J., the parties filed a

joint submission addressing various discovery disputes in this action. On or about April 20, 2010, plaintiff N.V.E., Inc. ("NVE") submitted a letter to the Court seeking leave to serve additional document demands on defendant Jesus Joseph Palmeroni. On or about April 30, 2010, defendant Palmeroni and non-party witness National Retail Consulting Group, Inc. ("Consulting") filed a motion for a protective order and/or an order to quash a subpoena served by plaintiff NVE upon non-party witness Lakeland Bank. On or about May 4, 2010, plaintiff NVE filed a motion for a protective order and/or to quash certain subpoenas issued by defendants Ronald Sumicek and Sunbelt Marketing. On or about June 11, 2010, the Court heard argument of counsel for the parties regarding the above described matters.

By Letter Order dated June 15, 2010, having considered the submission and argument of the parties, Hon. Esther Salas, U.S.M.J. made certain rulings regarding the aforementioned motions and joint submission. That Letter Order also incorporated rulings issued by Judge Salas on June 11, 2010 in open court. These rulings required the production of certain documents by the parties and non-party witnesses, and also imposed certain restrictions on the usage of such documents, in accordance with Fed. R. Civ. Proc. 26(c) and 45(c).

To facilitate effectuation of Judge Salas's rulings in this regard, the parties agree and stipulate as follows:

1. In accordance with Judge Salas's rulings, certain documents to be produced hereunder are to be deemed "Confidential". Unless the Court orders otherwise, no person shall disclose the contents of or provide access to any Confidential document to any individual or entity other than the parties hereto, their counsel, or employees or agents of such counsel performing work related to this litigation; nor shall any person use any Confidential document for any purpose not reasonably related to this litigation.

2. In accordance with Judge Salas's rulings, certain documents to be produced hereunder are to be deemed "Confidential, Attorneys' Eyes Only." Unless the Court orders otherwise, no person shall disclose the contents of or provide access to any Confidential, Attorneys' Eyes Only document to any individual or entity other than counsel for the parties hereto, or employees or agents of such counsel performing work related to this litigation; nor shall any person provide any Confidential, Attorneys Eyes Only document to any party; nor shall any person use any Confidential, Attorneys Eyes Only

3

document for any purpose not reasonably related to this litigation.

3. Any party may designate any materials it produces "Confidential" by clearly stamping such materials prior to production with the word "Confidential" or with other language of substantially similar meaning and import. Any materials so designated as Confidential by a party shall be subject to the same restrictions as those applying to materials that have been designated "Confidential" by the Court. A party will not have the right to designate materials it produces as "Confidential, Attorneys Eyes Only" without Court order [↳ pursuant to the requirements set forth in L. Civ. R. 5.3.] or the written agreement of all other parties.

4. Nothing herein shall bar any person from moving this Court [→ pursuant to L. Civ. R. 5.3] to modify this Stipulation and Order to permit broader use of any Confidential or Confidential, Attorneys Eyes Only document than is permitted hereunder, or to have any materials produced in the action designated as "Confidential" or "Confidential, Attorneys Eyes Only", or to have such designations removed from produced materials.

5. Plaintiff NVE shall produce the gross revenue figures previously demanded by defendant Palmeroni showing the annual

4

sales revenue enjoyed by NVE from its inception to date; these figures are deemed Confidential hereunder.

6. Plaintiff NVE shall produce the monthly calculations of brokers' commissions previously demanded by defendant Palmeroni; these documents are deemed Confidential, Attorneys Eyes Only hereunder.

7. All bank records produced in discovery in this matter by any party or non-party, including without limitation the records produced by non-party witness Lakeland Bank pursuant to the subpoena served upon it by plaintiff NVE, are deemed Confidential hereunder.

8. Defendant Palmeroni shall provide NVE with non-party Consulting's date of incorporation, shareholders and officers, annual reports, applications to do business and tax returns as demanded in NVE's letter to the Court of April 20, 2010. The information so produced shall be deemed Confidential hereunder.

9. Defendant shall provide NVE with non-party Consulting's bank records for the period beginning January 1, 2000 and ending July 6, 2006. The records so produced shall be deemed Confidential hereunder.

10. Defendant Palmeroni shall provide NVE with his personal tax returns for the tax years 2000 to 2006. These tax

returns shall be deemed Confidential, Attorneys Eyes Only hereunder.

| | |
|---|---|
| PASHMAN STEIN, P.C.<br>*Attorneys for plaintiff*<br>*N.V.E., Inc. and for*<br>*third-party defendants*<br>*Robert Occhifinto and*<br>*Walter Orcutt* | BRONSTEIN, GEWIRTZ & GROSSMAN, LLC<br>*Attorneys for defendant,*<br>*Jesus Joseph Palmeroni* |
| By: /s/ Samuel Samaro | By: /s/ Neil Grossman |
| Dated: August 18, 2010 | Dated: August 18, 2010 |
| DAVID ROSTAN, ESQ.<br>*Attorney for third party*<br>*Jesus Joseph Palmeroni* | COLLIER & BASIL, P.C.<br>*Attorney for defendants*<br>*Ronald Sumicek and Sunbelt*<br>*Marketing* |
| By: /s/ David Rostan | By: /s/ Robert J. Basil |
| Dated: August 18, 2010 | Dated: August 18, 2010 |

O R D E R

The contents of the foregoing stipulation by the parties are SO ORDERED.

_____ U.S.M.J.

Dated: Aug. 23, 2010

6