UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., <br><br> Plaintiff, <br><br> v. <br><br> JESUS J. PALMERONI a/k/a JOSEPH PALMERONI, RONALD SUMICEK, SUNBELT MARKETING, ABC CORPORATIONS 1-10, and JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. 06-5455 (GEB)(ES) <br><br> Document Electronically Filed |
| JESUS J. PALMERONI, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> ROBERT OCCHIFINTO AND WALTER ORCUTT, <br><br> Third-Party Defendants. | |

**LEGAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

        Samuel J. Samaro, Esq.
        David G. White, Esq.
        Ellen W. Smith, Esq.
        **PASHMAN STEIN**
        A Professional Corporation
        Court Plaza South
        21 Main Street
        Hackensack, New Jersey 07601
        (201) 488-8200
        Counsel for Plaintiff,
          **N.V.E., Inc.**, and
          Third-Party Defendants,
          **Robert Occhifinto and Walter Orcutt**

Of Counsel:
  Samuel J. Samaro, Esq.

On the Brief:
  Samuel J. Samaro, Esq.
  Ellen W. Smith, Esq.

**TABLE OF CONTENTS**

                                                           **Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 8

      A.  Legal Standard . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

*Foman v. Davis*,
371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Duffus*,
174 F. 3d 333 (3d Cir. 1999) . . . . . . . . . . . . . . . . 9

*United States v. Thomas*,
221 F. 3d 430 (3d Cir. 2000) . . . . . . . . . . . . . . . . 9

**Rules**

Fed.R.Civ.P. 15 . . . . . . . . . . . . . . . . . . . . . . 1, 9

Local Rule 7.1 . . . . . . . . . . . . . . . . . . . . . . . . 1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 15 and Local Rule 7.1, Plaintiff, N.V.E., Inc. ("NVE") submits this memorandum of law in support of its motion for leave to file an Amended Complaint in this matter to join additional defendants and to allege more fully the scope of the wrongful acts of defendants based upon discovery to date. Because of the secret agreements and conspiracies between and among the defendants, NVE was not able to identify the additional parties and wrongful acts before receipt of bank records pursuant to subpoena and other documents that have come to light to date during the discovery process.

The basis of the original complaint filed by NVE related to illegal manipulation of accounts and kickbacks of commissions between Jesus Palmeroni and one broker, Ronald Sumicek and his company Sunbelt Marketing. From bank records for one of Palmeroni's companies, National Retail Consulting Group, Inc. ("NRCG"), we have now learned that the commission kickback conspiracy involved at least three other NVE brokerage companies and their principals as well and that Palmeroni secured kickbacks, known to date, of almost $1.3 million dollars.

In addition, NRCG's bank records reflected huge infusions of cash from another company, American Wholesale Distribution, Inc. ("AWD"), jointly owned by Palmeroni and Vincent Rosarbo,

1

another former NVE employee.  AWD's bank records that were just received by plaintiff on September 28, 2010 reflected an influx of millions of dollars, mostly from various distributors of NVE products.  Records secured from one NVE distributor confirm that AWD and other Palmeroni and Rosarbo entities were selling NVE or NVE branded products which they stole or converted to a number of the new defendants and keeping all the proceeds.

Palmeroni and Rosarbo operated through a maze of separate companies they set up, either solely or jointly.  The full extent of losses to NVE from their treachery is not yet known – but from the limited records secured to date[1], Palmeroni and Rosarbo collected almost $9 million dollars from the sale of stolen NVE property!  All together, NVE's known losses to date total over $10 million dollars.  NVE's Amended Complaint seeks to join all of the other defendants, known to date, who conspired with Palmeroni and Rosarbo to defraud NVE of its rightful monies and products.

---

[1] Records produced to date have been limited both by Court Order limiting the time period subject to discovery and by bank record retention policies that have limited available records to the last 7 years.

