UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

David Rostan, Esquire; Fred Shahrooz Scampato, Esquire
Building One, 248 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 520-8301 FAX (973) 520-8302
rostanlaw@aol.com EMAIL
Attorney for Defendant and Third Party Plaintiff


N.V.E.                              CIVIL ACTION

                                    DOCKET NO. 06 cv-5455-GEB-ES

                                    Motion date: May 26, 2011

          Plaintiff,               BRIEF IN SUPPORT
                                    OF COUNSEL'S MOTION TO
v.                                  WITHDRAW FROM REPRESENTATION
                                    OF JESUS J. PALMERONI
JESUS J. PALMERONI et. al.

          Defendants.


JESUS J. PALMERONI


          Third Party Plaintiff

v.

N.V.E., Robert Occhifinto and Walter Orcutt

          Third Party Defendants

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................... 2

PRELIMINARY AND FACTUAL STATEMENT ........................................ 3

LEGAL ARGUMENT ................................... 5

CONCLUSION ......................................9

## TABLE OF AUTHORITIES

**Federal Cases:**

Bogart v. Moda Entertainment, 2009 U.S. Dist. LEXIS 64969, 1-3 (D.N.J. July 24, 2009)**(Exhibit 1)**............. 7

Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys., Inc., 994 F. Supp. 244, 252-253 (D.N.J. 1997)...... 7

Greig v. Macy's Northeast, 1996 U.S. Dist. LEXIS 22142 (D.N.J. Nov. 21, 1996)**(Exhibit 3)**..................7,8

Haines v. Liggett Group, Inc., 814 F. Supp. 414, 422 (D.N.J. 1993).....................................6,7

McGuire v. Wilson, 735 F. Supp. 83, 85 (S.D.N.Y. 1990)5

Team Obsolete, Ltd. v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164 (E.D.N.Y. 2006)....................................8

**State Cases**

Capogrosso v. 30 River Court E. Urban Renewal Co., 2009 N.J. Super. Lexis 185, 17-18 (App. Div. Feb 4, 2009).8 **(Exhibit 2)**

Chambon v. Chambon, 238 N.J. Super. 225, 231, 569 A.2d 822 (App. Div. 1990)....................................7

Jacobs v. Pendel, 198 N.J. Super.252, 255(App. Div.1967)8

## **Preliminary and Factual Statement**

The Law Office of Fred Shahrooz Scampato, P.C., and David Rostan, Attorney at Law, currently represent defendant/third party plaintiff, Jesus Joseph Palmeroni in the above matter and bring this motion pursuant to Local Civil Rule 102.1

The attorney-client relationship between Mr. Palmeroni and ourselves has become untenable, and consequently, we are applying to the Court for leave to withdraw from that representation pursuant to Local Civ. R. 102.1 and RPC 1.16(b). Despite our best efforts, we have been unable to bridge multiple differences in our approach to this litigation. Our differences are such that we can no longer represent our client as his approach to the responsibilities of litigation is fundamentally in conflict with our own. These differences are sufficiently great that we cannot continue to properly represent Mr. Palmeroni. Mr. Palmeroni has also failed to satisfy his financial/litigation cost obligations that he owes to our firms and our continued representation poses an unreasonable financial burden and hardship as well as an insurmountable obstacle to our effective representation pursuant to the Code of Professional Responsibility.

3

As of the present date, it is likely that a great deal more discovery has to take place before this matter is ready for trial.  There is currently a pending motion to amend, and if granted, this motion will virtually turn this into a new case.  Up until this point, there have only been essentially three parties:  N.V.E, Palmeroni and Sumicek/Sunbelt.  If the motion to amend is granted, then the number of parties shall likely multiply by ten fold.  This increase in the scope of litigation is beyond that which was contemplated by the parties when we drafted retainer agreements with Mr. Palmeroni.  As such, Mr. Palmerton's failure to make good regarding his financial and other obligations would be an express violation of the contact which he entered into with his counsel.

Above and beyond the unreasonable financial burdens implicating our professional responsibilities are fundamental conflicts between Mr. Palmeroni and his attorneys.  These conflicts have persisted for months, and we have discussed them repeatedly and at great length with Mr. Palmeroni, but have been unable to bridge our differences.

