UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **N.V.E., INC.** : | |
| Plaintiff, : | Civil Action No. **06-5455** |
| | (Hon. Esther Salas) |
| -vs- : | |
| **JESUS J. PALMERONI** a/k/a Joseph Palmeroni, et al, : | |
| Defendants. : | |
| | |
| **JESUS J. PALMERONI**, : | |
| Third Party Plaintiff, : | |
| -vs- : | |
| **ROBERT OCCHIFINTO** and **WALTER ORCUTT**, : | |
| Third Party Defendants. : | |

# BRIEF in SUPPORT of PALMERONI MOTION to COMPEL PRODUCTION of DOCUMENTS

**ROBERT A. VORT**
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
rvort@vortlaw.com
Attorney for Defendants
 Jesus J. Palmeroni, Michelle Hooey, National Retail Consulting Group, Inc. and Global Marketing & Sales Group, LLC

Defendants Jesus J. Palmeroni, Michelle Hooey, National Retail Consulting Group, Inc., and Global Marketing & Sales Group, LLC ("the Palmeroni defendants") move to compel production of documents. They had previously moved for imposition of discovery sanctions (Entry 179). This Court ruled on that motion by opinion issued and order entered September 21, 2011 (Entries 231 and 232). It ruled that it would permit an adverse inference as to NVE's failure to produce some documents and as to its destruction of others documents.

In opposition to Palmeroni's motion for sanctions, NVE contended that "it had recovered some of Mr. Palmeroni's emails and would be producing them" (Opinion at 6). NVE also asserted that it had retrieved some information retrieved from Mr. Palmeroni's NVE computer and would be producing them (Ibid.). The Court directed Palmeroni to "file a motion to compel within thirty days of the issuance of this opinion" as to the documents represented to be available for production (Opinion at 4).

This is that motion. It is filed pursuant to both Judge Salas' opinion and pursuant to Fed.R.Civ.P. 37(a)(3)(B)(iv).[1] Palmeroni has reminded NVE counsel of its representation that it would be producing the documents in accordance with Fed.R.Civ.P.

---

[1] *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . .(iv) a party fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34.

37(a)(1).[2]  Notwithstanding, NVE has produced no e-mails and no information claimed to have been retrieved from Palmeroni's NVE computer.

The only sanction permissible on a 37(a) motion to compel discovery is an award of counsel fees.  NVE's failure to produce the documents is inexcusable.  It should not have been necessary to file this motion.  NVE did not need an order to produce; colloquy with the Court in May was more than a hint that NVE should produce that which it claimed could be produced.  Counsel represented that it was recovering some material from Palmeroni's laptop computer and was compiling a privilege log.  Counsel also represented that it had recovered some e-mails, although it is not clear if these were e-mails to Palmeroni or from him; the distinction is immaterial.

An order directing production with an award of counsel fees is not only appropriate but is required given the total failure to produce anything.  This is not the case of the mountain that brought forth the mouse; this mountain emitted nothing.  In that

---

[2] Motion for an Order Compelling Disclosure or Discovery. (1) In General.  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

connection, pursuant to Fed.R.Civ.P. 37(a)(5)(A),[3] the declaration of Robert A. Vort contains a statement of services rendered in connection with this motion.

## CONCLUSION

For the reasons stated in this Court's September 20 opinion, this Court should direct NVE to produce the documents it promised to produce in May and, in addition, award counsel fees for the need to file this motion.

Respectfully submitted,

*/s/ Robert A. Vort*

Dated: October 20, 2011         Robert A. Vort

---

[3] Payment of Expenses; Protective Orders. (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

3