## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2037<br>NEWARK, NJ 07101<br>973-297-4887 |

January 17, 2012

## **LETTER ORDER**

Re:   *N.V.E., Inc. v. Palmeroni, et al.*,
      Civil Action No. 06-5455 (ES)

Dear Counsel:

On July 27, 2011, Plaintiff, N.V.E., Inc. requested that the Clerk of Court enter default against Defendants Jesus Palmeroni, Michele Hooey, National Retail Consulting Group, Inc., and Global Marketing & Sales Group, LLC (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 55(a). (*See* Docket Entry No. 214). That request was granted on July 28, 2011. (*See* Docket Entry No. 216). Presently before the Court is Defendants' Motion to Vacate Default, (Docket Entry No. 223), which for the reasons set forth below is granted.

Federal Rule of Civil Procedure 55(c) provides, in relevant part, "[t]he court may set aside an entry of default for good cause . . . ." In determining whether to set aside the entry of default, the Court considers "(1) whether setting aside the default would prejudice the plaintiff;" "(2) whether defendant has asserted a meritorious defense;" and (3) "defendant's culpability." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982); *Gulf Oil Ltd. P'ship v. Pioneer Enter., Inc.*, No. 11-1610, 2011 U.S. Dist. LEXIS 129837, at *4 (D.N.J. Nov. 9, 2011) (same). "Any doubt should be resolved in favor of setting aside the [entry of default] so that cases may be decided on their merits." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982).

In this case, Plaintiff has neither asserted that it would be prejudiced if the Court were to set aside default, nor has it contended that the Defendants were culpable in their delay. Finally, while the Court does not agree with Defendants that a general denial is sufficient for the purposes of setting aside default, *see United States SBA v. Stefansky*, No. 08-1968, 2009 U.S. Dist. LEXIS 41762, at *7 (D.N.J. May 15, 2009) ("A general denial is insufficient to overturn a default; rather a defendant must assert specific facts supporting the existence of a prima facie meritorious defense.") (internal citations omitted), the Court nevertheless will set aside the entry of default "so that the case[] may be decided on the[] merits." *Feliciano*, 691 F.2d at 656.

**SO ORDERED.**

s/Esther Salas
**Esther Salas, U.S.D.J.**