**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2037<br>NEWARK, NJ 07101<br>973-297-4887 |

May 21, 2012

**LETTER ORDER**

    Re:   *N.V.E., Inc. v. Jesus J. Palmeroni, et al.*
            <u>Civil Action No. 06-5455 (ES)</u>

Dear Counsel:

    Pending before the Court is a motion to dismiss filed by Defendants Jarrett W. Portz, John J. Portz, Sr., Katherine M. Portz, International Wholesale Service, Inc., and International Wholesale Supply, Inc. (collectively "International Wholesale" or "Defendants"). (*See* Docket Entry No. 222). International Wholesale raises two arguments within their respective motion. First, International Wholesale seeks to dismiss Plaintiff N.V.E., Inc.'s ("NVE" or "Plaintiff") Amended Complaint for having failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, International Wholesale seeks to have NVE file a RICO case statement pursuant to Local Civil Rule 16.1(b)(4). (*See* Defs. Moving Br. at 1). The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, International Wholesale's motion to dismiss is denied in part and granted in part. Specifically, the Court grants International Wholesale's request to have Plaintiff file a RICO case statement, and thus denies Defendants' argument for dismissal as moot.[1]

    The Racketeer Influenced and Corrupt Organizations Act "is a complicated statute, and a difficult one to plead." *Darrick Enters. v. Mitsubishi Motors Corp.*, No. 05-4359, 2007 U.S. Dist. LEXIS 4054, at *9 (D.N.J. Jan. 19, 2007). In order to adequately plead a RICO violation, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, and a pattern of activity requires at least two predicate acts of racketeering. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). "Even though at the pleading stage a plaintiff does not have the benefit of discovery to detail the facts to support these elements, specificity in pleading RICO claims is

---

[1] The Court's denial of Defendants' argument for dismissal is without prejudice. International Wholesale may wish to file a motion to dismiss after the issuance of Plaintiff's RICO Case Statement. The Court will address Defendants' substantive arguments at that time.

necessary because the penalties imposed upon an unsuccessful RICO defendant are onerous." *Darrick Enters.*, 2007 U.S. Dist. LEXIS 4054, at *9.

Based upon that logic, "the Local [Civil] Rules permit the Court to order Plaintiffs to file a RICO case statement, which was designed to 'aid plaintiffs in framing their claims with particularity sufficient for the requirements of the RICO statute.'" *Id.* at *10 (quoting *Northland Ins. Co. v. Shell Oil Co.*, 930 F. Supp. 1069, 1073 (D.N.J. 1996)); *see also Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, No. 11-1219, 2011 U.S. Dist. LEXIS 146655, at *63 (D.N.J. Dec. 20, 2011) ("[A] judge has [the] discretion to require a plaintiff to file a RICO case statement pertaining to a . . . RICO claim . . . ."). Specifically, Local Civil Rule 16.1(b)(4) provides that "[i]n a civil action arising under 18 U.S.C. §§ 1961-1968, the Judge . . . may require a RICO case statement to be filed and served in the manner set forth in Appendix O." "The statement 'is equivalent to a supplemental pleading which shall include the facts the plaintiff is relying upon to initiate [its] RICO complaint . . . ." *Darrick Enters.*, 2007 U.S. Dist. LEXIS 4054, at *10 (quoting Local Civ. R. Appendix O). In other words, the RICO case statement allows a plaintiff to "amplify the allegations of the Complaint. . . . [to] provide[] clarity and precision in the statement of a civil RICO claim . . . thereby assist[ing] in the identification, clarification and narrowing of issues." *Northland Ins. Co.*, 930 F. Supp. at 1074-75 (D.N.J. 1996).

In light of the above, the Court elects to exercise its discretion pursuant to Local Civil Rule 16.1(b)(4) to have Plaintiff file a RICO Case Statement, which shall be filed and served in the manner set forth in Appendix O. The rationale behind the Court's determination is twofold. First, the Court recognizes that "specificity in pleading RICO claims is necessary because the penalties imposed upon an unsuccessful RICO defendant are onerous." *Darrick Enters.*, 2007 U.S. Dist. LEXIS 4054, at *9. Second, the Court believes that the filing of a RICO case statement here will provide International Wholesale with the clarity and precision needed to assist them in formulating a response to NVE's RICO claims. *See id.* at *10 ("The Court believes that Plaintiffs' filing of a RICO case statement will provide clarity and precision in their RICO claims so that it may be determined whether the claims can survive a motion to dismiss."). Therefore, the Court concludes that having Plaintiff file a RICO Case Statement is the appropriate form of relief at this stage of the litigation.[2]

For the foregoing reasons, the Court exercises its authority pursuant to Local Civil Rule 16.1(b)(4) to require NVE to file a RICO Case Statement in the manner set forth in Appendix O within thirty days of this Court's Order. To that end, International Wholesale's motion to dismiss NVE's Amended Complaint is denied without prejudice. International Wholesale may

---

[2] Although the RICO Case Statement does not directly apply to Plaintiff's state-law claims, the Court finds that the statement will assist in clarifying these supplemental claims "as well because Defendants' alleged misconduct is the basis for these claims." *Grant v. Turner*, No. 09-2381, 2010 U.S. Dist. LEXIS 108413, at *13 (D.N.J. Oct. 12, 2010) (internal citation and quotation marks omitted); *see also Darrick Enters.*, 2007 U.S. Dist. LEXIS 4054, at *10 ("[A]lthough the RICO case statement is not directed to common law fraud claims, the statement will also serve to clarify those claims as well because Defendants' alleged misconduct is the basis for both claims. It will also serve to clarify Plaintiffs' statutory claims to the extent they underlie the alleged RICO violation.").

renew its motion following the submission of NVE's RICO Case Statement. Accordingly, the Clerk of Court shall terminate Docket Entry No. 222.

    **SO ORDERED**.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
