NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| N.V.E., INC., | : | |
| | : | **Civil Action No.: 06-5455 (ES)** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| JESUS J. PALMERONI, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## SALAS, District Judge

### I.    Introduction

Plaintiff N.V.E., Inc. ("NVE" or "Plaintiff") contends that "the Court, dismayed at the fact that this firm failed to issue a litigation hold letter and that company documents were thereafter shredded, drew the unwarranted and unfair conclusion that the shredded documents may have contained relevant evidence." (Pl. Moving Br. at 1). Based upon that rationale, Plaintiff has asked this Court to reconsider its Opinion and Order dated September 21, 2011. (*See* Docket Entry No. 231). Plaintiff also requests permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) "[i]n the event the Court denies [its] motion for reconsideration." (Pl. Moving Br. at 1). The Court has considered NVE's and Defendant Jesus J. Palmeroni's ("Palmeroni" or "Defendant") submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).[1] For the reasons set forth below, Plaintiff's motion for reconsideration and request for certification to file an interlocutory appeal are denied.

---

[1] The Court notes that both Defendant's former and current counsel have filed briefs opposing Plaintiff's motion. (*See* Docket Entry Nos. 254 and 256).

## II.     NVE's Arguments for Reconsideration[2]

NVE has advanced a litany of arguments in seeking reconsideration.  NVE contends that the Court made erroneous factual findings in connection with (1) the MACS system; (2) the Storage Room Documents; (3) the Email Accounts; and (4) determining whether NVE received assistance from counsel.  NVE further contends that the Court erred, as a matter of law, in conducting its relevance analysis, and in imposing an adverse inference at this stage of the litigation.

The Court addresses each of Plaintiff's arguments below, however, before doing so, the Court provides the legal standard that will guide its analysis.

## III.    Legal Standard—Motion for Reconsideration 7.1(i)

"Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure."  *Dubler v. Hangsterfer's Labs.*, No. 09-5144, 2012 U.S. Dist. LEXIS 53847, at *3 (D.N.J. Apr. 17, 2012) (citing *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999)).  "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b)."  *Ibid.* (citing *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345).  In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).

A party seeking reconsideration must do so "within 14 days after the entry of the order or judgment on the original motion [issued] by the Judge . . . ."  L. Civ. R. 7.1(i).  In doing so, the party must submit "[a] brief setting forth concisely the matter or controlling decisions which the

---

[2] The parties are thoroughly familiar with the facts of this nearly six-year-old case.  For that reason, and because the underlying facts to which this motion is premised upon were set forth in the September 21, 2011 Opinion, the Court incorporates those facts herein by reference.

party believes the Judge . . . overlooked[.]" *Ibid.* "The standard of review involved in a motion for [reconsideration] is quite high, and therefore [reconsideration] is granted very sparingly." *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).  The party seeking to persuade the court that reconsideration is appropriate bears the burden in demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted); *see also Crisdon v. N.J. Dep't of Educ.*, No. 11-4436, 2012 U.S. App. LEXIS 4387, at *3 (3d Cir. 2012) ("The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.") (internal citation omitted).  "The word overlooked is the 'operative' term in the Rule." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).  Thus, "[t]he [c]ourt will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter." *Dubler*, 2012 U.S. Dist. LEXIS 53847, at *4 (citing *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345).

Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered.  *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  To that end, "a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Dubler*, 2012 U.S. Dist. LEXIS 53847, at *5 (citing *Bowers*, 130 F. Supp. 2d at 612). In other words, "[a] motion for reconsideration should not provide the parties with [the proverbial] . . . second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

With these legal principles in mind, the Court next turns to the issues raised by Plaintiff's motion.

IV.    **Analysis**

    A.    **Motion for Reconsideration**

        1.    **MACS System**

NVE contends that the Court erred when it credited "Palmeroni's testimony . . . while ignoring or overlooking Jensen's testimony that everything on the MACS system was generated by hard documents that NVE retained and produced." (Pl. Moving Br. at 10). NVE's contention lacks merit as the Court neither ignored nor overlooked Jensen's testimony. Instead, the Court determined that it could not "accept . . . Jensen's sworn testimony about what was contained on the MACS system [because] he stated that *he never actually used the system*." *N.V.E., Inc. v. Palmeroni*, No. 06-5455, 2011 U.S. Dist. LEXIS 107600, at *22 (D.N.J. Sept. 21, 2011) (citing OA Hr'g Tr. 133:14-134:15) (emphasis added). Thus, the Court did not err in making this determination.

