NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., | : |
|       Plaintiff, | :    Civil Action No.: 06-5455 (ES) |
|       v. | :    **OPINION** |
| JESUS J. PALMERONI, et al. | : |
|       Defendants. | : |

## I. Introduction

Before the Court are Defendant Jesus J. Palmeroni's former attorneys' petitions for fees. (Docket Entry Nos. 234 and 235, the "Fee Petitions"). The Fee Petitions follow the Court's opinion, dated September 21, 2011, granting Mr. Palmeroni attorneys' fees and costs attributable to his motion for spoliation sanctions against Plaintiff N.V.E., Inc. ("NVE"). (Docket Entry No. 231, "Spoliation Opinion"). Herein, Messrs. David Rostan and Fred Scampato have produced evidence of their fees totaling $111,882.00.[1] NVE opposes the Fee Petitions. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth below, the Court grants the Fee Petitions, but reduces the amount of legal fees requested.

## II. Background

The parties are thoroughly familiar with the facts of this nearly six-year-old case. For that reason, and because the underlying facts upon which the Fee Petitions are premised were set

---

[1] Messrs. Rostan and Scampato are Mr. Palmeroni's former attorneys who worked on the spoliation motion upon which the Fee Petitions are based. In a brazen show of bad faith, Mr. Palmeroni's current attorney, Mr. Robert Vort, has also submitted a petition for $11,099.50 in fees for work performed in connection with the instant matter. (Docket Entry No. 254). Not only is Mr. Vort's request well beyond the scope of the Spoliation Opinion, the hours for which Mr. Vort seeks payment are entirely duplicative as Mr. Vort wrote an opposition brief to NVE's motion for reconsideration when Messrs. Rostan and Scampato jointly filed their own opposition brief. The Court will not grant Mr. Vort any award.

forth in the Spoliation Opinion, the Court briefly will relay the facts immediately pertinent to the Fee Petitions and will otherwise incorporate facts herein by reference.

On February 15, 2011, Mr. Palmeroni filed a motion for sanctions owing to NVE's alleged spoliation of evidence relevant to the underlying litigation. (*See* Docket Entry No. 180). The Court held oral argument on May 26, 2011, and later issued its Spoliation Opinion, granting Mr. Palmeroni's motion, in part, including an award of attorneys' fees and costs associated with identifying the destroyed evidence and the filing of this motion. On October 5, 2011, NVE filed a motion for reconsideration of the Court's decision. (*See* Docket Entry No. 237). On June 5, 2012, this Court denied NVE's motion. (*See* Docket Entry No. 284).

On October 3, 2011 and October 4, 2011, respectively, Messrs. Rostan and Scampato filed their Fee Petitions requesting a total of $95,078.25 in reasonable attorneys' fees. On November 1, 2011, NVE filed a response in opposition (*See* Docket Entry No. 252, "NVE Opp. Br.") and, on November 23, 2011, Messrs. Rostan and Scampato filed a reply brief. (*See* Docket Entry No. 260, "Def. Reply Br."). Messrs. Rostan and Scampato request an additional $16,803.75 in fees for work performed on the reply brief, declaration, and Mr. Palmeroni's opposition to NVE's motion for reconsideration. (*See id.*).

## III.   Legal Standard

Monetary sanctions may be imposed in spoliation cases to compensate a party for the "time and effort it was forced to expend in an effort to obtain discovery" to which it was otherwise entitled. *MOSAID Techs., Inc. v. Samsung Elec. Co., Ltd.*, 348 F. Supp. 2d 332, 339 (D.N.J. 2004). These sanctions often take the form of reasonable attorneys' fees. *See MOSAID Tech., Inc. v. Samsung Elec. Co., Ltd.*, 224 F.R.D. 595, 597-598 (D.N.J. 2004).

To determine the amount of reasonable attorneys' fees, the Court is guided by the well-known "lodestar" method. This method requires multiplying the hours reasonably expended by a reasonable hourly rate. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984). The prevailing party bears the burden of proving, through competent evidence, the reasonableness of the hours worked and rates claimed. *See Washington v. Phila. Cnty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir.1996). Any party may oppose a fee application by objecting with "sufficient specificity." *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir.1997). Once opposed, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 (3d Cir.2005).

