November 30, 2012

Hon. Esther Salas
United States District Judge
Martin Luther King, Jr., Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re: **NVE, Inc. v. Palmeroni, et al.**
         **Civil Action No. 06-5455 (ES) (CLW)**
         <u>**Our File No. 6026-044**</u>

Dear Judge Salas:

  Please accept this letter on behalf of our clients, Plaintiff N.V.E., Inc. and Third Party Defendants Robert Occhifinto and Walter Orcutt (collectively referred to herein as "NVE"), in lieu of a more formal response to the Motion to Withdraw (#310) filed by counsel for Defendants Vincent Rosarbo ("Rosarbo"), American Wholesale Distribution, Inc. ("AWD") and VAR Consulting, Inc. ("VAR").

  Franzblau Dratch, P.C. has moved for permission to withdraw from their representation of Rosarbo, AWD and VAR, alleging that defendants have failed to meet their attorney's fee obligations in this matter and will continue to do so in the face of imminent extensive discovery. Counsel has also indicated that AWD and VAR are out of business and not operating, causing no prejudice to the corporate defendants, although no proof of dissolution has been provided. NVE opposes this motion to the extent that it will cause further delay in the overall case and in pending discovery.

  Motions to withdraw are governed by Local Rule 102.1, which provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except

Hon. Esther Salas, U.S.D.J.
December 3, 2012
Page | 2

by leave of Court." The decision of whether to permit counsel to withdraw is left to the sound discretion of the court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996); *Euro Classics, Inc. v, PBB Global Logistics*, 2008 U.S. Dist. LEXIS 61437 *2-3 (attached as Exhibit A to the November 30, 2012, Certification of Aidan P. O'Connor ("O'Connor Cert.")). Rosarbo, AWD and VAR have not, to our knowledge, retained new counsel to represent them in this case.

Rule of Professional Conduct 1.16(b) applies in this case and permits an attorney to withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetuate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause shown for withdrawal exists.

See also *Haines v. Liggett Group, Inc.*, 814 F.Supp. 414, 422 (D.N.J. 1993).

The Court in *Haines* noted that RPC 1.16(c), "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause". *Haines*, 814 F.Supp at 422. The following factors should be considered in conjunction with a motion for withdrawal: "(1) the reasons why withdrawal

is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*, at 423; *accord U.S. ex. rel., Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys.*, 994 F.Supp. 244, 252-253 (D.N.J. 1997); *Euro Classics, Inc.*, 2008 U.S. Dist. LEXIS 61437 *3 (Exhibit A to O'Connor Cert.).

NVE is concerned about the potential delay that granting this motion will have not only on this matter as a whole, but also on the discovery which is to take place over the next several months. Paper discovery has been propounded upon these defendants and deposition notices were served on October 19, 2012. Depositions are currently scheduled to be taken throughout the months of December and January.

While sensitive to the financial burden on defense counsel, NVE's position is that discovery should continue so as to move this long-pending matter toward final resolution. For the reasons stated herein, this Court should only grant the Motion to Withdraw filed by counsel for Defendants Vincent Rosarbo, American Wholesale Distribution, Inc. and VAR Consulting, Inc. if it does not cause unnecessary delay in the prosecution of this case.

Respectfully submitted,

*Aidan P. O'Conn*

AIDAN P. O'CONNOR

cc: All counsel of record via electronic filing.