UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC.,<br><br>   Plaintiff,<br><br> v.<br><br>JESUS J. PALMERONI a/k/a JOSEPH PALMERONI, et alia,<br><br>   Defendants.<br><hr>JESUS J. PALMERONI,<br><br>   Third-Party Plaintiff,<br><br> v.<br><br>ROBERT OCCHIFINTO and WALTER ORCUTT,<br><br>   Third-Party Defendants. | CIV. NO. 06-5455 (ES) (CLW)<br><br>**SETTLEMENT AGREEMENT BETWEEN AND AMONG N.V.E., INC., CB DISTRIBUTORS AND CARLOS BENGOA** |

  1. Plaintiff N.V.E., Inc. ("NVE") is a manufacturer, distributer and seller of nutritional supplements and energy drinks with its principal place of business in Andover, New Jersey.

  2. Defendant CB Distributors, Inc., ("CB Distributors") is, among other things, a distributor of NVE products, with its principal place of business in Beloit, Wisconsin.

  3. Defendant Carlos Bengoa is the owner and president of CB Distributors.

  4. NVE, CB Distributors and Carlos Bengoa are referred to collectively as "the Parties".

<span style="float:right">*CB*</span>

5. NVE filed an amended complaint against CB Distributors, Carlos Bengoa and others on or about May 18, 2011, in the United States District Court for the District of New Jersey, Docket No. 06-cv-5455 (ES) (CLW), (the "Amended Complaint").

6. NVE, CB Distributors and Carlos Bengoa desire to resolve and settle all issues raised in or by the Amended Complaint by and among themselves without further litigation or adjudication.

7. The maintenance of a cordial ongoing business relationship between the Parties involving the sale and distribution of NVE products to and by CB Distributers and Carlos Bengoa has substantial economic value to each of the parties.

8. The Parties have completely settled their monetary differences related to this lawsuit.

9. Carlos Bengoa agrees to testify truthfully and to provide truthful affidavits, certifications and documents if called to do so in connection with this matter. CB Distributors agrees to produce relevant documents and information and to produce relevant witnesses in connection with this matter. The Carlos Bengoa and CB Distributors further agree to meet with attorneys and representatives of NVE to provide information regarding the roles and actions of the defendants and related parties in this lawsuit.

10. NVE agrees to dismiss the Amended Complaint ~~with~~ *without CB* prejudice as against CB Distributors and Carlos Bengoa pursuant to Rule 41 of the Federal Rules of Civil Procedure.

11. The Parties release and forever discharge each other and their agents, employees, officers, directors, representatives, successors, attorneys and assigns from

2

any and all claims or causes of action of any type whatsoever, legal or equitable, arising from or pertaining to the alleged fraudulent purchase of NVE products, kickbacks to NVE employees, conspiracy and any other claim or counterclaim set forth in the Amended Complaint.

12. The Parties agree not to bring any claim, suit, proceeding or action against each other arising as a result of any conduct, circumstances, or events that arose out of, or could have arisen out of, or are related to the facts at issue in the Amended Complaint or any counter claims raised in this lawsuit.

13. The Parties further agree and acknowledge that the Settlement is in compromise and satisfaction of matters involving disputed issues of law and fact, and the Parties fully assume the risk that the facts and the law may be otherwise than they believe them to be. No admission against interest is made hereby by the undersigned parties.

14. The Parties agree that the existence and contents of this Settlement and Release, including, but not limited to the amount of the settlement payment, are strictly confidential, and that no Party shall disclose the existence and/or contents of this Settlement and Release, or of the negotiations leading to its execution, without the prior written consent of the other Parties, which may be given after receiving a minimum of ten days written notice of the impending disclosure, except: (i) as may be required by law or legal process; or (ii) as may be required to its legal counsel or financial advisors, who have agreed to maintain the strict confidentiality of this Settlement and Release or (iii) as may be required by the Parties hereto in pursuing claims, including but not limited to, commencing, prosecuting, negotiating, and/or settling actions and/or defenses

(including conducting and responding to discovery), with third parties (not otherwise prohibited hereunder), in connection with the facts and circumstances set forth in this Lawsuit.

15. This Agreement shall be construed and interpreted in accordance with the laws of the State of New Jersey. The parties agree and consent to New Jersey as the sole and exclusive forum for any and all controversies or claims arising out of or related to this Agreement.

16. The parties agree that each party has had the opportunity to confer with legal counsel on the terms of this Agreement and that it shall not be subject to the principle that any ambiguities shall be construed against the drafter of the Agreement or any particular provision.

17. The provisions of this agreement are severable, and if any part of it is found to be illegal or unenforceable for any reason, the other paragraphs shall remain fully valid and enforceable.

18. The Parties agree that there are no additional promises or assurances between the parties other than those written in this Agreement and that this Agreement constitutes the entire Agreement and the understanding of the parties.



19.  The Parties may sign this agreement in counterparts and the parties agree to accept facsimile signatures in lieu of original signatures.

Dated: February 28, 2013

N.V.E., INC.

By: _____
Erling Jensen
Chief Financial Officer &
Corporate Secretary

Dated: March 5th, 2013

CB DISTRIBUTORS, INC.

By: _____
Carlos Bengoa
President

Dated: March 5th, 2013

CARLOS BENGOA

_____
Carlos Bengoa