NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., <br><br> Plaintiff, <br><br> v. <br><br> JESUS J. PALMERONI, et al., <br><br> Defendants. | Civil Action No. 06-05455 (ES) <br><br><br><br> OPINION |
| JESUS J. PALMERONI, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> ROBERT OCCHIFINTO AND WALTER ORCUTT, <br><br> Third-Party Defendants. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court are the following motions: (1) Defendant Jesus J. Palmeroni's Motion For Reconsideration of the September 10, 2012 Order awarding attorneys' fees to Mr. Palmeroni's then-counsel – David Rostan and Fred Shahrooz-Scampato, (Motion For Reconsideration ("Mot."), D.E. No. 296); and (2) Plaintiff N.V.E. Inc.'s ("NVE") Cross-Motion For Reconsideration of the same Order, (Memorandum of Law in Opposition to Defendant Palmeroni's Motion for Reconsideration of Order Entered September 10, 2012, for Counsel Fees and In Support of Plaintiff NVE's Cross-Motion ("Opp. Br."), D.E. Nos. 312-14). For the

1

reasons set forth below, Mr. Palmeroni's Motion is DENIED, and NVE's Cross-Motion is DENIED in part and GRANTED in part.

I. BACKGROUND

Inasmuch as this Court writes for the parties in dispute, only a brief recitation of the facts and procedural history in this case is provided.[1] On February 15, 2011, Mr. Palmeroni moved for sanctions against NVE based on the alleged spoliation of evidence. (First Mot. For Sanctions For Spoliation, D.E. No. 180). On September 21, 2011, the Court granted the motion in part and denied in part, and, *inter alia*, ordered NVE to pay monetary sanctions. *N.V.E., Inc. v. Palmeroni*, No. 06-5455, 2011 WL 4407428, at *1, *8 (D.N.J. Sept. 21, 2011).[2] On October 5, 2011, NVE filed a Motion For Reconsideration of the Court's decision, (D.E. No. 237), which was denied on June 5, 2012, *N.V.E., Inc. v. Palmeroni*, No. 06-5455, 2012 WL 2020242 (D.N.J. June 5, 2012).

On October 4, 2011, Rostan and Scampato filed their declarations in support of their requests for attorneys' fees, which totaled $95,078.25. (Decls. In Support of Attorney Fees ("Fee Petitions"), D.E. Nos. 234-35). The Court granted the Fee Petitions but reduced the total amount of fees and costs to $37,408.75. *N.V.E., Inc. v. Palmeroni*, No. 06-5455, 2012 WL 3961342, at *5 (D.N.J. Sept. 10, 2012). The Court also determined that Mr. Palmeroni's other attorney—Mr. Robert A. Vort—was not entitled to any fees because his work was wholly duplicative to that performed by Rostan and Scampato. *Id.* at *1 n.1.

On September 24, 2012, Mr. Palmeroni filed the instant motion for reconsideration. (D.E. No. 296). On November 14, 2012, NVE opposed Mr. Palmeroni's motion and cross-

---

[1] A detailed recitation of the underlying facts has been set forth in the Court's Opinion dated May 11, 2011, and is incorporated by reference herein. *N.V.E., Inc. v. Palmeroni*, No. 06-5455, 2011 WL 1792788, at *1-*2 (D.N.J. May 11, 2011).

[2] The Court noted that the amount of the monetary sanctions would be determined at a later time. *Id.* at *8.

moved for an order to deposit the $34,408.75 into the Pashman Stein attorney trust account, or in the alternative, with the Court pending appeal, further order of this Court and/or final resolution of the case.[3] (D.E. Nos. 312-14). On November 26, 2012, Mr. Palmeroni filed a reply brief in support of his motion and in opposition to NVE's cross-motion. (Reply Br. of Jesus J. Palmeroni in Support of Motion for Reconsideration of Order Entered September 10, 2012 ("Palmeroni Reply Br."), D.E. No. 320). On December 3, 2012, NVE filed a reply brief in support of its cross-motion. (Letter Br. ("NVE Reply Br."), D.E. No. 325). Former counsel for Mr. Palmeroni, David Rostan and Fred Shahrooz-Scampato, also filed a letter brief in opposition of the motion for reconsideration of their fee award, as well as NVE's cross-motion to deposit the funds. (Letter Br. ("Former Counsel Letter Br."), D.E. No. 315).

