UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**N.V.E., INC.,**

*Plaintiff,*

v.

**JESUS J. PALMERONI, et al.,**

*Defendants.*

Civil Action No. 06-5455

ORDER

**THIS MATTER** comes before the Court on Plaintiff N.V.E., Inc.'s ("Plaintiff") motion for final judgment by default against Defendant Angelina Rosarbo, Dkt. No. 554, pursuant to Fed. R. Civ. P. 55(b)(2);

and it appearing that, in this case, Plaintiff asserts that its employees and their entities defrauded Plaintiff by running schemes to divert commission payments and sell Plaintiff's products for a lower price;

and it appearing that Ms. Rosarbo's liability is premised on her position as an officer in Defendant VAR Consulting, one of the entities accused of participating in the schemes;

and it appearing that Ms. Rosarbo filed an Answer, Dkt. No. 262, but the Clerk's Office entered default against her when she failed to further defend the action, Dkt. No. 543;

and it appearing that Plaintiff moved for default judgment in March 2016, Dkt. No. 554;

and it appearing that, in April 2016, Ms. Rosarbo obtained Robert Basil, Esq., as counsel, but Mr. Basil withdrew because his representation of several co-Defendants created a conflict of interest, Dkt. Nos. 558, 568;

and it appearing that Ms. Rosarbo, who is currently pro se, opposed Plaintiff's default judgment motion, Dkt. Nos. 584, 589, 602;

1

and it appearing she explains that she did not defend the action because she believed her husband (another defendant in this case) was doing so on her behalf, and that she is innocent of any wrongdoing because her husband named her as an officer in VAR Consulting without her knowledge, see Dkt. No. 584 at ¶¶ 1-3; Dkt. No. 602 at ¶¶ 2-5;

and it also appearing that Plaintiff notes Ms. Rosarbo's history of noncompliance with court orders in this case and the fact that fact discovery has closed, see Dkt. No. 599 at 1-5;

but it appearing that, on balance, her response satisfies the requirements to set aside a default for good cause under Fed. R. Civ. P. 55(c), see U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (requiring district court to consider (1) whether the default was the result of the defendant's culpable conduct; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced);

**IT IS**, on this 18th day of October, 2016,

**ORDERED** that Plaintiff's motion, Dkt. No. 554, is **DENIED**; and it is

**ORDERED** that the Clerk's Entry of Default against Ms. Rosarbo is **VACATED**; and it further

**ORDERED** that Ms. Rosarbo is advised that the Court will entertain a renewed motion for default if she fails to comply with any further Court orders.

> */s Madeline Cox Arleo*
> **MADELINE COX ARLEO**
> **United States District Judge**