# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **N.V.E., INC.,**  *Plaintiff,*  v.  **JESUS J. PALMERONI, et al.,**  *Defendants.*  ───────  **JESUS J. PALMERONI,**  *Third-Party Plaintiff,*  v.  *ROBERT OCCHIFINTO and WALTER ORCUTT,*  *Third-Party Defendants.* | Civil Action No. 06-5455  **OPINION and ORDER** |

**THIS MATTER** comes before the Court on Third Party Plaintiff Jesus Palmeroni's motion to reconsider the Court's Order dated January 27, 2017, granting summary judgment in favor of Counterclaim Defendant N.V.E., Inc., and Third Party Defendants Robert Occhifinto and Walter Orcutt. ECF No. 641.[1] Specifically, Palmeroni seeks reconsideration on his Conscientious Employee Protection Act ("CEPA") retaliation claim under N.J.S.A. §§ 34:19-1, et seq., and common law fraud claim, respectively counts one and four of his Third Party and Counterclaim Complaint. See Br. at 2, ECF No. 641-5. For the reasons set forth below, the motion is **DENIED**.

---

[1] The transcript of the oral argument and the Court's oral opinion is available at ECF No. 654.

A party seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The standard is high; reconsideration is not an opportunity for a party to "relitigate the case." OR v. Hunter, 576 F. App'x 106, 110 (3d Cir. 2014). A motion for reconsideration is not an alternative to the appellate process, and one that merely raises "a difference of opinion with the court's decision" must be denied. Ownbey v. Aker Kvaerner Pharm. Inc., No. 07-2190, 2015 WL 7295892, at *1 (D.N.J. Nov. 17, 2015).

Palmeroni first argues that he is entitled to an adverse inference charge based on the Court's prior opinion, N.V.E., Inc. v. Palmeroni, No. 06-5455, 2011 WL 4407428, at *2 (D.N.J. Sept. 21, 2011), and the adverse inference precludes summary judgment against him on his CEPA claim. The Court disagrees.

At the outset, Palmeroni did not raise the adverse inference argument in his opposition papers, see generally ECF No. 613; he raised it for the first time at oral argument. That is reason enough to reject it. See Baker v. Hopeman Bros., No. 11-01646, 2012 WL 7761420, at *1 (E.D. Pa. Nov. 9, 2012) ("[B]ecause Defendant did not raise a challenge to the sufficiency of Plaintiff's evidence pertaining to . . . causation, it will not consider such an argument raised for the first time during oral argument."). But even turning to the merits of his argument, it still fails.

CEPA requires proof of four elements: "(1) that the plaintiff reasonably believed that employer's conduct violated a law or regulation; (2) that the plaintiff performed "whistle-blowing activity" as defined in CEPA; (3) that an adverse employment action has been taken against him or her; and (4) that the whistle-blowing activity caused such adverse employment action." Ivan v. Cty. of Middlesex, 595 F. Supp. 2d 425, 466 (D.N.J. 2009). The Court agrees with Palmeroni that its prior decision could entitle him to an adverse inference on parts of his CEPA claim. In that

claim, Palmeroni alleges that he was fired for whistleblowing when Occhifinto told him to make sales in cash, which he would not report to the creditor committee overseeing N.V.E.'s bankruptcy. See Counterclaim & Third Party Compl. ¶ 4(c), ECF No. 401. In its opinion, the Court noted that "Mr. Palmeroni believes that the MACS system maintained other records, including notes made by sales people and evidence of cash sales to support his counterclaim . . . [T]he Court finds that, at minimum, the accounts payable, accounts receivable, purchase orders and commission statements are relevant to this litigation . . . [T]his Court finds that an adverse inference is appropriate . . . ." See also N.V.E., 2011 WL 4407428, at *2, 7. But the Court does not agree with Palmeroni that an adverse inference allows his CEPA claim to survive summary judgment. The evidence of cash sales is relevant only to the first two elements of the claim—whether Palmeroni believed his employers were committing bankruptcy fraud and whether he engaged in whistleblowing activity. It is irrelevant to the fourth element, causation. As the Court held in its summary judgment decision, no reasonable jury could conclude that Palmeroni was fired because he engaged in whistleblowing activity. Rather, the evidence established that he was fired because his bosses discovered that he perpetrated a multi-million dollar scheme to defraud the company. Tr. 69:15-25, 77:4-79:1.

Moreover, Palmeroni has not explained what part of the Court's adverse inference decision applies to the CEPA causation issue. As he did at oral argument, he argues in conclusory terms that the destroyed records "were needed to prove Palmeroni's counterclaims and third-party claims." Br. 3. He cannot avoid summary judgment by raising a vague argument for the first at oral argument. Accordingly, Palmeroni's first theory for reconsideration fails.[2]

---

[2] It is unclear if Palmeroni also seeks reconsideration of his New Jersey Law Against Discrimination claim, in which he claimed he was fired for speaking out about alleged sexual harassment of female co-workers. It is unclear because Palmeroni's motion for reconsideration

3

Next, Palmeroni contends that the adverse inference decision should enable his fraud claim to survive summary judgment too. In that claim, Palmeroni alleged that Occhifinto reduced his salary but induced him to stay with company by promising a large severance package and year-end bonus, which Occifinto never paid. Counterclaim & Third Party Compl. ¶¶ 9-18. The Court granted summary judgment against Palmeroni on this claim because it was barred by the economic loss doctrine since it was really a breach of contract claim disguised as a tort, and because Palmeroni provided no evidence that the Occhifinto knew the promises were false at the time he made it or that Palmeroni relied on the promises. Tr. 79:8-18. But Palmeroni does not explain why the Court's decision on his fraud claim was wrong or how the spoliation decision has any impact on it. As such, the Court rejects this theory too.

In conclusion, for the reasons set forth above,

**IT IS**, on this 7th day of September, 2017,

**ORDERED** that Palmeroni's motion for reconsideration, ECF No. 641, is **DENIED.**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**

---

contains hundreds of pages of new certifications from Palmeroni's ex-wife to support the fact that the harassment occurred. Setting aside the fact that the Court will not consider new evidence that was available before he filed his summary judgment motion, the Court also rejects the argument because Palmeroni's three page brief does not mention any of this new evidence.