06-5455(MCA/LDW)

To The Honorable Judge Leda D Wettre,

As advise by my attorney sufficient paperwork with Docket # was sent out to all parties involved elaborating on my conversion from a chapter 7 to a chapter 13 which puts my stays back into effect. i also have a case number 13-50786 Naugatuck Valley Savings and Loan vs Rocco and Jennifer M Forino as a reference point that was provided by my attorney also. I have not received any thing from the courts since i sent this paper work, so I don't know why I would get a email to respond to a pretrial order on the same day I am notified. Not only was my paper work that I sent ignored but I'm getting this shoved down my throat also. I'm sorry but we believe that my civil rights as a lay person are being violated

and this is not the first time. I included the actual case that we are referring to as my bankruptcy rights are being violated also. I was told by Court Clerk Kimberly Darling that if I want to put this on record I would have to mail this to the courts.

Frustrated and confused Vincent J Rosarbo

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re ) | Case No. 13-50786 |
| ROCCO FORINO. ) | |
| JENNIFER M. FORINO ) | Chapter 13 |
| Debtor(s) ) | |
| NAUGATUCK VALLEY SAVINGS AND LOAN ) | |
| Movant ) | |
| VS. ) | |
| ROCCO FORINO. ) | |
| JENNIFER M. FORINO ) | April 24, 2014 |

### MEMORANDUM IN SUPPORT THAT AUTOMATIC STAY NOT TERMINATED AS TO THE ESTATE

Before this Court is the issue of the Automatic Stay's effect under 11 USC Section 362 (c)(3)(A). It provides in relevant part:

[I]f a single or joint case is filed by or against a debtor ... and if a single or joint case of the debtor was pending within the proceeding 1 year period but was dismissed ...

(A) the stay under subsection (a) with respect to a debt or property securing such debt ... shall terminate *with respect to the debtor* on the 30th day after the filing of the later case ... Emphasis added.

In this Jurisdiction the Second Circuit has not ruled but in Connecticut both the Honorable District Court Judge Stefan R. Underhill and the Honorable Bankruptcy Court Judge Albert J. Dabrowski have ruled with different opinions. Said opinions, however, are not binding on this Court. In Re Carrozella & Richardson, 255 BR 267 (Bankr. D. Conn. 2000).

Judge Underhill in reviewing one of this Court's rulings in *In Re Myrian Weil*, Case No. 11-51930 held that "section 362(c)(3) merely provides for a partial termination of the automatic stay. After thirty days, the stay terminates only with respect to the debtor and the debtor's property; the stay remains operative, however, with respect to estate property even after the thirty-day period expires." *Id.* At Page 8. Judge Underwood adopted the majority view and stated that "the emerging majority view is that the termination of the automatic stay under section 362(c)(3) does not extend to actions against the property of the bankruptcy estate-rather, the stay remains in effect with respect to estate property, which, as a practical matter, encompasses the lion's share of assets in play." *Id.* at Page 6.

Similarly, Courts in the Second Circuit have also held with the majority view. The Court in *In Re Darren Lamont Rice*, 392 B.R. 35 (2006) stated that if Congress wanted 362 (c)(3) to effect a complete termination of the automatic stay, Congress would have used language similar to language in 11 USC Section 362 (c)(4) which states that when two or more bankruptcy cases were pending for the same debtor within the year but were dismissed, the filing of the new case will not automatically impose any stay. Instead, Congress limited the termination of the stay as to the Debtor. *See also In Re McFeeley*, 362 B.R. 121 (Bankr. D. Vt. 2007) where that Court reviewed the analysis used in In Re Jones, 339 B.R. 360 (Bankr. E.D.N.C. 2006) and the majority of the Courts to hold that "the stay terminates under Section 362(c)(3)(A) is the stay of actions against the debtor or property of the debtor and specifically does not limit or diminish the stay of actions against property of the estate. *Id. at 125.* Further, the *McFeely* Court was not convinced by the minority view that the statute is ambiguous and therefore need to look to legislative intent.

Recently, the Court in *In Re: Earnest R. Williford*, 2013 Bankr. Lexis 2871 (Bankr. N.D.Texas 2013) stated that it agreed with the minority view that the legislative history appeared that Congress wanted to deter a second filing and therefore intended to have the automatic stay terminate in its entirety but could not so rule because the relevant statutory language of Section 362(c)(3) is clear. The Court stated that Congress knew how to terminate the entire stay by enacting 11 USC Section 362(c)(4)(A)(i) and choose restrictive language with respect to 362(c) (3). As the Court in *In Re Jones* stated "Section 362(c)(3)(A) as a whole is not free from ambiguity, but the words, 'with respect to the

debtor' in that section are entirely plain; a plain reading of those words makes sense and is entirely consistent with other provisions of Section 362 and other sections of the Bankruptcy Code. Sections 362(c)(3)(A) provides that the stay terminates 'with respect to the debtor.' How could that be any clearer?" *In Re Jones*, 339 B.R. at 363.

