**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
*Attorneys for Plaintiff*
*N.V.E., Inc.*
21 Main Street – Suite 200
Hackensack, NJ 07601
ssamaro@pashmanstein.com
T. (201) 488-8200
F. (201) 488-5556

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| N.V.E., INC.,<br><br>  Plaintiff,<br><br>    v.<br><br>JESUS J. PALMERONI, a/k/a JOSEPH PALMERONI, and VINCENT ROSARBO,<br><br>  Defendants. | Civil Action No.<br>2:06-cv-05455 (MCA)(LDW)<br><br>**CERTIFICATION OF<br>JAMES W. BOYAN III** |

  I, **JAMES W. BOYAN III**, of full age, hereby certify as follows:

  1. I am an attorney of the State of New Jersey and a member of Pashman Stein Walder Hayden, P.C., attorneys for Plaintiff, N.V.E., Inc. ("NVE"). I make this Certification in support of Plaintiff's application to restore this case to the active docket and enter default against Defendant Vincent Rosarbo.

  2. A true and correct copy of an order issued by the Honorable Ann M. Nevins, U.S.B.J. on October 11, 2017 is attached as Exhibit A.

 I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ James W. Boyan III
JAMES W. BOYAN III

Dated: March 9, 2018

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 17-31250 (AMN) |
|    VINCENT JOSEPH ROSARBO, | : | Chapter 7 |
|    ANGELINA ROSARBO | : | |
|       *Debtor* | : | |
| | : | |
| N.V.E. INC., | : | |
|       *Movant* | : | |
| v. | : | |
| VINCENT JOSEPH ROSARBO, | : | |
|       *Respondent* | : | |
| | : | |
| KARA S. RESCIA, | : | |
|       *Chapter 7 Trustee* | : | Re: ECF No. 9 |

**ORDER DENYING MOTION FOR RELIEF FROM STAY AS MOOT**

Before the court is a motion filed by the creditor, N.V.E., Inc. ("N.V.E."), seeking relief from the automatic stay to proceed with litigation pending in the United States District Court for the District of New Jersey against the debtor, Vincent Joseph Rosarbo ("Mr. Rosarbo"), entitled *N.V.E., Inc. v. Jesus J. Palmeroni , et. al.*, and bearing case number 2:06-cv-5455 ("District Court Litigation"). For the reasons that follow, the court denies the motion for relief from stay as moot because the automatic stay pursuant to 11 U.S.C. § 362(c)(3) has terminated and the court cannot "fashion[] 'fair and effective judicial relief.'" *In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010).

Prior to the filing of the instant case, Mr. Rosarbo was a debtor in a voluntary chapter 13 proceeding bearing case number 17-30192 ("Chapter 13 Case"). On March 31, 2017, a little over one month after the Chapter 13 Case was commenced, Mr. Rosarbo moved, pursuant to 11 U.S.C. § 1307(b), for dismissal of the Chapter 13 Case. On April

3, 2017, the court granted Mr. Rosarbo's motion and the Chapter 13 Case was dismissed without prejudice.

Thereafter, on August 16, 2017, Mr. and Mrs. Rosarbo commenced this case by filing a voluntary chapter 7 bankruptcy petition ("Petition"). ECF No. 1. On August 23, 2017, N.V.E. filed the instant motion seeking, pursuant to 11 U.S.C. § 361(d)(1), relief from the automatic stay for cause. ECF No. 9. In the motion for relief, N.V.E. asserted that the Second Circuit's 12-factor test, as outlined in *In re Sonnax Indus.*, 907 F.2d 1280, 1285-86 (2d. Cir. 1990), weighed in favor of granting relief. ECF No. 9. Mr. Roasarbo objected and, on September 13, 2017, the court heard oral argument and took the matter under advisement.

On September 20, 2017 and again on September 22, 2017, N.V.E. filed supplement documents advising that 1) 11 U.S.C. § 362(c)(3) was applicable to the facts of this case and 2) the trial in the District Court Litigation previously scheduled for October 10, 2017 had been rescheduled, on request from a co-defendant, to a date to be determined. ECF No. 21 and 23.

Pursuant to § 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was … commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The automatic stay provided by § 362(a) is not permanent and § 362(c) describes when, and under what circumstances, the stay terminates by operation of law. If a debtor in a case has had a prior case dismissed within the year, § 362(c)(3)(A) provides, in relevant part, that:

the stay under subsection (1) with respect to any action taken with respect to a debt or property securing such debt … shall terminate with respect to the debtor on the 30th day after the filing of the later case.
11 U.S.C. § 362(c)(3)(A).

Notwithstanding § 362(c)(3)(A), the automatic stay may be extended on motion by a party in interest and after notice and a hearing completed before the expiration of the 30-day period. 11 U.S.C. § 362(c)(3)(B).

Here, Mr. Rosarbo's Chapter 13 Case was pending within the one-year period prior to the instant case and was dismissed upon Mr. Rosarbo's request. The filing – on August 16, 2017 – of the Petition in this case triggered another automatic stay but this time it was limited by § 362(c)(3)(A) to thirty (30) days unless the court entered an order extending the stay before the expiration of the thirty (30) day period. As neither Mr. Rosarbo nor any other party in interest moved to extend pursuant to § 362(c)(3)(B), the automatic stay terminated by operation of law on September 15, 2017. Accordingly, the motion for relief from stay is now moot and, on that basis, shall be denied.

NOW THEREFORE, it is hereby

ORDERED, that the motion for relief from stay, ECF No. 9, is denied as moot.

Dated on October 11, 2017, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut