# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., | Civil Action No. |
| Plaintiff, | 2:06-cv-05455 (MCA)(JAD) |
| v. | **FINAL PRETRIAL ORDER** |
| JESUS J. PALMERONI, a/k/a JOSEPH PALMERONI and VINCENT ROSARBO. | |
| Defendants. | |

This matter having come before the Court for a final pretrial conference pursuant to Fed. R. Civ. P. 16; and Pashman Stein Walder Hayden, P.C. having appeared for plaintiff, N.V.E., Inc. ("NVE"), and Jesus J. Palmeroni ("Palmeroni") and Vincent Rosarbo ("Rosarbo") appearing *pro se*; the following Final Pretrial Order is hereby entered:

### 1.   PLAINTIFF'S CLAIMS

#### A.  At trial, NVE will pursue the following claims in the Amended Complaint.

- Fraud (Count Six)

- Fraud-Deceit (Count Seven)

- Unlawful Interference with Economic Advantage (Count Eight)

- Civil Conspiracy (Count Nine)

- Breach of the Duty of Loyalty (Count Eleven)

#### B.  Rosarbo's Response to Plaintiff's Claims

PLAINTIFF'S CLAIMS - Disputed by pro se litigant

A) Fraud (count six) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place and was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters.

1

B) Fraud - Deceit ( count 7) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place and was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters.

C) Unlawful Interference with Economic Advantage (count 8) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place, was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters. NVE's economic statue at this time was enhanced because instead of all the products which contained ephedra being trashed they were sold at discounted prices which NVE also made a substantial profit on and being that the product was paid up front in full there was no risk of any coming back once the FDA banned the sale of ephedra products.

D) Civil Conspiracy ( count 9) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place and was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters. Therefore no conspiracy exist.

E) Interference with Property Rights (count 10) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place and was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters. Therefore interference with property rights did not exist.

F) Breach of the Duty of Loyalty (count 11) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place and was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters. Therefore the question of loyalty was not breached.

G) Breach of Contract (count 12) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place and was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters.

H) Accounting (count 13) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place and was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters, plus there are missing records from NVE during that time period which show no accounting of said matters.

I) Constructive Trust (count 14) was authorized by Bob Occhinfinto (by word of mouth) to sell products by any means necessary, was no signed contract or performance clause in place and was not a fiduciary or attached to any bank or checking acct regarding NVE's money matters.

2

## 2.   PRETRIAL MOTIONS

### A.   Plaintiff's Motions

#### i.   Motion in Limine Seeking to Bar Introduction of Bob Occhifinto's Criminal History

This motion seeks to preclude any party to this action from referencing Mr. Occhifinto's criminal convictions that are more than ten years old and do not involve dishonesty or false statements. Those convictions have no probative value and are inadmissible for impeachment purposes pursuant to Fed. R. Evid. 402, 403, and 609.

#### ii.   Motion in Limine Seeking to bar the introduction of Art Prindle's Criminal History

Mr. Prindle was hired by Mr. Occhifinto in 2000 after meeting Mr. Occhifinto in prison. Mr. Prindle may be a witness in this case and for the same reason that it is unfair to introduce Mr. Occhifinto's criminal history it is unfair to introduce Mr. Prindle's.

#### iii.   Motion in Limine Seeking to Bar Introduction of Facts Related to Third-Party Claims

Plaintiff seeks to preclude Palmeroni from referencing the baseless allegations that he was fired for complaining about allegedly illegal activities he witnessed as an employee of NVE because they would have no probative value. Pursuant to Fed. R. Evid. 404(b), introduction of information related to those allegations would be unduly prejudicial. We will specifically request that the following topics be deemed off limits by the Court:

1. Any suggestion that NVE or Mr. Occhifinto engaged in bankruptcy fraud, including, but not limited to, the claim that Mr. Occhifinto received payments in cash in order to deceive the creditors committee;

2. Any suggestion that any employee of NVE committed sexual harassment or engaged in inappropriate behavior of a sexual nature;

3. Mention of the relationship between NVE and an individual by the name of Jarrod Wheat for whom NVE manufactured an herbal supplement that drew attention of the FDA;

4. The suggestion that Mr. Occhifinto bragged of murdering someone;

5. The allegation that NVE defrauded customers by misrepresenting the nature and/or extent of its insurance coverage;

6. The allegation that NVE changed the expiration date on energy drinks;

3

7. The allegation that Mr. Occhifinto used a contractor paid by the company to perform work on his home; and

8. The alleged illegal drug use of certain NVE employees.

### iv.   Motion in Limine Seeking to Bar Other Irrelevant, Prejudicial Facts

It is anticipated that defendants will attempt to introduce other irrelevant, prejudicial facts that should be barred by the Court including:

1. Any reference to Mr. Occhifinto having a child with Patti Cosentino;

2. Any reference to Mr. Occhifinto's wealth;

3. The allegation that the company hired illegal immigrants;

4. Any reference to the fact that Palmeroni testified against NVE in a trial held in Michigan in 2016;

5. Any suggestion that ephedra products were marketed with names that sounded like street drugs or to individuals who might use the products improperly; and

6. Any suggestion that members of Rosarbo's family are disabled and/or that he has taken care of them.

7.   Rosarbo's allegation that his prior deposition testimony was elicited through coercion or duress.

### v.   Motion to Vacate Prior Sanctions Order

A different judge of this Court ruled that a charge should be given to the jury allowing it to derive a negative inference from the fact that certain documents were not preserved by Plaintiff. For various reasons, including that it was wrongly decided, that the law has evolved since the order was entered, and that there is no evidence that Plaintiff had the slightest motive to hide anything, the order should be vacated in its entirety.

### B.   Palmeroni's Anticipated in Limine Motions

1.   Defendant Palmeroni anticipates motions to bar testimony of all plaintiff's expert witnesses for lack of expertise and for lack of evidential foundation, Daubert v. Merrill Dow Pharmaceuticals, Inc. 509 U.S. 579 (1993). Palmeroni also will move for in limine instructions

permitting impeachment of Occhifinto and others on the basis of prior convictions and barring the use of Palmeroni's convictions to impeach him.

