**Samuel J. Samaro**
Member of the Firm
Designated by the Supreme Court of New Jersey as a Certified Civil Trial Attorney
ssamaro@pashmanstein.com



March 2, 2020

### VIA ELECTRONIC FILING

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court for the District of New Jersey
Dr. Martin Luther King Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: *N.V.E., Inc. v. Palmeroni, et al.*
       Civil Action No. 06-5455 (MCA)(LDW)

Dear Judge Arleo:

  During the January 23, 2020 hearing, Your Honor inquired whether Plaintiff N.V.E., Inc. would call Defendants as witnesses in its affirmative case. The undersigned advised that NVE planned to read-in sections of the transcripts from Mr. Rosarbo's depositions[1] pursuant to Fed. R. Civ. P. 32(a) rather than calling him as a witness. Your Honor subsequently directed the parties to submit the sections of the deposition transcripts that they intend to read-in at trial. Enclosed please find the sections of the depositions of Vincent Rosarbo that NVE intends to read-in at trial.

  It is true that we intend to read in more of Rosarbo's deposition than would be typical in a case of this nature. However, it is important to note that Fed. R. Civ. P. 32(a) does not limit how (or how much of) a party's transcript may be used as evidence. Moreover, as the Court will no doubt appreciate when reviewing the transcript pages, at his deposition, Mr. Rosarbo provided clear answers to clear questions. Since then, he has indicated that he intends to disavow those answers and claim that Mr. Occhifinto basically gave him permission to engage in the distribution fraud. (See December 28, 2018 Draft of Final Pretrial Order, p. 10, Dkt. No. 713-1). If he does that, calling him as a witness in our affirmative case will be a logistical nightmare. Every other question will have us confronting him with the deposition transcripts, which will make the presentation disjointed and chaotic. It will be far easier to get the entire story before the jury by

---

[1] As discussed during the hearing, with the Court's permission, NVE would like to have a reader read Defendants' deposition answers at trial. The use of a reader is recommended in several practice guides. *See, e.g.*, Jeffrey J. Kroll, Effective Use of Depositions at Trial, 30 Litigation 47, 49 (Fall 2003) ("[Y]ou may want to consider hiring an actor to read the deposition at trial."); Paul Lisnek & Michael Kaufman, Depositions: Procedure, Strategy & Technique (3d ed.) § 16:6 ("attorneys should employ professional actors as deposition readers. In this way, the trial attorney can maintain his posture as examiner, while the actor 'becomes' the witness for the jury.)

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

Honorable Madeline Cox Arleo, U.S.D.J.
March 2, 2020
Page 2

way of the transcripts and then deal with the changing testimony on cross, should he in fact choose to provide contradictory testimony.

In addition, the alleged basis for Mr. Rosarbo's disavowal of his deposition is that when he was deposed, he was in a state of "exhaustion, stress, intimidation and confusion" caused by interactions he had with Mr. Occhifinto and his counsel. (See letter from Rosarbo dated September 27, 2018, p. 2 Dkt. No. 707 at 2). The best evidence that this is false is the full transcript, which show him to be lucid and truthful. Again, assuming that he will take the stand and attempt to claim that his testimony was muddled because of his mental state, it will be important for the jury to see how he performed over the course of the entire day. It would be a very difficult point to make by confronting him with isolated portions of the transcript.

Respectfully submitted,

*/s/ Samuel J. Samaro*
Samuel J. Samaro

Encls.

cc:   Jesus Palmeroni (via email w/ encls.)
      Vincent Rosarbo (via email w/ encls.)