**Samuel J. Samaro**
Member of the Firm
Designated by the Supreme Court of New Jersey as a Certified Civil Trial Attorney
ssamaro@pashmanstein.com



March 2, 2020

**VIA ELECTRONIC FILING**

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
Martin Luther King Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *N.V.E., Inc. v. Palmeroni, et al.*
              <u>Civil Action No. 06-5455 (MCA)(LDW)</u>

Dear Judge Arleo:

    During the January 23, 2020 hearing on the parties pretrial motions, the Court directed

Plaintiff N.V.E., Inc. ("NVE") to submit a proposed protocol for the direct examination of the

Defendants who are both proceeding *pro se*. In response to that directive, we propose the

following:

- Defendants shall compose lists of questions for their respective direct examinations;

- Defendants shall submit their lists to Plaintiff's counsel and the Court one week prior to the start of the trial;

- NVE may object to any of Defendants' questions before the start of the trial and the Court shall rule on the objections.

- Just prior to testifying, Defendants shall ask themselves the remaining questions and proffer answers to them outside the presence of the jury but in the presence of counsel for NVE; NVE's counsel will be permitted to object. The Court will rule on the objections

- Based on the Court's rulings, Defendants will ask themselves the remaining questions in front of the jury and follow the Court's rulings in providing answers.

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
    Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

Honorable Madeline Cox Arleo, U.S.D.J.
March 2, 2020
Page 2

Under the Federal Rules of Evidence, this Court has discretion to control the mode of examining witness. Fed. R. Evid. 611(a). In addition, the Court can decide "whether testimony shall be in the form of a free narrative or responses to specific questions." Advisory Committee Notes to Fed. R. Evid. 611.

Here, the most appropriate form of examination is for the defendants to ask themselves questions. Courts throughout the country have endorsed this approach for pro se litigants. *State v. Curley*, A-2606-11T4, 2016 WL 2596404, at *6 (N.J. Super. Ct. App. Div. May 6, 2016)("We note that several jurisdictions have accepted the question-and-answer method for pro se litigant-witnesses.") (citing *United States v. Beckton,* 740 F.3d 303, 306–07 (4th Cir .), *cert. denied,* 572 U.S. 1128 (2014) (holding that the district court "was well within the proper exercise of [its] discretion" in denying the defendant's "request[ ] that, as a pro se [litigant], he be permitted to testify in narrative form.); *United States v. Nivica,* 887 F.2d 1110, 1120–23 (1st Cir.1989), *cert. denied,* 494 *U.S.* 1005 (1990); *Hutter N. Trust v. Door Cnty. Chamber of Commerce,* 467 F.2d 1075, 1078 (7th Cir.1972); *Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP,* 68 A.3d 697, 717 (D.C. Ct.App.2013); *State v. Joyner,* 848 P.2d 769, 774 (Wash.Ct.App.1993)).

For these reasons, NVE respectfully requests the Court to adopt the protocol set forth above.

Respectfully submitted,

/s/Samuel J. Samaro
SAMUEL J. SAMARO

cc:   Jesus Palmeroni (via e-mail)
      Vincent Rosarbo (via e-mail)