## STATEMENT OF FACTS

At the time plaintiff filed its initial Complaint, it was aware only of kickbacks paid to Palmeroni by broker defendants Ronald Sumicek and his company, Sunbelt Marketing. In the course of discovery plaintiff has learned the following:

- Sumicek and Sunbelt produced records reflecting that "commission-sharing" payments were made to Palmeroni's company, NRCG, and check copies produced confirmed that the monies were deposited in NRCG's account at Lakeland Bank. Sumicek and Sunbelt paid NRCG a total of $466,949.35 in kickbacks from 2000-2005 (See documents bearing Bates No. SB2-10,000+0526 to SB2-10,000+0528, attached as Exhibit 2 to Certification of Ellen W. Smith, Esq. ("Smith Cert."));

- Subpoenaed records from Lakeland Bank revealed that NRCG was receiving regular payments of commission kickbacks not only from Sunbelt but from 3 other brokers, Profit Motivators, Inc. ("Profit Motivators"), PMI Global Marketing Corp. ("PMI") and Dirk Nieuwenhuis ("Nieuwenhuis") as well. Richard Horowitz and Jerald Horowitz, the principals of Profit Motivators and PMI have produced documents reflecting that from 2001-2009 they paid kickbacks totaling $742,648.89 first to NRCG and later to Global Marketing & Sales Group, LLC, another Palmeroni company. These payments continued long after Palmeroni's

3

termination from NVE in January 2006. (See document bearing Bates No. NVE-PMI-0001, attached as Exhibit 3 to Smith Cert.);

- Lakeland Bank records for NRCG revealed that Nieuwenhuis made at least 14 payments to NRCG totaling $58,555 between 2001-2005. (See copies of Lakeland Bank documents attached as Exhibit 4 to Smith Cert.);

- Lakeland Bank records for NRCG also revealed $1.625 million dollars deposited in NRCG's account from American Wholesale Distribution, Inc. ("AWD"), a company owned jointly by Palmeroni and Vincent Rosarbo, another former NVE employee. (See copies of Lakeland Band documents attached as Exhibit 5 to Smith Cert.);

- Lakeland Bank records reflect 2006 payments to NRCG totaling $42,560 from Brand New Energy, an NVE distributor and $49,640 from Manindra Garg (See copies of Lakeland Bank records of Brand New Energy payments attached as Exhibit 6, see copies of Lakeland Bank records of Manindra Garg payments attached as Exhibit 7 to Smith Cert.)

- Lakeland Bank records for NRCG also reflected multiple payments exchanged between NRCG and VAR Consulting, a company owned by Vincent Rosarbo and his wife, Angelina Rosarbo. (See copies of Lakeland Bank records attached as Exhibit 8 to Smith Cert.)  Payments from VAR to NRCG

4

- indicated that they were for "consulting services" and "Corp split," while the payments from NRCG to VAR indicated that they were for "commissions", "draw against commissions" and "pay forward."
- Michelle Hooey is married to Jesus Palmeroni. During the relevant time period, she was employed at Lakeland Bank, and used her position to facilitate the financial transactions of NRCG, depositing checks into its account, authorizing transfer of funds out of the account to Palmeroni, and in several cases endorsing documents on behalf of NRCG. She was an active participant in the wrongful acts.
- Checks from AWD were drawn on its account at Bank of America as were checks from VAR. Subpoenas were issued to Bank of America to secure the records of those entities, and after the Court order denying the motion to quash, these records were obtained on September 28, 2010 for the period 2003-June 2006.
- Bank of America records for AWD reflect an influx of almost $8 million dollars from 14 companies or individuals, most of whom were NVE distributors, including Darren Householder, Brand New Energy, Inc., CB Distributing, Inc., Sessions Specialty Company, International Sales Group, International Wholesale Service, Inc., International

5

Wholesale Supply, Inc., Robert Cannizzo, Pamela Cannizzo, A.M.S. Enterprises, Alfredo and Charmaine Felice, Curtis Beverage, LLC, American Nutritional Ex., Inc., JMS Properties, Inc. DBA The UPS Store, Katherine M. Portz and John J. Portz, Sr.  (See copies of Bank of America bank records attached as Exhibit 9 (Householder), Exhibit 10 (Brand New Energy), Exhibit 11 (CB Distributing), Exhibit 12 (Sessions Specialty Company), Exhibit 13 (International Sales Group), Exhibit 14 (International Wholesale Service), (International Wholesale Supply), Exhibit 15 (Robert Cannizzo), Exhibit 16 (Pamela Cannizzo), Exhibit 17 (A.M.S. Enterprises), Exhibit 18 (Alfredo Felice and Charmaine Felice), Exhibit 19 (Curtis Beverage), Exhibit 20 (American Nutritional Ex.), Exhibit 21 (JMS Properties DBA The UPS Store), Exhibit 22 (Katherine Portz and John Portz, Sr.).