Recent developments have exacerbated the issues to the point where we are no longer able to continue to represent

him.   Prior  to  filing  this  motion,  we  communicated  a
request to Mr. Palmeroni that he consent to our application
to withdraw.  Mr. Palmeroni never responded to us directly,
and instead, wrote a letter directly to the court on April
19, 2011. Since late April 2011, Mr. Palmeroni has not
responded to emails concerning the substance of his case.

<u>LEGAL ARGUMENT</u>

Federal courts in this district apply Local Civil Rule
102.1 to applications by attorneys to withdraw from a case.
Local  Civil  Rule  102.1  provides  that,  "[u]nless  other
counsel  is  substituted,  no  attorney  may  withdraw  an
appearance except by leave of Court."

The  New  Jersey  Rules  of  Professional  Conduct  (RPC)
also  apply.  RPC  1.16(a)  provides;  "Except  as  stated  in
paragraph  (c),  a  lawyer  shall  not  represent  a  client  or,
where representation has commenced, shall withdraw from the
representation  of  a  client  if:  (1)  the  representation  will
result  in  a  violation  of  the  Rules  of  Professional  Conduct
or  other  law;  (2)  the  lawyers  physical  or  mental  condition
materially  impairs  the  lawyers  ability  to  represent  the
client;  or  (3)  the  lawyer  is  discharged."

New  Jersey  Rule  of  Professional  Conduct  1.16(b)
permits  an  attorney  to  withdraw  from  representing  a  client
under  one  or  more  of  the  following  circumstances:

5

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause is shown for withdrawal exists. See Haines v. Liggett Group, Inc., 814 F. Supp. 414, 422 (D.N.J. 1993) (discussing standard for withdraw)

Even if counsel seeking to withdraw demonstrates "good cause" as defined in RPC 1.16(b), a decision with respect to withdrawal remains entirely within the discretion of the court. Haines, 814 F. Supp. at 422. Following a finding

6

of good cause for withdrawal, the Court should also consider: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." Haines, 814 F. Supp. at 423; accord U.S. ex. rel., Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys., Inc., 994 F. Supp. 244, 252-253 (D.N.J. 1997). See Bogart v. Moda Entertainment, 2009 U.S. Dist. LEXIS 64969, 1-3 (D.N.J. July 24, 2009)

Courts permit withdraw where there is an irreparable rift between plaintiff and counsel or where the relationship between counsel and plaintiff has become dysfunctional, and the Court can see no reason why it should require counsel to continue to represent plaintiff. McGuire v. Wilson, 735 F. Supp. 83, 85 (S.D.N.Y. 1990).

Another circumstance where withdraw is permitted is in the case of a breakdown of the attorney-client relationship where counsel will not be able to effectively prosecute plaintiff's claims. See Chambon v. Chambon, 238 N.J. Super. 225, 231, 569 A.2d 822 (App. Div. 1990) See also Greig v. Macy's Northeast, 1996 U.S. Dist. LEXIS 22142 (D.N.J. Nov. 21, 1996)

Justifiable cause for an attorney's withdrawal includes the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being seasonably requested to do so. Jacobs v. Pendel, 98 N.J. Super. 252, 255 (App.Div. 1967) See also Capogrosso v. 30 River Court E. Urban Renewal Co., 2009 N.J. Super. Unpub. LEXIS 185, 17-18 (App.Div. Feb. 4, 2009) Team Obsolete, Ltd. v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164 (E.D.N.Y. 2006)

While delay may be occasioned by withdraw of counsel "mere delay is an insufficient basis upon which to deny this motion [to withdraw]." The Court to dissipate any prejudice caused by the grant of this motion may extend the deadlines set in the scheduling order and grant the client of the withdrawing counsel thirty days to retain new counsel or to enter a pro se appearance. Greig v. Macy's Northeast, 1996 U.S. Dist. LEXIS 22142 (D.N.J. Nov. 21, 1996)

<u>CONCLUSION</u>

Based upon the foregoing as well as information to be supplied in camera to the Court in order to preserve attorney client privilege, counsel for Mr. Palmeroni respectfully requests that our motion be granted.

Dated:    May 6, 2011

By:

/s/
_____
David Rostan, Esq.


/S/
_____
Fred Shahrooz Scampato, Esq.