        2.    **Storage Room Documents**

NVE next contends that the Court's finding "that NVE claimed that in 2006 it only needed to search for documents related to the kickback scheme between Palmeroni and [sic] Sumicek and Sunbelt. . . . [is an] unsupported finding stand[ing] in sharp contrast to Jensen's testimony . . . ." (Pl. Moving Br. at 10). The Court need not dwell on this issue because even if NVE is correct, this minor factual issue would not alter the Court's decision. *See Compaction Sys. Corp.*, 88 F. Supp. 2d at 345 ("Only where the court has overlooked matters that . . . might reasonably have resulted in a different conclusion, will it entertain such a motion."); *Dubler*, 2012 U.S. Dist. LEXIS 53847, at *4 ("The [c]ourt will grant a motion for reconsideration only

where it overlooked a factual . . . issue that *may alter the disposition of the matter*.") (emphasis added).

### 3.    Retired Email Server and Email Accounts

Plaintiff argues that the Court made "contradictory findings" when it determined "that the email server was not subject to a spoliation finding . . . [b]ut . . . that the Email Accounts, which would be found on that same server, were nevertheless subject to a spoliation finding." (Pl. Moving Br. at 10). According to NVE, "th[e]se findings are irreconcilable . . . ." (*Ibid.*).

NVE's argument is misplaced. The Court, in its September 21, 2011 Opinion, held that "*as of January 2006*, NVE had a duty to preserve evidence related to . . . Palmeroni's employment and subsequent termination." *N.V.E., Inc.*, 2011 U.S. Dist. LEXIS 107600, at *15 (emphasis added). Based upon this holding, the Court made independent findings in connection with the email server and Email Accounts. Specifically, the Court found that NVE did not have "a duty to preserve the email server because [it] conver[ted to a new email server] *prior to January 2006.*" *Id.* at *16 (emphasis added). With respect to the Email Accounts, the Court found that "NVE failed to adequately preserve . . . the Email Accounts, all of which were destroyed *after Palmeroni's termination in January 2006*." *Id.* at *15. Thus, the relevant Email Accounts that are the subject of this Court's concern would have been stored on the server in existence as of January 2006. Therefore, because NVE's prior server was obsolete by this date, Plaintiff's argument is of no moment. To that end, the Court's findings are not irreconcilable, and Plaintiff's attempt to muddy this issue is futile.

### 4.    Assistance From Counsel

Plaintiff contends that "the Court clearly erred in finding that Jensen received no assistance from counsel." (Pl. Moving Br. at 11). Plaintiff's position is unavailing.

It is beyond cavil that the party seeking reconsideration bears the burden in demonstrating "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677.  Here, NVE has not persuaded the Court that reconsideration is warranted to correct a clear error of fact or to prevent manifest injustice.  In its Opinion, the Court explained that it "was extremely surprised to learn that Mr. Jensen has received no assistance from counsel . . . ."  *N.V.E., Inc.*, 2011 U.S. Dist. LEXIS 107600, at *14.  Specifically, the Court found, based upon Jensen's testimony, that he was "making relevance calls without the assistance of counsel."  *Ibid.* (citing OA Hr'g Tr. 128:5-131:2).  The Court's finding is supported by testimony elicited during the May 26, 2011 oral argument.  Therefore, there is neither a need to "correct a *clear error of fact*" nor a need to "prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677 (emphasis added).  Accordingly, reconsideration is not warranted.[3]

### 5.  Relevance Analysis

Plaintiff argues that the Court erred, as a matter of law, when it determined that the "Email Accounts contained relevant information and that the accounts payable, accounts receivable, time cards, purchase orders and commission statements contained in either the storage room or MACS system were relevant."  (Pl. Moving Br. at 13).  According to NVE, "[t]he Court summarily concluded that such documents were relevant . . . but did not analyze the claims at issue and explain how any information contained in such documents related to Palmeroni's claims and defenses."  (*Ibid.*).