While the lodestar amount is presumed to be reasonable, a court may downwardly adjust the amount based on the relative success of the plaintiff's claims. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990). "[T]he court can reduce the hours claimed by the number of hours 'spent litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed.'" *Ibid.* (citing *Institutionalized Juveniles v. Secretary of Pub. Welfare*, 758 F.2d 897, 919 (3d Cir. 1985)).

Other factors courts consider in adjusting the lodestar amount include: (1) the time spent and labor required; (2) the novelty and difficulty of the legal issues; (3) the customary fee in the community; (4) the nature and length of the professional relationship with the client; and (5) awards in similar cases. *See Public Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185, n.8 (3d Cir.1995) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)). In assessing whether a lodestar adjustment is appropriate, the court necessarily retains a great deal of discretion in deciding what is reasonable. *See Bell v. United Princeton Props*, 884 F.2d 713, 721 (3d Cir.1989).

Prevailing parties may also collect reasonable attorneys' fees for time spent preparing the fee petition. *Norton*, 36 F. Supp. 2d at 219. These fees may also be reduced to reflect the partial success of the petition. *See Institutionalized Juveniles*, 758 F.2d at 924.

## IV. Analysis

In order to compute the amount of attorneys' fees for which Mr. Palmeroni's former counsel should reasonably be compensated, the lodestar analysis requires the Court to make two determinations. First, the Court must determine whether the hourly rates Messrs. Rostan and Scampato are requesting are reasonable, and, if not, what constitutes a reasonable hourly rate. Second, the Court must determine whether the number of hours expended by Messrs. Rostan and Scampato are reasonable. To the extent that the hours are not reasonable, the Court will make the necessary downward adjustments.

### A. Hourly Rate

The reasonableness of the hourly rate claimed by an attorney is decided according to the prevailing market rates in the relevant community. *See Stenson*, 465 U.S. at 895. The party seeking the fees bears the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *WeedSchertzer v. Nudelman*, No. 10-6402, 2011 WL 4436553, at *3 (D.N.J. Sept. 23, 2011) (citing *Phila. Hous. Auth.*, 107 F.3d at 225). Courts determine reasonable rates by "assessing the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir.2001). The Court is also guided by the twelve-factor test outlined in

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 717, 717 (5th Cir.1974).[2]  *See Levy v. Global Credit and Collection Corp.*, 2011 WL 5117855 (D.N.J. Oct. 27, 2011).  The starting point in a lodestar analysis is the attorney's usual rate, "but this is not dispositive." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir.2001) (quoting *Public Int. Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir.1995)).

In connection with his motion for spoliation sanctions against NVE, Defendant Palmeroni retained Messrs. Rostan and Scampato, who request rates of $350.00 per hour and $325.00 per hour, respectively, for relevant work performed.  (*See* Docket Entry No. 234, Declaration ("Decl.") of Fred Shahrooz Scampato ¶ 5; Docket Entry No. 235, Declaration ("Decl.") of David Rostan ¶ 5).  In support, Messrs. Rostan and Scampato submit their credentials and a 2010 rate survey of plaintiffs' employment lawyers in New Jersey.  (Docket Entry No. 260, Ex. C, "Dwyer Survey").[3]

Messrs. Rostan and Scampato both have more than twenty years of experience litigating cases.  According to the Dwyer Survey, New Jersey plaintiffs' employment attorneys with over twenty years of experience command between $300.00 per hour and $500.00 per hour. (*Id.*). Messrs. Rostan's and Scampato's requested rates fall squarely within that range.  Thus, the Court finds the hourly rates requested by Messrs. Rostan and Scampato reasonable.  Therefore, the

---

[2] The twelve factors to be considered are as follows: (1) the time and labor required by the matter; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[3] Messrs. Rostan and Scampato also rely on the fact that courts previously have awarded them hourly rates of $350.00 and $325.00. (Decl. of David Rostan ¶ 5; Decl. of Fred Shahrooz Scampato ¶ 5).  However, absent additional information about the awarded-for work, the Court cannot accept Messrs. Rostan's and Scampato's conclusion that said previous awards prove the reasonableness of their requested rates.