## II. LEGAL STANDARD

A party seeking reconsideration must satisfy a high burden, and must "show[ ] one of the three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Jackson v. City of Phila.*, Nos. 12-2986, 12-3187, 2013 WL 363463, at *4 (3d Cir. Jan. 31, 2013).

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). But the "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court

---

[3] On October 9, 2012, NVE filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit ("Third Circuit"), *inter alia*, to appeal this Court's September 21, 2011 sanctions order and the September 10, 2012 fee petition order. (Notice of Appeal, D.E. No. 300). The Third Circuit granted the Appellee Mr. Palmeroni's motion to dismiss the appeal because the orders were "not final or immediately appealable." (No. 12-3922, Order (3d Cir. Mar. 18, 2013), D.E. No. 367 ("Third Circuit Order")).

overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011).

"A party seeking reconsideration must show more than a disagreement with the Court's decision . . . ." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). "A motion for reconsideration is improper when it is used 'to ask the court to rethink what it had already thought through, rightly or wrongly.'" *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Reconsideration is an "extraordinary remedy," which should be "granted very sparingly." *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) ("[R]econsideration is an extraordinary remedy, that is granted very sparingly, and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.") (internal citations omitted). The moving party in a motion for reconsideration must set forth concisely the matter or controlling decisions that counsel believes the Court has overlooked. *Degnan*, 748 F. Supp. at 275. "The only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached . . . ." *Id*.

### III. DISCUSSION

#### A. <u>Mr. Palmeroni's Motion For Reconsideration</u>

The Court now addresses Mr. Palmeroni's arguments in support of his motion for reconsideration. Mr. Palmeroni argues that the attorneys' fees should have been awarded directly to him rather than to his two former attorneys. (Mot. 1). Mr. Palmeroni contends that the Court overlooked the Supreme Court decision in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), which he argues ostensibly stands for the proposition that attorneys' fees belong to the clients

and not to their attorneys. (*Id.*). Furthermore, Mr. Palmeroni argues that the Court does not have subject matter jurisdiction to decide fee disputes between attorneys and clients. (*Id.* at 4). Finally, Mr. Palmeroni's submits that the Court's failure to consider the *Astrue* holding resulted in "error to totally discount the services of Robert A. Vort, counsel for Palmeroni, the person to whom the fees are to be paid." (*Id.* at 5 (formatting altered)).

First, the Court interprets Mr. Palmeroni's first argument to mean that the Court must now reconsider its prior Order to correct a clear error of law in view of *Astrue*. That case involved a suit for Social Security benefits and addressed a motion for attorneys' fees under the Equitable Access to Justice Act ("EAJA"). *Astrue*, 130 S. Ct. at 2524. The Supreme Court explained that the EAJA provides, in pertinent part, that "a court shall *award to a prevailing party* . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." *Id.* (quoting 28 U.S.C. § 2412(d)(1)(A) (emphasis added)). Interpreting this statute, the Supreme Court reasoned that the fees belonged to the litigant and not to the attorney. *Id.* at 2525.

Relying on the *Astrue* holding, Mr. Palmeroni contends that "it makes no sense for fees to be awarded to the party under both Equitable Access to Justice Act and under the Civil Rights Attorneys [sic] Fee Award Act but not under Rule 37." (Mot. 3). The Court finds Mr. Palmeroni's argument unpersuasive because the *Astrue* holding is limited specifically to attorneys' fees under the EAJA. *Astrue,* 130 S. Ct. at 2524. In this case, the Court did not award attorneys' fees under the EAJA. Rather, the Court imposed spoliation sanctions pursuant to Fed. R. Civ. P. 37 and its inherent authority.[4] *N.V.E., Inc.*, 2011 WL 4407428, at *8; *see also Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (citing *Scott v. IBM*

---

[4] Rule 37 provides for the payment of attorney's fees without necessarily directing the payment to the "prevailing party." Fed. R. Civ. P. 37.