Judge Dabrowski in *In Re Christopher Kennedy Wilson*, Case No. 13-21001 (Bankr. D. Conn. Jan. 15, 2014) rejected the majority view and Judge Underhill's view and adopted the minority view and the reasoning of the Ninth Circuit Bankruptcy Appellate Panel in *In re Reswick*, 446 B.R. 362 (9th Cir. BAP 2011). Judge Dabrowski stated that the stay terminated in its entirety on the 30th day after the Petition date. The *Reswick* Court found the language of 362 (c)(3)(A) ambiguous and therefore looked to legislative history. The legislative history the *Rewick* Court stated supported its position in that Congress intended to deter successive filings and to accomplish that goal Section 362 (c)(3)(A) must be read that it terminated in its entirety. *Id.* at Page 373.

This Court should follow Judge Underhill and adopt the majority view. The Court in *In re Rinard*, 451 B.R. 12 (Bankr. C.D. Cal. 2011) adopted the view of the majority even though the Ninth Circuit BAP decision of Reswick arguably could have been binding on the *Rinard* Court as asserted by the Respondent in that case. Instead the *Rinard* Court stated that to achieve the results of the minority view and Reswick, "Congress was only required to add, three more words to the section – 'and the estate' – which Congress did not do. *Id at page 20.* Thus the *Rinard* Court expressed that the views of the majority are the correct one and that it would "not step into the shoes of Congress". *Id.*

As a result, this Court should follow the correct decision and adopt the majority view. As the *Rinard* Court reasoned "[t]here is no mention of the Estate in the text. There are no fuzzy words; ther are no hanging paragraphs; there are no words requiring a 'dictionary." *Id.* The majority view protects the assests of the Estate and allows the Debtors a fresh start as Congress wanted. The property in question in this case is property of the estate and the automatic stay is still in effect as to said property.

Dated at Middlebury, Connecticut this 24th day of April, 2014.

                                                  THE DEBTOR(S)

                                                  BY_____
                                                  George C. Tzepos
                                                  444 Middlebury Road
                                                  Middlebury, Connecticut 06762
                                                  (203) 598-0520
                                                  Bar No. Ct00580

To The Honorable Judge Madeline Cox Arleo

As advise by my attorney sufficient paperwork with Docket # was sent out to all parties involved elaborating on my conversion from a chapter 7 to a chapter 13 which puts my stays back into effect. i also have a case number 13-50786 Naugatuck Valley Savings and Loan vs Rocco and Jennifer M Forino as a reference point that was provided by my attorney also.   I have not received any thing from the courts since i sent this paper work, so I don't know why I would get a email to respond to a pretrial order on the same day I am notified.  Not only was my paper work that I sent ignored but I'm getting this shoved down my throat also.  I'm sorry but we believe that my civil rights as a lay person are being violated
and this is not the first time. I included the actual case that we are referring to as my bankruptcy rights are being violated also. I was told by Court Clerk Kimberly Darling that if I want to put this on record I would have to mail this to the courts.

Frustrated and confused Vincent J Rosarbo

*/s/ Vincent J Rosarbo*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re ) | Case No. 13-50786 |
| ) | |
| ROCCO FORINO. ) | |
| JENNIFER M. FORINO ) | Chapter 13 |
| ) | |
| Debtor(s) ) | |
| | |
| NAUGATUCK VALLEY SAVINGS ) | |
| AND LOAN ) | |
| ) | |
| Movant ) | |
| VS. ) | |
| ) | |
| ROCCO FORINO. ) | |
| JENNIFER M. FORINO ) | April 24, 2014 |

### MEMORANDUM IN SUPPORT THAT AUTOMATIC STAY NOT TERMINATED AS TO THE ESTATE

Before this Court is the issue of the Automatic Stay's effect under 11 USC Section 362 (c)(3)(A). It provides in relevant part:

[I]f a single or joint case is filed by or against a debtor ... and if a single or joint case of the debtor was pending within the proceeding 1 year period but was dismissed ...

(A) the stay under subsection (a) with respect to a debt or property securing such debt ... shall terminate *with respect to the debtor* on the 30th day after the filing of the later case ... Emphasis added.

In this Jurisdiction the Second Circuit has not ruled but in Connecticut both the Honorable District Court Judge Stefan R. Underhill and the Honorable Bankruptcy Court Judge Albert J. Dabrowski have ruled with different opinions. Said opinions, however, are not binding on this Court. In Re Carrozella & Richardson, 255 BR 267 (Bankr. D. Conn. 2000).