     2.    Motion in limine to allow testimony pertaining to the genesis of Mr. Occhifinto's vendetta to destroy Mr. Palmeroni as a whistleblower, and potential competitor.

     3.    Motion in limine to allow testimony as to Mr. Occhifinto's illegal offer to settle with Mr. Palmeroni, if Mr. Palmeroni changed his testimony (thereby having Mr. Palmeroni commit perjury) in then pending case in the federal district in Michigan.

     4.    Motion in limine to bar anticipated irrelevant testimony impinging the character of Mr. Palmeroni through his personal life and his family as well as any unproven or irrelevant conduct at NVE that plaintiff seeks to smear Mr. Palmeroni with.

     5.    Motion in limine to bar testimony as far as NVE's marketing prowess as unreliable and unsupported by documentation requested.

     6.    Motion in limine to force NVE to produce financial records that they have refused in the past.

     7.    Motion in limine to show other examples of NVE hiding evidence in other federal courts which goes to a pattern of deceit.

### C.   Rosarbo's Motions

1. Defendant Rosarbo anticipates motions to bring forward the following issues that have great relevance to the case.

2. Sexual harassment and inappropriate behavior was rampant thru-out the work force during the day to day office operations. Is relevant to the case because it will show the criminal pattern and low moral respect shown to his subordinates. Also the extreme pressure a work environment such as this is related to the character of the owner who allowed such behavior to flourish.

3. Jared Wheat relationship is extremely vital due to Bob Occhinfinto continued pattern of criminal nature and egotistical character. Also was warned numerous times to not get involved to no avail.

4. Patty Cosentino having a child with Bob Occhinfinto is also relevant to his character because it shows sexual harassment in the work force. Also caused pressure in the work force because once known he didn't want the pregnancy to go forward so everybody was told to shun her. It was very embarrassing to everyone and showed low moral character and feeling toward a follow worker.

5.  Bob Occhifinto wealth is relevant because it shows his vindictive character. Case is not about money it's about vindictiveness, ego, and show of power.

6.  Names of products ( Yellow Jackets and Black Beauty) are relevant because definitely names of street drug during the 1960's that also proves his criminal nature and character.

7.  Rosarbo taking care of his autistic brother is relevant due to the positive character of the defendant.

8.  Changing the dates on expired products is relevant due to the witnessing of, and also shows Bob Occhinfinto criminal pattern and devious character.

9.  Allegations of coercion, harassment, duress, and threats prior to Rosarbo's deposition testimony is extremely relevant because it most definitely shows Bob Occhinfinto's pattern of sadistic, criminal nature and low character.

10. Carlos Bengoa lacks sufficient knowledge, skill, experience, training, or education to qualify as an expert. He profited the most by cornering the midwest market during the legal selling of ephedra products. Started out small and with Bob Occhinfinto's assistance is NVE's biggest convenient store customer to date.

11. Dirk Nieuwenhuis - Lacks sufficient knowledge, skill, experience, training, or education to qualify as an expert. Example- His statement about cannibalizing the product is absurd. how do you cannibalize a product that has a limited selling option. Everybody knew the ephedra window was closing fast..

PLAINTIFF'S MOTION TO VACATE PRIOR SANCTIONS ORDER

Should not be granted due to certain documents that were vital to this case and are missing should be brought out. A judge already ruled in the favor of it being mentioned and if the law has evolved since should have no bearing.

### D.   Deadline for Filing Pre-Trial Motions

All pretrial motions shall be filed with the Court and served on all parties by

_To be determined by the District Judge_

3.  **PLAINTIFF'S WITNESSES** (Aside from those called for impeachment purposes, only those witnesses whose names and addresses are listed below will be permitted to testify at trial).

    A.  On liability, plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

        1.  Robert Occhifinto – Mr. Occhifinto will describe the history of NVE, the introduction of the ephedra products, the success of ephedra products, the FDA's ban on ephedra products and its impact on the company, the hiring of Palmeroni and his responsibilities, the hiring of Vincent Rosarbo and his responsibilities, the NVE bankruptcy, the discovery of Mr. Palmeroni's duplicity and distributors, the termination of Rosarbo and Palmeroni.

        2.  Vincent Rosarbo – Rosarbo will describe his job responsibilities as an employee of NVE, his relationship with Mr. Palmeroni, the formation of Smart World US and the reasons therefor, the formation of VAR and the reasons therefore, the formation of AWD and the reasons therefor, the manner in which the distribution scam operated, the fact that Mr. Occhifinto did not know about the scam, the identity of the distributors that bought product from AWD, the authenticity of various records that bear on the scam and NVE's damages.

        3.  Jesus Palmeroni – Palmeroni will testify to his request for, and receipt of, payments from NVE product brokers.

        4.  Ronald Sumicek – Mr. Sumicek will describe the nature of his business, his relationship with Palmeroni and his payment of part of his commissions to Mr. Palmeroni.

        5.  Carlos Bengoa – Mr. Bengoa will testify that on behalf of CB Distributors, he purchased over $6,000,000 worth of product diverted by Palmeroni and Rosarbo, that Mr. Occhifinto knew nothing of these purchases, that CB Distributors was an NVE account before it allegedly became a brokerage customer of Sunbelt Marketing, that between 2000 and 2004, ephedra sales were booming and that there was very little selling effort required on the part of Palmeroni or anyone else.

        6.  Richard Horowitz – Mr. Horowitz will testify that the industry standard is that a 5% commission is paid by manufacturers to product brokers, that the market for ephedra products like NVE's

tripled between 2000 and 2004 and that he paid kickbacks to Palmeroni under threat that he would lose the opportunity to be a broker of NVE products if he did not make the payments.

7. Glen Lee – Mr. Lee will testify to standard sales practices at NVE, his experiences with Ronald Sumicek and Palmeroni that led him to believe that something suspicious might be going on, and how Palmeroni's accounts were handled after his dismissal.

8. Art Prindle – Mr. Prindle will testify to the environment in the sales department when Palmeroni was in charge and his handling of accounts since Palmeroni left.