- Bank of America records for VAR reflect payments from Brand New Energy, CB Distributing, Curtis Beverage, A.M.S. Enterprises and Joseph R. De Melo, Sr. DBA Rezultz Marketing.  (See copies of bank records attached as Exhibit 23 (Brand New Energy), Exhibit 24 (CB Distributing), Exhibit 25 (Curtis Beverage), Exhibit 26 (A.M.S. Enterprises), Exhibit 27 (Joseph R. De Melo, Sr. DBA Rezultz Marketing) to Smith Cert.)

- Carlos Bengoa, owner of CB Distributing, an NVE distributor, voluntarily produced records reflecting his company's purchases of from AWD, VAR and Smart World, Inc., another company jointly owned by Palmeroni and Vincent Rosarbo. Those records include purchase orders from these entities confirming that the products they were selling were NVE or NVE branded products. (See documents bearing Bates Nos. NVE-CB-0001 to NVE-CB-0031, attached as Exhibit 28 to Smith Cert.)

- It appears from both Lakeland Bank records for NRCG and Bank of America records for VAR that once Palmeroni and Rosarbo ceased using AWD, they continued sales of converted NVE products to conspiring distributors through at least June 2006 through NRCG and VAR. (See Lakeland Bank documents attached as Exhibits 6 and 7 (NRCG) and Bank of America documents attached as Exhibit 23 to 27 (VAR) to Smith Cert.)

Prior to the receipt of these bank and other records only a month ago, NVE had no way of knowing that Palmeroni's kickback scheme involved at least three additional NVE brokers and that he and Rosarbo were also stealing NVE products or branding and conspiring with a number of NVE distributors to defraud NVE by selling these converted goods directly to them and keeping the proceeds. These NVE distributors were well aware that Palmeroni

7

and Rosarbo were employed by NVE at the time and that these purchases of illicit NVE goods defrauded NVE.

The proposed Amended Complaint that NVE seeks leave to file adds the three additional conspiring brokers and their principals as defendants as well as the conspiring distributors and their principals.  In addition, all Palmeroni and Rosarbo companies that have been identified to date as participating in the scheme are also included as defendants as well as Michelle Hooey and Angelina Rosarbo, wife of Vincent Rosarbo and co-owner and treasurer of VAR Consulting.  (See proposed Amended Complaint attached as Exhibit 1 to Smith Cert.)

NVE respectfully requests that in the interest of justice, it be allowed to amend its Complaint to add these additional parties and expand the scope of its claims to comport with the information it has received to this point.  It has acted expeditiously to secure records, and delays incurred to date have resulted from the defendants' repeated attempts to quash the records and keep the schemes concealed.

## **LEGAL ARGUMENT**

All of the additional facts set forth above came to light in the course of discovery to date.  NVE respectfully submits that the interests of justice require that it be permitted to file an Amended Complaint to name the newly identified

8

defendants and to more fully set forth the scope of the RICO conspiracy and wrongful acts of the defendants.

### A. Legal Standard

The Federal Rules of Civil Procedure provide for amendment of a Complaint when justice so requires.

F.R.Civ.P. 15 (a)(2)

**(a) Amendments Before Trial**

. . .

> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The courts should freely give leave when justice so requires.

It is well-settled that "leave to amend should be freely granted unless there is evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment or futility of amendment.'" *United States v. Thomas*, 221 F. 3d 430, 435 (3d Cir. 2000)(citing *United States v. Duffus*, 174 F. 3d 333, 337 (3d Cir. 1999) and *Foman v. Davis,* 371 U.S. 178, 182 (1962).)

In this case, there has been no undue delay, bad faith or dilatory tactics by NVE. Rather, NVE has followed the trail of the conspiracy as it unfolded as expeditiously as possible given the attempts of Palmeroni and Rosarbo to fight disclosure at

every turn.  Neither Palmeroni nor Sumicek and Sunbelt, the original defendants, will be unduly prejudiced by this Amendment.  The claims against Sumicek and Sunbelt have not changed, and Palmeroni cannot possibly assert prejudice when he has known and been a part of his illicit acts with the newly identified defendants all along.

Under the circumstances, where the acts forming the basis of the Amended Complaint were purposely concealed from NVE by those conspiring to defraud it, the interests of justice compel the amendment of NVE's complaint to include other involved defendants and a more complete description of the wrongful schemes.

## CONCLUSION

For the reasons set forth above, NVE respectfully requests that it be allowed to file an Amended Complaint in this matter.

> **PASHMAN STEIN**
> A Professional Corporation
> Attorneys for Plaintiff,
> **N.V.E., Inc.**

Dated:  October 29, 2010       By:    /s/ Ellen W. Smith
                                      **ELLEN W. SMITH**