NVE's argument is misplaced, and amounts to nothing more than a "difference of

---

[3] It appears that Plaintiff disagrees with the Court's factual determination.  That disagreement is not appropriately resolved through a motion for reconsideration.  *See Dubler*, 2012 U.S. Dist. LEXIS 53847, at *5.

opinion" with the Court's September 21, 2011 decision.  *See Dubler*, 2012 U.S. Dist. LEXIS 53847, at *5; *Grossberger v. Saldutti*, No. 11-941, 2012 U.S. Dist. LEXIS 51455, at *5 (D.N.J. Apr. 12, 2012) ("Mere disagreement with a decision should be dealt with in the normal appellate process . . . .").   In its September 21, 2011 Opinion, the Court determined that "Palmeroni . . . made a *prima facie* showing of relevance . . . [i]n light of the allegations in the complaint and counterclaims . . . ."  *N.V.E., Inc.*, 2011 U.S. Dist. LEXIS 107600, at *23.  The Court reached this determination by finding that "it could not imagine that NVE did not delete any relevant information . . . result[ing] [from] the[] purges [to] . . . [and] destr[uction] of the MACS system, [documents] in the storage room[,] or Email Accounts . . . ."  *Id.* at *22.  The Court's analysis did not end there, however.  Indeed, the Court explained (1) that the "MACS system, at minimum, . . . contained evidence of customer orders and subsequent invoices which are relevant to the claims and counterclaims in this action"; (2) that "[t]here is *no dispute* that the Email Accounts contained relevant information"; and (3) that the storage room contained "at minimum, the accounts payable, accounts receivable, purchase orders and commission statements [that] are relevant to this litigation."  *Id.* at *22-23 (emphasis added).  In light of the above, Plaintiff's argument that the Court summarily concluded that documents were relevant without analysis and explanation is baseless, and the Court declines to accept Plaintiff's invitation to relitigate a matter that was thoroughly adjudicated.  *See Grossberger*, 2012 U.S. Dist. LEXIS 51455, at *5 ("Plaintiff simply disagrees with this Court's ruling, but he may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court."). [4]

---

[4] Plaintiff relies on *Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC*, 685 F. Supp. 2d 456, 467-471 (S.D.N.Y. 2010) for the proposition that "[t]he innocent party must . . . show

### 6.  Timing of Adverse Inference

Finally, Plaintiff argues that "any decision regarding an adverse inference instruction . . . should await the presentation of the parties' claims at trial." (Pl. Moving Br. at 15). Plaintiff neither has brought to the Court's attention "the matter or controlling decisions which the . . . Judge . . . overlooked," L. Civ. R. 7.1(i), nor has NVE sustained its burden in demonstrating to the Court that there is a "need to correct a clear error of law or . . . to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677.

The Court outlined the relevant law relating to the imposition of an adverse inference in its September 21, 2011 Opinion as follows:

> [w]hen spoliation occurs, courts *may impose sanctions* on the offending party because a litigant is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation. *Scott v. IBM Corp.*, 196 F.R.D. 233, 249 (D.N.J. 2000). The range of potential spoliation sanctions includes dismissal of the action, exclusion of evidence, an instruction to the finder of fact allowing for an adverse inference, attorney's fees, and costs. *MOSAID Techs., Inc. v. Samsung Elec., Co. Ltd.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004). This Court has the authority to impose such sanctions pursuant to the Federal Rules of Civil Procedure and this Court's inherent authority. *Scott*, 196 F.R.D. at 247-48.

*N.V.E., Inc.*, 2011 U.S. Dist. LEXIS 107600, at *11-12 (internal quotation marks omitted) (emphasis added). The Court then conducted a thorough analysis in determining that the imposition of a sanction was warranted, and that the appropriate sanction was an adverse inference. In identifying the appropriate sanction the Court was "mindful that it must exercise its powers to impose this sanction with restraint and discretion." *Id.* at *23 (citing *Republic of Phil.*

---

that the evidence would have been helpful in proving its claims or defenses—*i.e.*, that the innocent party is prejudiced without that evidence." The Court's analysis, however, is in line with this holding.