Court will award Mr. Rostan $350.00 per hour and Mr. Scampato $325.00 per hour.[4]

### B. Hours Expanded

Next, Courts may exclude hours that are not "reasonably expended" due to excessiveness, redundancy, or lack of necessity. *See Rode*, 892 F.2d at 1183. In response to the specific objections made by a party opposing the award of fees and costs, a court must conduct a "thorough and searching analysis" to identify charges that should be excluded. *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, 362 (3d Cir.2001). For example, when attorneys perform work that "may [be] tangentially related to the sanctions motion, [but] plaintiff most likely would have performed this work irrespective of the instant dispute[,]" a court may disallow the hours. *MOSAID Techs. Inc.*, 224 F.R.D. at 598. Alternatively, when multiple attorneys bill a large number of hours for strategy and conferencing, a reduction in the fee request may be appropriate. *See Daggett v. Kimmelman*, 811 F.2d 793, 797 (3d Cir.1987).

NVE objects to numerous specific time entries claimed by Messrs. Rostan and Scampato on the grounds that the hours expended were unreasonable due to excessiveness and/or duplication. (NVE Opp. Br. at 9-16). The Court has undertaken a thorough review of Messrs. Rostan's and Scampato's time entries and finds that NVE's objections are sound. The Court will downwardly adjust the fees requested accordingly.

First, Messrs. Rostan and Scampato submit that they spent 30.65 hours and 34.5 hours, respectively, reviewing the file as well as the related discovery. NVE contends that these hours

---

[4] In fact, NVE does not argue that the hourly rates requested by Messrs. Rostan and Scampato are unreasonable. Rather, NVE claims that since Messrs. Rostan and Scampato billed Defendant Palmeroni at a rate of $175.00 per hour, the lodestar analysis should be performed using the actual rate billed rather than higher requested rates. (NVE Opp. Br. at 6-7). However, the Court notes that the $175.00 hourly rate billed to Mr. Palmeroni is only one component of Messrs. Rostan's and Scampato's "hybrid" compensation agreement that also includes a contingency fee. (Docket Entry No. 260, Declaration ("Decl.") of Rostan and Scampato ¶ 9). Therefore, the actual hourly rate Messrs. Rostan and Scampato billed Mr. Palmeroni is not instructive as to the total reasonable hourly rate to which they are entitled.

are not properly attributable to Mr. Palmeroni's spoliation motion. (*Id.* at 9-12). The Court agrees. Messrs. Rostan and Scampato most likely would have conducted this review of their files and of documents produced by NVE in the context of the underlying litigation, regardless of the spoliation motion. *See Mosaid*, 224 F.R.D. at 598. To that end, these materials were in counsel's possession long before the instant dispute arose since NVE produced the file and discovery materials at the inception of the case. (NVE Opp. Br. at 9-10). Therefore, the Court disallows 30.65 hours from Mr. Rostan's petition and 34.5 hours from Mr. Scampato's petition.

Second, NVE objects to Messrs. Rostan's and Scampato's entries totaling 26.2 hours and 27.2 hours, respectively, for conferences between the two attorneys. NVE argues that these hours are excessive, duplicative, and, in some instances, not properly attributable to Mr. Palmeroni's spoliation motion. (*Id.* at 12-14). NVE is correct. As an initial matter, the Court will disallow Messrs. Rostan's and Scampato's requests of 2.3 hours and 1.95 hours, respectively, for discovery conferences which most likely would have taken place regardless of the spoliation motion. *See Mosaid*, 224 F.R.D. at 598. Finally, the Court finds that only a fraction of the remaining time requested for conferences was reasonably expended. For Messrs. Rostan and Scampato to have billed almost twenty percent of their total time for conferences with each other is excessive and duplicative. *See Morris v. I.C. Sys., Inc.*, No. 06-2133, 2009 WL 1362594, at *5 (E.D. Pa. May 15, 2009) ("[P]laintiffs' attorneys spent an unreasonable amount of time in internal status and strategy conferences for such experienced lawyers dealing with a case of such simple facts and familiar law."). Accordingly, the Court will credit Mr. Rostan for only 5.9 hours and Mr. Scampato for only 6.25 hours.