5

*Corp.*, 196 F.R.D. 233, 247-48 (D.N.J. 2000)). Therefore, the *Astrue* holding is not controlling in this matter.[5]

Moreover, this District, as well as other jurisdictions, have awarded Rule 37 attorneys' fees to attorneys rather than litigants. *See, e.g.*, *Kramer v. Tribe*, 156 F.R.D. 96, 111 n.11 (D.N.J. 1994), *aff'd*, 52 F.3d 315 (3d Cir. 1995) (noting that "an award of attorneys' fees [under the Federal Rules of Civil Procedure] is exactly that, an award to the attorney of record in a litigation"); *David v. Hooker, Ltd.*, 560 F.2d 412, 421 (9th Cir. 1977) (affirming a trial court order directing that a Rule 37 award be paid to plaintiff's attorney). Therefore, reconsideration is not warranted in view of *Astrue*. The Court finds that Mr. Palmeroni has failed to meet the high burden required for reconsideration.

Second, Mr. Palmeroni contends that the Court committed clear error of law when it awarded attorneys' fees because it did not have subject matter jurisdiction to decide the issue of the fee dispute between Mr. Palmeroni and his former attorneys. (Mot. 4). Mr. Palmeroni claims that the District Fee Arbitration Committees ("DFAC") of the Supreme Court of New Jersey have exclusive jurisdiction over these matters. (*Id.* at 5). This argument is entirely without merit because the Court acted within its jurisdiction when it awarded monetary sanctions, including the attorneys' fees, under Rule 37 and its inherent powers. *See Mosaid Techs. Inc.*, 348 F. Supp. 2d at 335 ("This Court has the authority to impose spoliation sanctions pursuant to the Federal Rules of Civil Procedure and this Court's inherent authority."). Rule 37 explicitly provides that Court may impose sanctions including attorneys' fees. Fed. R. Civ. P.

---

[5] Mr. Palmeroni cites to two cases from other jurisdictions to support that the fee award should be given to the parties, not to their counsel. Neither *Crown Castle USA, Inc. v. Fred A. Nudd Corp.*, No. 05-6163T, 2010 WL 1286366, at *18 (W.D.N.Y. Mar. 31, 2010) nor *Chan v. Triple 8 Palace, Inc.*, No. 03-6048, 2005 WL 1925579, at *10 (S.D.N.Y. Aug. 11, 2005), however, address the precise issue of whether the attorney or the litigant is entitled to the attorneys' fees under Rule 37. The Court finds that these cases are not persuasive and vague on this issue.

37. Mr. Palmeroni conflates a fee dispute between a client and his attorneys, which was not before the Court, with the Court's discretion to impose spoliation sanctions under Rule 37.

Finally, Mr. Palmeroni argues that the Court erred when it failed to consider *Astrue* and discounted the services of his new attorney, Mr. Vort. (Mot. 5). In effect, Mr. Palmeroni asks the Court "to rethink what it had already thought through, rightly or wrongly." *Oritani S & L*, 744 F. Supp. at 1314. Specifically, this Court already decided that Mr. Vort's services were duplicative of the services provided by Rostan and Scampato and finds no reason that warrants a second bite of the apple. *N.V.E., Inc.*, 2012 WL 3961342, at *1 n.1. Mr. Palmeroni has failed to establish any grounds for this Court to reconsider its decision.

In sum, this Court finds that Mr. Palmeroni has failed to meet his burden of demonstrating that the Court committed clear error of law that would amount to manifest injustice. Accordingly, the Court must deny Mr. Palmeroni's motion for reconsideration.