Judge Underhill in reviewing one of this Court's rulings in *In Re Myrian Weil*, Case No. 11-51930 held that "section 362(c)(3) merely provides for a partial termination of the automatic stay. After thirty days, the stay terminates only with respect to the debtor and the debtor's property; the stay remains operative, however, with respect to estate property even after the thirty-day period expires." *Id.* At Page 8. Judge Underwood adopted the majority view and stated that "the emerging majority view is that the termination of the automatic stay under section 362(c)(3) does not extend to actions against the property of the bankruptcy estate-rather, the stay remains in effect with respect to estate property, which, as a practical matter, encompasses the lion's share of assets in play." *Id.* at Page 6.

Similarly, Courts in the Second Circuit have also held with the majority view. The Court in *In Re Darren Lamont Rice*, 392 B.R. 35 (2006) stated that if Congress wanted 362 (c)(3) to effect a complete termination of the automatic stay, Congress would have used language similar to language in 11 USC Section 362 (c)(4) which states that when two or more bankruptcy cases were pending for the same debtor within the year but were dismissed, the filing of the new case will not automatically impose any stay. Instead, Congress limited the termination of the stay as to the Debtor. *See also In Re McFeeley*, 362 B.R. 121 (Bankr. D. Vt. 2007) where that Court reviewed the analysis used in In Re Jones, 339 B.R. 360 (Bankr. E.D.N.C. 2006) and the majority of the Courts to hold that "the stay terminates under Section 362(c)(3)(A) is the stay of actions against the debtor or property of the debtor and specifically does not limit or diminish the stay of actions against property of the estate. *Id. at 125.* Further, the *McFeely* Court was not convinced by the minority view that the statute is ambiguous and therefore need to look to legislative intent.

Recently, the Court in *In Re: Earnest R. Williford*, 2013 Bankr. Lexis 2871 (Bankr. N.D.Texas 2013) stated that it agreed with the minority view that the legislative history appeared that Congress wanted to deter a second filing and therefore intended to have the automatic stay terminate in its entirety but could not so rule because the relevant statutory language of Section 362(c)(3) is clear. The Court stated that Congress knew how to terminate the entire stay by enacting 11 USC Section 362(c)(4)(A)(i) and choose restrictive language with respect to 362(c) (3). As the Court in *In Re Jones* stated "Section 362(c)(3)(A) as a whole is not free from ambiguity, but the words, 'with respect to the

debtor' in that section are entirely plain; a plain reading of those words makes sense and is entirely consistent with other provisions of Section 362 and other sections of the Bankruptcy Code. Sections 362(c)(3)(A) provides that the stay terminates 'with respect to the debtor.' How could that be any clearer?" *In Re Jones*, 339 B.R. at 363.

Judge Dabrowski in *In Re Christopher Kennedy Wilson*, Case No. 13-21001 (Bankr. D. Conn. Jan. 15, 2014) rejected the majority view and Judge Underhill's view and adopted the minority view and the reasoning of the Ninth Circuit Bankruptcy Appellate Panel in *In re Reswick*, 446 B.R. 362 (9th Cir. BAP 2011). Judge Dabrowski stated that the stay terminated in its entirety on the 30th day after the Petition date. The *Reswick* Court found the language of 362 (c)(3)(A) ambiguous and therefore looked to legislative history. The legislative history the *Rewick* Court stated supported its position in that Congress intended to deter successive filings and to accomplish that goal Section 362 (c)(3)(A) must be read that it terminated in its entirety. *Id.* at Page 373.

This Court should follow Judge Underhill and adopt the majority view. The Court in *In re Rinard*, 451 B.R. 12 (Bankr. C.D. Cal. 2011) adopted the view of the majority even though the Ninth Circuit BAP decision of Reswick arguably could have been binding on the *Rinard* Court as asserted by the Respondent in that case. Instead the *Rinard* Court stated that to achieve the results of the minority view and Reswick, "Congress was only required to add, three more words to the section – 'and the estate' – which Congress did not do. *Id at page 20*. Thus the *Rinard* Court expressed that the views of the majority are the correct one and that it would "not step into the shoes of Congress". *Id.*

As a result, this Court should follow the correct decision and adopt the majority view. As the *Rinard* Court reasoned "[t]here is no mention of the Estate in the text. There are no fuzzy words; ther are no hanging paragraphs; there are no words requiring a 'dictionary." *Id.* The majority view protects the assests of the Estate and allows the Debtors a fresh start as Congress wanted. The property in question in this case is property of the estate and the automatic stay is still in effect as to said property.

Dated at Middlebury, Connecticut this 24th day of April, 2014.

THE DEBTOR(S)

BY_____
George C. Tzepos
444 Middlebury Road
Middlebury, Connecticut 06762
(203) 598-0520
Bar No. Ct00580