9. Dirk Nieuwenhuis – Mr. Nieuwenhuis will describe the market for ephedra products between 2000 and 2004, will offer the opinion that Palmeroni and Rosarbo were cannibalizing NVE's sales rather than increasing the market for NVE products and that he was forced to pay kickbacks by Palmeroni if he wished to do business with NVE.

10. Erling Jensen – Mr. Jensen will testify to Mr. Occhifinto's management style, the standard brokerage commission in the industry and the loss and destruction of documents that led to the imposition of sanctions in 2011 and the discovery of Palmeroni and Rosarbo's duplicity as regards the distribution scam.

11. Phillip Yang – Mr. Yang will explain the reasons that records could not be retrieved from the MACS system.

B. On damages, plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

1. Darryl S. Neier, M.S. CFE (also an expert)

## DEFENDANT PALMERONI'S OBJECTIONS TO PLAINTIFF'S WITNESSES

1.Carlos Bengoa - defendant palmeroni objects to NVE calling Carlos Bengoa as a witness. Mr. Bengoa's testimony is hearsay and not relevant to any of the claims or defenses in this matter. And even if it was relevant his testimony would be cumulative and unnecessary because Mr. Occifinto, NVE's president and 100% owner can testify to the same alleged facts. Furthermore Mr. Bengoas documents were subpoenaed by former counsel for Mr. Palmeroni and Mr. Bengoa stated that all the documents requested were disposed "in the normal course of business." This happens to be the exact same time period that plaintiff nve claimed to have destroyed numerous documents "in the normal course of business" and NVE was sanctioned for

8

it. Furthermore, NVE's attorneys have refused to produce the settlement document between NVE and Mr. Bengoa in this case, which leaves defendant Palmeroni unable to show the jury accurately Mr. Bengoa's compensation for his testimony. Furthermore by information and belief defendant Palmeroni has learned that Mr. Bengoa is doing extensive business with NVE and therefore defendant palmeroni should be able to show the jury the amount of business and how lucrative it is to the jury. If Mr. Bengoa chooses to not testify truthfully or "forgets" Mr. palmeroni will not have time during trial to find out the true facts. Therefore Mr. Bengoa should not be able to testify.

2. Richard Horwitz – NVE's description of Mr. Horwitz proposed testimony indicates that Mr. Horwitzs testimony will consist of hearsay. Mr. Horwitz his testimony is not relevant. And even if it was relevant his testimony would be cumulative and unnecessary because Mr. Occifinto NVE's president 100% owner can testify to the same alleged facts. Furthermore , Mr. Horwitz and his brother Jerald were subpoenaed for depositions twice in this case by two different former attorneys working for defendant. The Horwitz brothers decided not to answer the subpoenas either for documents nor for a deposition. However, it is our understanding and belief that Mr. Horwitz has been to NVE's headquarters numerous times, and spoke to employees and owners about this case numerous times as well as NVE's attorneys. Defendant Palmeroni was not afforded the opportunity to depose Mr. Horwitz and should not be "blindsided" during trial. Furthermore NVE has failed to produce a settlement document between Mr. Horwitz his companies and NVE in this case. Therefore defendant palmeroni cannot properly ascertain Mr. Horwitz his or his companies true consideration for his testimony. Furthermore Mr. Horwitz and or his companies continue to do business and are well compensated by Mr. Occifinto. Because we cannot expect to be able to check untrue statements given at time of trial by Mr. Horwitz should not be allowed to testify.

3. Glen Lee - Mr. Lees testimony is hearsay and the relevant. Even if it was relevant, his testimony would be cumulative and unnecessary, because Mr. Occifinto NVE's president could testified to the same alleged facts. Furthermore Mr. Palmeroni uncovered numerous instances of sexual harassment perpetrated by Mr. Lee and testified to under oath by others deposed in this case. During Mr. Lee's deposition it was apparent that he was quite inflamed by this, and that he will choose to disparage Mr. Palmeroni with prejudicial hearsay and nonsense. Lastly it should be noted that Mr. Lee only worked at NVE for a short time before Mr. Palmeroni was terminated and any testimony he would give would be irrelevant and indeed hearsay especially a testimony about procedures after Mr. Palmeroni was terminated.

4.Arthur Prindle - Mr. Prindle, one of Mr. Occifinto's roommates in jail, has already shown his testimony in depositions to be irrelevant in this case and hearsay. Furthermore any of his testimony after Mr. Palmeroni left is irrelevant. Mr. Prindle was released from a long sentence in federal prison directly before he started working at NVE, therefore if his is testimony is allowed, his prison record and willingness to do anything for his prison roommate should be exposed to the jury.

5. Dirk Nieuwenhuis - Mr Niewenhuis testimony is irrelevant and hearsay. Furthermore NVE has refused to produce a settlement documents with Mr. Nieuwenhuis, not allowing defendant Palmeroni or the jury to understand Mr. Nieuwenhuis true reasons for testifying in Mr. Occifinto's favor.

6. Earling Jensen - Mr. Jensen started his employment long after Mr. Palmeroni was terminated, indeed he only knows Mr. palmeroni through this case. Judge Salas earlier in this case in a ruling on spoliation indicated as much, saying in effect that Mr. Jensen's testimony was not probative and irrelevant because he was not present during Mr. Palmeroni's employment and Mr. Jensen only knows what he was told by Mr. Occifinto the owner of NVE and Mr. Jensen's boss. As far as Mr. Jensen testifying to the destruction of documents (already the subject of a spoliation motion in the defendant's favor) that law has already been decided at nausea in this case, even including NVE filing an interlocutory appeal.

7. Philip Yang - Mr. Yang did not appear at the spoliation hearing earlier in this case. NVE was taken to task by judge Salas that they did not produce Mr. Yang. Therefore Mr. Yang should not be allowed to testify in court in this case. Furthermore NVE seeks to use Mr. Yang to explain why yet more evidence was destroyed in this case, this time computer evidence. As mentioned above, this law has already been decided in this case, an adverse inference against NVE must be given. Therefore Mr. Yang's testimony is unneeded and yet another waste of the courts time.

Defendant Mr. Palmeroni reserves the right to answer all the objections to witnesses and documents brought by plaintiff in this document at or before trial and motions in limine. It is defendant Palmeroni's understanding that this document is not the appropriate venue for that.