*v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994).   Therefore, the Court is not

persuaded that it overlooked controlling decisions.   Nor is the Court persuaded that

reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.[5]

### B.   Request for Interlocutory Appeal

Plaintiff requests that the Court "grant NVE permission to file an interlocutory appeal of

the spoliation Order and Decision [sic] pursuant to 28 U.S.C. § 1292(b)."  (Pl. Moving Br. at 16).

A district court may certify an order for interlocutory appeal when the party seeking

certification shows that the order "[1] involves a controlling question of law [2] as to which there

is a substantial ground for a difference of opinion and [3] that an immediate appeal may

materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *Katz v. Carte*

*Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).  The movant bears the burden in demonstrating

that *all three* requirements are met.   *Litgo N.J., Inc. v. Martin*, No. 06-2891, 2011 U.S. Dist.

LEXIS 31869, at *13 (D.N.J. Mar. 25, 2011) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633

(9th Cir. 2010); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004)).   Even

if all three requirements are met, the decision to grant certification "is wholly within the

---

[5] Plaintiff raises two additional arguments that warrant little discussion.  First, Plaintiff asserts that the Court failed to find "that any of the alleged document loss was intentional . . . ."  This Court is not persuaded.  The Court held that "it need not determine whether the destruction of documents was intentional or negligent, as an adverse inference is warranted under either standard."  *N.V.E., Inc.*, 2011 U.S. Dist. LEXIS 107600, at *21.  However, that was because NVE "did nothing to back-up the MACS system of the email accounts"; never issued a litigation hold; failed to institute a document retention policy; had its Chief Financial Officer order the company's "receptionist to shred the Storage Room Documents"; failed to have "attorneys review the documents prior to the[ir] destruction"; failed to have an attorney "search[] or review[] any of [its] documents"; and failed to document, by way of an inventory, the items that were destroyed.  *Id.* at *21-22.  Finally, Plaintiff takes issue with the Court's use of the term "purges."  (Pl. Moving Br. at 12).  A motion for reconsideration is not the appropriate arena for counsel's "nit-picking" of the Court's use of a particular term.  Counsel's position amounts to nothing more than a mere disagreement with the manner in which the Court used a word in its decision.  The Court reminds counsel that "[t]he [c]ourt will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter."  *Dubler*, 2012 U.S. Dist. LEXIS 53847, at *4 (citing *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345).  Plaintiff's displeasure with the Court's usage of a particular term is neither a factual nor legal issue that the Court overlooked, which would alter its disposition.  Accordingly, Plaintiff's argument is meritless.

discretion of the court[]." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (citing *Katz*, 496 F.2d at 754).  To that end, Section 1292(b) certification should be used sparingly because only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation marks omitted).

The Court denies Plaintiff's request, and thus declines to certify an order for interlocutory appeal for the following two reasons.  First, Plaintiff has failed to sustain his burden in demonstrating that *all three* requirements are met.  *Litgo N.J., Inc.*, 2011 U.S. Dist. LEXIS 31869, at \*13.  Indeed, Plaintiff's argument for interlocutory appeal is limited to the request noted above.  That is, Plaintiff merely states that "[i]n the event the Court denies this motion for reconsideration, NVE respectfully requests that the Court grant NVE permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b)."  (Pl. Moving Br. at 15-16).  In other words, Plaintiff neither provides the Court with the purported "controlling question of law as to which there is a substantial ground for a difference of opinion," nor does Plaintiff explain why and how "an immediate appeal may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Consequently, Plaintiff has failed to sustain its burden in demonstrating to this Court that all three requirements have been met.

Second, the Court finds that Plaintiff's motion for reconsideration does not present exceptional circumstances that would justify this Court's departure from the basic policy of postponing appellate review until after the entry of a final judgment.  *Coopers & Lybrand*, 437 U.S. at 475.  For these reasons, the Court declines to certify its September 21, 2011 Order for interlocutory appeal.

**V.     Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration and request for certification to file an interlocutory appeal are denied.  An accompanying Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**