Third, Messrs. Rostan and Scampato submit entries totaling 63.4 hours and 78.86 hours, respectively, for research and writing of the opening and reply briefs submitted in connection

with the spoliation motion. (NVE Opp. Br. at 14-15). NVE maintains that these hours are excessive. (*Ibid.*). In the Court's view, only one-third of the time requested by counsel was reasonably expended. The factual and legal issues implicated in Defendant Palmeroni's spoliation motion were not terribly complex. *See Maldonado*, 256 F.3d at 186. Indeed, the Court is puzzled as to why Mr. Scampato, who relays his expertise in the area of spoliation in his fee petition, conducted more than thirty hours of research related to the motion. *See Gillem v. Astrue*, No. 06-6184, 2008 WL 1925302, at *2 (D.N.J. Apr. 30, 2008). Consequently, the Court reduces Mr. Rostan's total to 21.1 hours and Mr. Scampato's total to 26.3 hours.

Fourth, NVE objects to Messrs. Rostan's and Scampato's requests to be compensated at their full hourly rates for time spent on travel totaling 1.9 hours and 1.5 hours, respectively. (NVE Opp. Br. at 15-16). The Court finds that Messrs. Rostan and Scampato are not entitled to their full hourly rates for time spent traveling. In New Jersey, an attorney is allowed only a reduced rate for travel time not spent conducting legal work. *See Equal Emp't Opportunity Comm'n v. United Parcel Serv.*, No. 06-1453, 2009 LEXIS 91241, at *3 (D.N.J. Sept. 30, 2009) (Court found "that the prevailing rate for travel time in New Jersey is fifty percent of the attorney's reasonable market rate[.]"). Therefore, the Court reduces each attorney's hourly rate for the time they spent traveling by fifty percent—*i.e.*, $175.00 per hour and $162.50, respectively.

Fifth, NVE argues that the fees awarded to Messrs. Rostan and Scampato should be reduced consistent with Defendant Palmeroni's limited success on his spoliation motion. (NVE Opp. Br. at 11-12). The Court acknowledges that Mr. Palmeroni's motion was not entirely successful. In fact, Mr. Palmeroni's motion was granted on only three of the many categories for which Mr. Palmeroni sought an adverse inference. (*See* Docket Entry No. 231). However, when

a party's "claim for relief will involve a common core of facts or will be based on related legal theories[,] the fee award should not be reduced simply because the [party] failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435.  Here, Mr. Palmeroni's spoliation claims all relied on a common allegation; namely, that NVE both acted with gross negligence and violated a duty to preserve relevant evidence.  Accordingly, the Court will not further reduce Messrs. Rostan's and Scampato's fee awards despite Mr. Palmeroni's failure to prevail on each claim.

Finally, Messrs. Rostan and Scampato submitted additional time entries, totaling 33.20 hours and 15.95 hours, respectively, for time spent on their reply brief to the instant application, declaration, and opposition to NVE's motion for reconsideration.  (*See* Docket Entry No. 260).  NVE neither opposed this additional time nor sought leave to file opposition.  The Court finds these time entries to be excessive, particularly considering that Messrs. Rostan and Scampato had already spent 142 hours researching and briefing the spoliation motion.  However, this Court cannot, of its own accord, reduce time entries to which NVE did not specifically object.  The Third Circuit has made clear that a district court may not *sua sponte* reduce a fee award from the amount requested in the fee petition.  *See Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694,711 (3d Cir.2005) ("The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party."); *Weed–Schertzer*, 2011 WL 4436553, at *7 (refusing to *sua sponte* reduce plaintiff's counsel fees beyond the figure suggested by defendant).  As such, we must credit Mr. Rostan for 33.20 hours and credit Mr. Scampato for 15.95 hours.

### C. Lodestar Analysis

Counsel will be billed at the following hourly rates: Mr. Rostan ($350.00) and Mr.

Scampato ($325.00). As set forth above, however, 1.9 hours of the time billed by Mr. Rostan will have a reduced fee of $175.00, and 1.5 hours of the time billed by Mr. Rostan will have a reduced fee of $162.50. The lodestar is as follows:

| Attorney | Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Mr. David Rostan | 62.10 | $350.00 | $21,402.50 |
| Mr. Fred Scampato | 50.00 | $325.00 | $16,006.25 |
| **Total** | **112.10** | | **$37,408.75** |

### V.     Conclusion

In light of the foregoing, Messrs. Rostan's and Scampato's Fee Petitions are granted but the total legal fees sought for work performed will be reduced consistent with the Court's findings herein. Messrs. Rostan and Scampato will be awarded reasonable attorneys' fees and costs totaling $21,402.50 and $16,006.25, respectively. An accompanying Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**