### B. **NVE's Cross-Motion For Reconsideration**

In its cross-motion for reconsideration, NVE argues that it should not pay the attorneys' fees now, because it is likely that NVE will prevail at trial on the underlying claims against Mr. Palmeroni, and NVE may not be able to collect on the judgment. (Opp. Br. 7). To prevent this outcome, NVE proposes that the Court postpone the imposition of attorneys' fees until the case is resolved, and "any sanction penalty should be set off against the final determination of what Palmeroni owes NVE." (*Id.* at 7-8). NVE also avers that "[e]ven if the Court of Appeals declines to hear the appeal at this time, NVE plans to appeal this issue at the end of the case. . ." and requests that the Court order NVE to deposit the attorneys' fees into its attorneys' trust account or with the Court until the case is resolved. (*Id.* at 8-10). For the reasons set forth below, NVE's cross-motion is denied in part and granted in part.

First, the Court finds that NVE also fails to meet its high burden of showing that there is an intervening change of applicable law, new evidence that was not available at the time of the Court's Order, or clear error of law or fact. *See Quinteros*, 176 F.3d at 677. NVE asks the Court for the proverbial "second bite at the apple," which the Court cannot accept. *See Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (internal citation omitted). Notably, NVE filed its cross-motion on November 14, 2012 and, therefore, did not timely file its motion for reconsideration of the September 10, 2012 Order. *See* L. Civ. R. 7.1(i) (Under the Local Rules, a motion for reconsideration must be served and filed within 14 days after the entry of the order.). The Third Circuit has since denied review of this Court's September 21, 2011 Order, as well as the September 10, 2012 Order, because they were "not final or immediately appealable." (Third Circuit Order 2).

Although the Court need not entertain NVE's cross-motion for reconsideration of the September 10, 2012 Order, the Court notes that NVE's latest request for reconsideration stems from its own spoliation of evidence. This Court will not delay or offset payment of spoliation sanctions based on a party's representations that it will ultimately succeed on the merits of the underlying claim. NVE argues that "[t]he general rule is that a judgment for costs for one party may be set off against a judgment for another in the same action." (Opp. 8 (quoting 10 Wright and Miller, FEDERAL PRACTICE & PROCEDURE § 2667 (3d ed.)). NVE fails, however, to note the next section from Wright and Miller's Federal Practice and Procedure, which states:

> Indeed, there is a passage in one case that indicates that a judgment for costs in the court of appeals may be set off against a judgment for costs in the Supreme Court, but it is a cloudy one. Further, this result is unsound since a determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided. Even the general set-off rule is subject to exceptions with regard to costs.

10 Wright and Miller, FEDERAL PRACTICE & PROCEDURE § 2667. Here, a determination on the underlying claims and on Mr. Palmeroni's alleged misconduct has not been made and is not final. To offset the spoliation sanctions would also contradict the purposes of Rule 37: (1) to penalize the culpable party or attorney; (2) to deter others from engaging in similar conduct; (3) to compensate the court and other parties for the expense caused by the abusive conduct; and (4) to compel discovery and disclosure. *Barnett v. NJ Transit Corp.*, No. 10-3871, 2012 WL 295635, at *2 (D.N.J. Feb. 1, 2012) (citation omitted). Thus, this Court will not undermine the purposes of Rule 37 and will not offset the spoliation sanctions when the underlying claims are resolved.

Nonetheless, this Court finds it prudent to place the spoliation sanctions in escrow with the Court pending the outcome of an appeal of the sanctions opinion upon final resolution of this matter.

Therefore, the Court must deny NVE's cross-motion to delay and offset the sanctions award against the final determination on the merits. The Court will, however, grant NVE's cross-motion to allow NVE to deposit the sanctions into the Registry of the Court pending resolution of an appeal following the final disposition of this matter or further order of this Court.

## IV. CONCLUSION

For the aforementioned reasons, Mr. Palmeroni's motion for reconsideration is DENIED and NVE's cross-motion for reconsideration is DENIED in part and GRANTED in part. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Hon. Esther Salas, U.S.D.J.**