4. **DEFENDANT'S WITNESSES** (See instructions above).

A. On liability, Defendants intend to call the following witnesses who will testify in accordance with the following summaries:

**Palmeroni's Witnesses**

1. Vincent J. Rosarbo, 23 Thistle Meadow Lane, Branford, Connecticut 06405 - Rosarbo will testify to his activities in support of the alleged and denied conspiracies. He will also testify to the effect that sales of Smart World US had on NVE

2. Jesus J. Palmeroni, 3308 Route 940, Mount Pocono, Pennsylvania 18344 - Palmeroni will testify to his activities in support of the alleged and denied conspiracies. He will also testify to the effect that sales to the brokers who paid money to NRCG and sales of Smart World US had on NVE

3.      Patricia Cosentino, 27 Lauren Lane, Sussex, New Jersey 07461 -
        Ms. Cosentino will testify the pricing structure of NVE goods
        varied from customer to customer, based on quantity and method
        timing of payment, and at the discretion of Robert Occhifinto

4.      Tammy Thom Meza, 100 Holland Road, Wantage Township, New
        Jersey 07461- Ms. Meza will testify the pricing structure of NVE
        goods varied from customer to customer, based on quantity and
        method timing of payment, and at the discretion of Robert
        Occhifinto

5.      Ronald Sumicek, c/o International Sales Group, Houston, Texas -
        will testify to his and his company's relationships with NVE, Inc.,
        National Retail Consulting Group, Joe Palmeroni, as well as the
        pricing structure for NVE goods.

6.      Ravi Bhatia, deceased. Defendant intends to use his deposition
        testimony on the issue of liability regarding the manner in which
        customers were assigned to brokers.

7.      Jennifer Duane Hunsicker – document retention, pricing policies

8.      Ron Bossi – Mr. Bossi was vice president Palmeroni was hired and
        had knowledge of many relevant things in this case

9.      Kris Zabriskie – document retention, pricing policies

10.     Donald Yoder – document retention, pricing policies

11.     Barry Cohen

12.     Angelina Rosarbo

13.     Robert Basil

14.     Defendant Palmeroni also adds to his witness list any and all
        witnesses the plaintiff or defendant Rosarbo currently has on their
        witness list or adds in the future.

B.  NVE's Objections to Palmeroni's Witnesses

    1.  Patricia Cosentino and Tammy Thom Meza

    **Objections:**

11

Plaintiff objects to Palmeroni calling Patricia Cosentino and Tammy Thom Meza as witnesses for the reasons set forth in its Motions in Limine. Their proposed testimony that "the pricing structure of NVE goods varied from customer to customer" is not relevant to any of the claims or defenses in this matter. And, even if it were relevant, their testimony would be cumulative and unnecessary because Palmeroni and Rosarbo can testify to the same alleged facts. The only reason to call these witnesses is to trot before the jury women whom Mr. Palmeroni hopes will offer testimony that will have been stricken before the witnesses are called to testify.

2.     Jennifer Duane Hunsicker, Kris Zabriskie, and Donald Yoder.

**Objections:**

Plaintiff objects to the testimony of Jennifer Duane Hunsicker, Kris Zabriskie, and Donald Yoder. because the descriptions of their proposed testimony "document retention, pricing policies" is vague and ambiguous and does not appear to be relevant to any of the claims or defenses remaining in this matter.

3.  Ronald Bossi

**Objections:**

Plaintiff objects to Mr. Palmeroni's intention to call Mr. Bossi as a witness because the description of his proposed testimony is vague, ambiguous, and non-specific.

4.     Barry Cohen

**Objections:**

Plaintiff objects to Mr. Palmeroni's intention to call Barry Cohen as a witness because Palmeroni failed to disclose that he would be a witness during discovery, and provides no explanation of what his proposed testimony would be.

5.     Robert Basil

**Objection:**

12

Plaintiff objects to Mr. Palmeroni's intent to call Mr. Basil as a fact witness. Mr. Basil serves as counsel of record for several defendants in this matter. Although the Court dismissed Plaintiff's claims against Mr. Basil's clients, those claims may be reinstated on appeal. Accordingly, it would not be appropriate for Mr. Basil to serve as a fact witness at trial. Furthermore, Mr. Palmeroni does not explain why Mr. Basil's testimony is necessary.

### Rosarbo's Witnesses

1. Vincent J. Rosarbo. 23 Thistle Meadow Lane, Branford, Connecticut 06405- Rosarbo will testify to his activities in support of the alleged and denied conspiracies, He will also testify to the effect that sales of SmartWorld US had on NVE

2. Jesus J. Palmeroni, 3308 Route 940, Mount Pocono, Pennsylvania 18344- Palmeroni will testify to his activities in support of the alleged and denied conspiracies. He will also testify to the effect that sales to the broker who paid money to NRCG and sales of Smart World US had on NVE.

3. Patricia Cosentino, 27 Lauren Lane, Sussex, New Jersey 07461- Ms. Cosentino will testify the pricing structure of NVE goods varied from customer to customer, based on quantity and method timing of payment, and at the discretion of Robert Occhifinto. We also did trade shows together and worked side by side in the office and she got to know my character personally.

4. Tammy Thom Meza, 100 Holland Road Wantage Township, New Jersey 07461- Ms. Meza will testify the pricing structure of NVE goods varied from customer to customer, based on quantity and method timing of payment, and at the discretion of Robert Occhifinto. Also work environment from when she worked under me and if changed when I was terminated. This all has to do with my character as a person which I believe will show the jury who I truly am.

5. Ron Bossi- Mr. Bossi was vice president Palmeroni was hired and had knowledge of many relevant things in this case.

6. Jennifer Duane- Hunsicker- same as Tammy

C.  NVE's Objections to Rosarbo's Witnesses

13

1.    Patricia Cosentino and Tammy Thom Meza

**Objections:**

Same objections as set forth above in Section 4 (b).

**Objections:**

2.    Jennifer Duane Hunsicker

**Objections:**

Same objections as set forth above in Section 4 (b).

3.    Ron Bossi

**Objections:**

Same objections as set forth above in Section 4 (b).

B.    On damages, Defendants intend to call the following witnesses who will testify in accordance with the following summaries:

**Palmeroni's Witnesses**

1.    Vincent J. Rosarbo, 23 Thistle Meadow Lane, Branford, Connecticut 06405, will testify NVE was not harmed, and probably profited his actions. The basis for this opinion is set forth in his deposition testimony and Palmeroni's expert opinion previously served upon counsel and filed with the court

2.    Jesus J. Palmeroni, 3308 Route 940, Mount Pocono, Pennsylvania 18344 - will testify NVE was not harmed, and probably profited his actions.  The basis for this opinion is set forth in his deposition testimony and his expert opinion previously served upon counsel and filed with the court

3.    Ronald Sumicek, c/o International Sales Group, Houston, Texas - will testify to his and his company's relationships with NVE, Inc., National Retail Consulting Group, Joe Palmeroni, as well as the pricing structure for NVE goods.

**Rosarbo's Witnesses**

14

1.  Vincent J. Rosarbo, 23 Thistle Meadow Lane, Branford, Connecticut 06405, will testify NVE was not harmed, and probably profited from his actions. The basis for this opinion is set forth in his deposition testimony and Palmeroni's expert opinion previously served upon counsel and filed with the court.

2.  Jesus J. Palmeroni, 3308 Route 940, Mount Pocono, Pennsylvania 18344 - will testify NVE was not harmed and probably profited from his actions. The basis for this opinion is set forth in his deposition testimony and his expert opinion previously served upon counsel and filed with the court

3.  Ronald Surnicek, c/o International Sales Group Houston, Texas- will testify to his and his company relationship with NVE, Inc, National Retailing Consulting Group, Joe Palmeroni, as well as the pricing structure for NVE goods.

4.  Robert Basil, attorney in New Jersey who previously had clients in the case, who witnessed all depositions and testify to the pressures, emotions and frame of mind during Mr. Rosarbo's depositions. Also Mr. Rosarbo had no attorney present. Mr. Basil is not serving as a fact witness for the trial. He is only corroborating Mr. Rosarbo's frame of mind and his actions during his depo.

D. NVE's Objections to Rosarbo's Witnesses on Damages

1. Robert Basil

**Objections:**

Plaintiff objects to Mr. Rosarbo's intent to call Mr. Basil as a witness on damages. Mr. Basil serves as counsel of record for several defendants in this matter. Although the Court dismissed Plaintiff's claims against Mr. Basil's clients, those claims may be reinstated on appeal. Accordingly, it would not be appropriate for Mr. Basil to serve as a fact witness at trial. Furthermore, Mr. Rosarbo does not explain why Mr. Basil's testimony is necessary. Mr. Rosarbo can testify about the alleged circumstances surrounding his depositions.

5.  **EXPERT WITNESSES**

A.  Plaintiff's expert witnesses are:

15

i.     Darryl S. Neier, M.S. CFE

ii.    Carlos Bengoa

iii.   Dirk Nieuwenhuis

Defendant Palmeroni's objections to plaintiff's expert witnesses

      a. Darrell S Neier
      b. Dirk Nieuwenhuis

      c. Carlos Bengoa

Defendant Palmeroni objects to all three of the witnesses directly above (a,b,c) they all lack sufficient knowledge, skill, experience, training, or education to qualify as an expert. Their proposed expert testimony will not help the trier of fact to understand the evidence or determine a fact in issue. Their proposed expert testimony is not based on sufficient facts or data. In addition, their proposed expert testimony is not the product of reliable principles or methods.

B.     Defendant's expert witnesses are:

**Palmeroni**

i.     Jesus Palmeroni

**NVE's Objections to Palmeroni's Expert Witnesses**

i.     Jesus Palmeroni

**Objections:**

Palmeroni lacks sufficient knowledge, skill, experience, training, or education to qualify as an expert. His proposed expert testimony will not help the trier of fact to understand the evidence or determine a fact in issue. His proposed expert testimony is not based on sufficient facts or data. In addition, his proposed expert testimony is not the product of reliable principles or methods.

**Rosarbo**

i.     Vincent J. Rosarbo

ii.      Jesus J. Palmeroni

**NVE's Objections to Rosarbo's Expert Witnesses**

**Objections:**

i.      Vincent Rosarbo

Rosarbo lacks sufficient knowledge, skill, experience, training, or education to qualify as an expert. Their proposed expert testimony will not help the trier of fact to understand the evidence or determine a fact in issue. Their proposed expert testimony is not based on sufficient facts or data. In addition, their proposed expert testimony is not the product of reliable principles or methods.

ii.      Jesus Palmeroni

Palmeroni lacks sufficient knowledge, skill, experience, training, or education to qualify as an expert. His proposed expert testimony will not help the trier of fact to understand the evidence or determine a fact in issue. His proposed expert testimony is not based on sufficient facts or data. In addition, his proposed expert testimony is not the product of reliable principles or methods.

6.      **PLAINTIFF'S EXHIBITS** (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. parties hereby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made).

A.      Plaintiff intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each):

1.      Smart World US Tax Records, Sarinelli–Smart World 0001-0018.

2.      Corporate filings for Smart World, Inc., Sarinelli–Smart World 0019-0035.

3.      1999 and 2000 orders, correspondence and payment confirmations between NVE and its distributor in The Netherlands, Smart World. NVE-004152-B-4174-B.

4.      Lakeland Bank records reflecting payments made by Brand New Energy to NRCG, Lakeland Bank-035, 54 and 57.

17

5.   Checks reflecting payments made by VAR to Palmeroni or NRCG, or NRCG to VAR, or AWD to NRCG, Lakeland Bank, 062, 86, 87, 100, 108, 118, 147, 150, 156, 170, 174, 175, 186, 194, 198, 205, 221, 225, 231, 242, 245 and 260.

6.   Checking account statements for AWD, BoA-AWD-009, 14, 19, 24, 29, 34, 40, 45, 51, 52, 57, 63, 68, 73, 78, 83, 88, 93, 98, 103, 108, 113, 118, 123, 128, 131, 137, 142, 148, 153, 158 and 163.

7.   VAR checking account statements, BoA-VAR-0080, 86, 98, 109.

8.   Letter sent to Palmeroni on March 24, 2006, NVE-2935.

9.   Rosarbo Separation Agreement dated August 10, 2004, NVE-4299-B – 4302-B.

10.  Palmeroni Separation Agreement dated August 10, 2004, NVE-2929 – 2932.

11.  NVE's 2002 Employee Handbook, NVE 2864-2897.

12.  Handbook acknowledgement signed by Palmeroni, NVE-002858-A.

13.  Checks from International Wholesale Service, Inc. to AWD, BoA-AWD-0172, 175, 181, 182, 211, 215, 221, 223, 224, 228, 238, 242, 252, 254, 258, 264 and 272.

14.  Checks from Curtis Beverage, Alfredo Felice and Charmaine Felice to AWD, BoA-AWD-0186, 192, 195, 232-246.

15.  Checks from Curtis Beverage to VAR, BoA-VAR-0123.

16.  Check from Portzs to AWD in amount of $50,000, BoA-AWD-0238.

17.  Documents produced by Carlos Bengoa, bearing Bates Nos. NVE-CB-0001 to NVE-CB-0031.

18.  Fleet Bank and Bank of America bank account records for Smart World Inc. from 12/21/2002 through 5/31/2006, Sarinelli-Smart World 0177, 272, 273, 274, 275, 277, 279, 286, 287, 284, 295, 296, 297, 298, 299, 300, 302, 303, 305.

19.  Bank of America checking statements for Smart World, BoA-Smartworld 000180, 185, 190, 195, 200, 205, 210, 214, 217, 222, 227, 232, 237, 242, 247, 252, 257, 262 and 267.

20.   Handwritten Smart World US payment ledgers received from Sarinelli and Associates, Sarinelli-Smartworld – 0036, 37, 38, 39, 40, 119, 256, 257, 258, 259, 260, 261, 381, 382, 383, 384,

21.   Checks from Dirk Nieuwenhuis to NRCG, Lakeland Bank, 109, 151, 163, 189, 213, 241, 244, 255, 278, 289, 296, 302, 359 and 360.

22.   Checks from Brand New Energy to NRCG, Lakeland Bank -035, 54 and 57.

23.   Internal NVE documents reflecting Smart World purchases of NVE products, NVE-004055-B – 004127-B.

24.   Corporate Charter of NRCG, Carinelli-NRGC-0016.

25.   General Ledger for America Wholesale Distributors

26.   General Ledger for Smart World, Inc.

27.   Palmeroni's state and federal tax returns: 2000 to 2008.

28.   Smart World, Inc.'s tax returns 2001 through 2007.

29.   American Warehouse Distributors, Inc. tax returns 2001 through 2007

30.   VAR's tax returns, 2002 through 2009.

31.   AWD Corporate Charter, Sarinelli-AWD 11.

32.   AWD Articles of Incorporation, Sarinelli-AWD 15.

33.   Income/withholdings summaries for Palmeroni, 2000 through 2005, NVE 002843-A – 2848.

34.   Palmeroni's resume, NVE 002862-A.

35.   Transcript of phone conversation between Palmeroni and Rosarbo dated November 10, 2010.

36.   NVE's International Price Lists

37.   Domestic distributor purchases for Stacker

38.   Domestic distributor purchases for ephedra free products

39.   Daryl Neier's *curriculum vitae*

40.   Wires to T&J Limited

41.   Transcripts from deposition of Palmeroni

42.   Transcripts from deposition of Rosarbo

43.   Records of payments from PMI to Global NVE-PMI 000001-000080

44.   Smart World Netherlands orders for NVE products, NVE-004055-B – NVE 004127-B

45.   Summary of Payments from Sunbelt Marketing to NRGC

46.   Summary of Payments from PMI to NRGC

47.   Summary of Payments from Profit Motivators to NRGC

48.   Summary of Payments from Nieuwenhuis to NRGC

49.   Summary of Payments from Brand New Energy to NRGC

50.   Summary of Payments from PMI to Global

51.   Summary of Payments from CB Distributors to NRGC

52.   Summary of Payments from CB Distributors to AWD

53.   Summary of Payments from Brand New Energy to AWD

54.   Summary of Payments from Householder to AWD

55.   Summary of Payments from Sessions to AWD

56.   Summary of Payments from ISG to AWD

57.   Summary of Payments from Portzs to AWD

58.   Summary of Payments from International Wholesale Service to AWD

59.   Summary of Payments from Alfredo Felice to AWD

60.   Summary of Payment from Curtis Beverage to AWD

61.  Summary of Payments from CB Distributors to VAR

62.  Summary of Payments from Brand New Energy to VAR

63.  Summary of Payments from Curtis Beverage to VAR

64.  Summary of Payments from CB Distributors to Smart World US

65.  Palmeroni's personnel file NVE-002858-A – NVE-002863-A


7.  **DEFENDANT'S EXHIBITS** (See instructions above).

   A.  **Palmeroni** - intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each):

   1. Insurance documents provided by NVE

   2. Deposition of Erling Jensen

   3. Deposition of Vincent Rosarbo

   4. Deposition of Ronald Sumicek

   5. Deposition of Tammy Thom Meza

   6. Deposition of Patricia Cosentino

   7. Deposition of Robert Occhifinto and

   8. Deposition of Darren Householder

   9. Testimony given to the United States Congress by Robert Occhifinto as to ephedra and his role at NVE as well as company history. (Given during Mr. Palmeroni's employment)

   10. New Jersey ledger story containing information on Mr. Occhifinto's previously undisclosed first arrest for selling look-alike drugs. (This article directly impeaches Mr. Occhifinto's testimony later to Congress mentioned in number 9. above)

11. Complaints and charges brought by FDA against NVE before, during and after Mr. Palmeroni's employment there which directly impeach Mr. Occhifinto's testimony concerning mislabeled product etc.

12. Letter from Mr. Rosarbo to the court concerning his deposition testimony and his accusations of witness tampering, suborning perjury and witness intimidation as well as any future testimony allowed by this court concerning those offenses aforementioned, or changes in Mr. Rosarbo's testimony.

13. Letter from Barry Cohen outlining his work with GNC corporate impeaching Mr. Occhifinto's version of events.

14. Memo from Patty Cosentino talking about irregular pricing throughout the NVE system allowed by Mr. Occhifinto.

15. Subpoenaed testimony from federal district court in Michigan impeaching testimony given in this case by Mr. Occhifinto and Erling Jensen as well as others employed or working with NVE.

16. All articles and information previously submitted to the court in this case concerning Jared Wheat and the illegal actions committed by him and Mr. Occhifinto during Mr. Palmeroni's employment, which both Mr. Palmeroni and Mr. Rosarbo complained about

17. emails between Richard Horwitz and Gerald Horwitz and their employees at their company profit motivators et al. sent to Mr. Palmeroni during and after his employment ended with NVE

18. Marketing materials used by NVE during Mr. Palmeroni's employment.

19. Forbes magazine article containing interviews with Mr. Occhifinto and senior vice president Walter Orcutt as to their position on ephedra sales, marketing, and production.

**Plaintiff's Objections to Palmeroni's Exhibits**

1. Insurance documents provided by NVE

**Objections**

Plaintiff objects to these proposed exhibits on the grounds that Palmeroni does not identify these documents with enough specificity. In addition, he does not explain how they are relevant to the claims or defenses in this matter.

5. Deposition of Tammy Thom Meza

**Objections**

Plaintiff objects to this proposed exhibit on the grounds that it is not relevant and that its probative value, if any, is outweighed by its prejudicial effect.

6. Deposition of Patricia Cosentino

**Objections**

Plaintiff objects to this proposed exhibits on the grounds that it is not relevant and its probative value, if any, is outweighed by its prejudicial effect.

9. Testimony given to the United States Congress by Robert Occhifinto as to ephedra and his role at NVE as well as company history. (Given during Mr. Palmeroni's employment)

**Objections**

Plaintiff objects to this proposed exhibit on the grounds that Palmeroni does not identify the testimony to which he is referring to with enough specificity. In addition, he does not explain how the testimony is relevant to the claims or defenses in this matter.

10. New Jersey ledger story containing information on Mr. Occhifinto's previously undisclosed first arrest for selling look-alike drugs. (This article directly impeaches Mr. Occhifinto's testimony later to Congress mentioned in number 9. above)

**Objections**

Plaintiff objects to this proposed exhibit on the grounds that is barred by the rule against hearsay, not relevant to the claims and defenses in this matter, and barred by Federal Rule of Evidence 404(a) to the extent that it is to be used as character evidence.

11. Complaints and charges brought by FDA against NVE before, during and after Mr. Palmeroni's employment there which directly impeach Mr. Occhifinto's testimony concerning mislabeled product etc.

**Objections**

Plaintiff objects to these proposed exhibits on the grounds that they are not identified with enough specificity, not relevant to any of the claims or defenses in this matter,

not evidential of any facts and barred by Federal Rule of Evidence 404(a) to the extent that they are to be used as character evidence.

12. Letter from Mr. Rosarbo to the court concerning his deposition testimony and his accusations of witness tampering, suborning perjury and witness intimidation as well as any future testimony allowed by this court concerning those offenses aforementioned, or changes in Mr. Rosarbo's testimony.

### Objections

Plaintiff objects to this proposed exhibit on the grounds that it is hearsay and that it is not relevant to the claims and defenses in this matter.

13. Letter from Barry Cohen outlining his work with GNC corporate impeaching Mr. Occhifinto's version of events.

### Objections

Plaintiff objects to this proposed exhibit on the grounds that it is hearsay, that it is not relevant to the claims and defenses in this matter, and that it was not provided during discovery.

14. Memo from Patty Cosentino talking about irregular pricing throughout the NVE system allowed by Mr. Occhifinto.

### Objections

Plaintiff objects to this proposed exhibit on the grounds that it is hearsay, that it is not relevant to the claims and defenses in this matter, that it was not provided during discovery and that its probative value, if any, is outweighed by its prejudicial effect.

15. Subpoenaed testimony from federal district court in Michigan impeaching testimony given in this case by Mr. Occhifinto and Erling Jensen as well as others employed or working with NVE.

### Objections

Plaintiff objects to these exhibits because Mr. Palmeroni does not identify them with enough specificity and they are not relevant to any of the claims or defenses in this matter.

16. All articles and information previously submitted to the court in this case concerning Jared Wheat and the illegal actions committed by him and Mr. Occhifinto

24

during Mr. Palmeroni's employment, which both Mr. Palmeroni and Mr. Rosarbo complained about

**Objections**

Plaintiff objects to these proposed exhibits on the grounds that they are hearsay, that they are not relevant to the claims and defenses in this matter, that they were not provided during discovery, that their probative value, if any, is outweighed by their prejudicial effect, and that they are barred by Federal Rule of Evidence 404 (a) to the extent that they are to be used as character evidence.

17. emails between Richard Horwitz and Gerald Horwitz and their employees at their company profit motivators et al. sent to Mr. Palmeroni during and after his employment ended with NVE

**Objections**

Plaintiff objects on the grounds that these emails were not produced during discovery and that they are not relevant to the claims and defenses in this matter.

18. Marketing materials used by NVE during Mr. Palmeroni's employment.

**Objections**

Plaintiff objects to these exhibits because Mr. Palmeroni does not identify them with enough specificity and they are not relevant to any of the claims or defenses in this matter.

19. Forbes magazine article containing interviews with Mr. Occhifinto and senior vice president Walter Orcutt as to their position on ephedra sales, marketing, and production.

**Objections**

Plaintiff objects to these proposed exhibits on the grounds that they are hearsay, that they are not relevant to the claims and defenses in this matter, that they were not provided during discovery, that their probative value, if any, is outweighed by their prejudicial effect, and that they are barred by Federal Rule of Evidence 404 (a) to the extent that they are to be used as character evidence.

   C. **Rosarbo -** intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each):

1. Insurance documents provided by NVE

2. Deposition of Erling Jensen

3. Deposition of Vincent Rosarbo

4. Deposition of Ronald Sumicek

5. Deposition of Tammy Thom Meza

6. Deposition of Patricia Cosentino

7. Deposition of Robert Occhifinto

8. Deposition of Darren Householder

9. Rosarbo submitted statement concerning meetings with Bob Occhifinto, being coerced, pressured and threatened all prior to my deposition testimony. Also stated deposition was done without counsel present.

**Plaintiff's Objections to Rosarbo's Exhibits**

1.      Insurance documents provided by NVE

**Objections**

Plaintiff objects to these proposed exhibits on the grounds that Mr. Rosarbo does not identify these documents with enough specificity.  In addition, he does not explain how they are relevant to the claims or defenses in this matter.

2.      Deposition of Tammy Thom Meza

**Objections**

Plaintiff objects to this proposed exhibits on the grounds that it is not relevant and that its probative value, if any, is outweighed by its prejudicial effect.

3.      Deposition of Patricia Cosentino

**Objections**

Plaintiff objects to this proposed exhibits on the grounds that it is not relevant and that its probative value, if any, is outweighed by its prejudicial effect.

9.      Rosarbo submitted statement concerning meetings with Bob Occhifinto, being coerced, pressured and threatened all prior to my deposition testimony. Also stated deposition was done without counsel present.

**Objections**

Plaintiff objects to these proposed exhibits on the grounds that they are hearsay, that they were not provided during discovery, that their probative value, if any, is outweighed by its prejudicial effect, and that they are barred by Federal Rule of Evidence 404 (a) to the extent that they are to be used as character evidence.

Copies of exhibits are to be made for opposing counsel, and a bench book of exhibits is to be delivered to the Judge at the start of trial. If counsel desires to display exhibits to the jury, sufficient copies should be available to provide each juror with a copy; alternatively, enlarged photographic or projected copies may be used.

8.      **JURY TRIALS** - Not later than ____TBD_____.

A.      Each side shall submit to the Judge and to opposing counsel a trial brief or memorandum in accordance with Local Civil Rule 7.2B, with citations to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

B.      Counsel for each party shall submit to the Judge, with a copy to opposing counsel, written requests for instructions to the jury. Supplemental requests for instructions may be submitted at any time prior to argument to the jury. All requests for instructions shall be plainly marked with the name and number of the case, shall contain citations of supporting authorities, if any, and shall designate the party submitting same. In the case of multiple requests by a party, these shall be numbered in sequence and each request shall be on a separate sheet of paper.

C.      Joint proposed verdict form/special interrogatories are to be submitted to the trial judge.

D.      Proposed *voir dire* questions are to be submitted to the trial judge.

9.      **TRIAL COUNSEL** (List the names of trial counsel for all parties).

**Trial Counsel for Plaintiff, N.V.E., Inc.,**

Samuel J. Samaro, Esq.
PASHMAN STEIN WALDER HAYDEN. P.C.
21 Main Street – Suite 200
Hackensack, NJ 07601

**Defendants Jesus J. Palmeroni and Vincent Rosarbo**

Both appearing *pro se*

10. **ESTIMATED LENGTH OF TRIAL**

8 DAYS FOR LIABILITY and 3 DAYS FOR DAMAGES.

AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED.

/s/ James W. Boyan III
JAMES W. BOYAN III
**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
*Attorneys for Plaintiff N.V.E., Inc.*
21 Main Street – Suite 200
Hackensack, NJ 07601
jboyan@pashmanstein.com
T. (201) 488-8200
F. (201) 488-5556

JESUS PALMERONI
Defendant *pro se*
3308 Route 940, Suite 104
Mt. Pocono, PA 18344


VINCENT ROSARBO
Defendant *pro se*
23 Thistle Meadow Lane
Branford, Connecticut 06405


HON. LEDA DUNN WETTRE
UNITED STATES MAGISTRATE JUDGE

28

**Trial Counsel for Plaintiff, N.V.E., Inc.,**

Samuel J. Samaro, Esq.
PASHMAN STEIN WALDER HAYDEN. P.C.
21 Main Street – Suite 200
Hackensack, NJ 07601

**Defendants Jesus J. Palmeroni and Vincent Rosarbo**

Both appearing *pro se*

10.    **ESTIMATED LENGTH OF TRIAL**

8 DAYS FOR LIABILITY and 3 DAYS FOR DAMAGES.

AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED.

_____
SAMUEL J. SAMARO, ESQ.
**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
*Attorneys for Plaintiff N.V.E., Inc.*
21 Main Street – Suite 200
Hackensack, NJ 07601
ssamaro@pashmanstein.com
T. (201) 488-8200
F. (201) 488-5556

_____  1/30/19
JESUS PALMERONI
Defendant *pro se*
3308 Route 940, Suite 104
Mt. Pocono, PA 18344

_____
VINCENT ROSARBO
Defendant *pro se*
23 Thistle Meadow Lane
Branford, Connecticut 06405

Dated: May 7, 2019

_____
HON. LEDA DUNN WETTRE
UNITED STATES MAGISTRATE JUDGE

28

Trial Counsel for Plaintiff, N.V.E., Inc.,

Samuel J. Samaro, Esq.
PASHMAN STEIN WALDER HAYDEN. P.C.
21 Main Street – Suite 200
Hackensack, NJ 07601

Defendants Jesus J. Palmeroni and Vincent Rosarbo

Both appearing *pro se*

10. **ESTIMATED LENGTH OF TRIAL**

8 DAYS FOR LIABILITY and 3 DAYS FOR DAMAGES.

AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED.

---

SAMUEL J. SAMARO, ESQ.
**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
*Attorneys for Plaintiff N.V.E., Inc.*
21 Main Street – Suite 200
Hackensack, NJ 07601
ssamaro@pashmanstein.com
T. (201) 488-8200
F. (201) 488-5556

JESUS PALMERONI
Defendant *pro se*
3308 Route 940, Suite 104
Mt. Pocono, PA 18344

4/30/19

VINCENT ROSARBO
Defendant *pro se*
23 Thistle Meadow Lane
Branford, Connecticut 06405

---

HON. LEDA DUNN WETTRE
UNITED STATES MAGISTRATE JUDGE

28