# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., | Civil Action No. |
| Plaintiff, | 06-5455 (MCA) (LDW) |
| v. | |
| JESUS J. PALMERONI, *et al.*, | **ORDER** |
| Defendants. | |

**THIS MATTER** having come before the Court by way of plaintiff N.V.E., Inc.'s motion to take *de bene esse* depositions of Richard Horowitz and Carlos Bengoa by videoconference (ECF No. 761); and

**WHEREAS** *pro se* defendants Jesus J. Palmeroni and Vincent Rosarbo oppose the motion, raising, among other things, concerns about delay, costs, their inexperience taking depositions as *pro se* litigants, and the fairness of allowing witnesses to testify by video (ECF No. 763); and

**WHEREAS** at the request of defendant Rosarbo, the Honorable Madeline Cox Arleo, U.S.D.J., adjourned the jury trial set for February 18, 2020 to March 24, 2020 (ECF No. 749); and

**WHEREAS** in light of the national COVID-19 crisis, and consistent with the suspension of all jury trials scheduled to begin before April 30, 2020 under Standing Order 2020-02, Judge Arleo again rescheduled trial in this matter to July 20, 2020 (ECF No. 758); and

**WHEREAS** N.V.E. now seeks to take *de bene esse* depositions by videoconference to preserve the testimony of two out-of-state witnesses for trial; and

**WHEREAS** "[t]he purpose of a *de bene esse* deposition is to perpetuate testimony where there is a bona fide concern that, if not taken, the testimony to be obtained at the deposition will be lost due to the unavailability of the witness at trial." *Weiss v. First Unum Life Ins.*, Civ. A. No.

02-4249, 2010 WL 1027610, at *2 (D.N.J. Mar. 16, 2010); *see Crowley v. Chait*, Civ. A. No. 85-2441, 2007 WL 7569542, at *3 (D.N.J. Aug. 29, 2007) ("The general purpose of *de bene esse* deposition is for admission at trial as direct examination of the witness in lieu of live testimony. Unlike discovery depositions, *de bene esse* depositions are invariably videotaped and there is full cross-examination by the adverse party, since the very reason for the deposition is to use it as a substitute for the live witness."); and

**WHEREAS** "as with other discovery related matters, the decision of whether to permit a *de bene esse* deposition lies in the sound discretion of the Court." *Weiss*, 2010 WL 1027610, at *2 (citing *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)); and

**WHEREAS** "[f]actors to be considered in granting a *de bene esse* deposition after the close of discovery are: the unavailability of the witness to appear at trial; whether the deposing party knew of the information the potential witness would testify to prior to the deposition; and whether the opposing party will be prejudiced by granting the deposition – with special attention given to the question of prejudice." *Coface Collections N. Am., Inc. v. Newton*, Civ. A. No. 11-52, 2012 WL 6738391, at *1 (D. Del. Dec. 28, 2012); and

**WHEREAS** Standing Order 2020-02 directs judicial officers "to take reasonable measures to avoid the necessity of out-of-town travel (especially by public conveyance) of any litigant, witness, [or] counsel"; and

**WHEREAS** Mr. Horowitz and Mr. Bengoa are both at high risk for severe illness from COVID-19 due to their age, and their appearances at trial would require air travel from Florida and Illinois in contravention to guidance from the Centers for Disease Control that high-risk individuals avoid all non-essential air travel. (Samaro Cert. ¶¶ 4-7, Ex. B). *See Coface*, 2012 WL 673839, at *2 (granting leave to take *de bene esse* depositions where the witnesses "are all beyond

the subpoena power of the Court, and they have all indicated that they will be unable to make the long trip from their respective homes to this courthouse"); and

**WHEREAS** there is no indication that Mr. Horowtiz or Mr. Bengoa's anticipated testimony was unknown to any party prior this application; and

**WHEREAS** the Court is cognizant of defendants' *pro se* status, but sees no practical difference in their ability to cross-examine a witness at a *de bene esse* deposition as opposed to trial; and

**WHEREAS** defendants will be afforded ample time and opportunity to cross-examine the witnesses at deposition such that there are no due process concerns presented by this motion; and

**WHEREAS** defendants will not be required to shoulder any costs associated with taking these depositions; and

**WHEREAS** the Court will direct plaintiffs to take the *de bene esse* depositions expeditiously to avoid any further delay of trial; and

**WHEREAS** the Court is sympathetic to *pro se* defendants' own health concerns, but notes that, unlike Mr. Horowitz and Mr. Bengoa, they are parties to this action, and they will not need to confront the exposure risks posed by air travel in order to appear in court for trial as they reside in Pennsylvania and Connecticut; and

**WHEREAS** the Court finds good cause to allow *de bene esse* depositions after the close of discovery due to the extraordinary circumstances created by the COVID-19 pandemic, with no appreciable prejudice to defendants;

**IT IS** on this day, May 13, 2020:

**ORDERED** that plaintiff's motion to take *de bene esse* depositions is **GRANTED**; and it is further

**ORDERED** that the *de bene esse* depositions of Richard Horowitz and Carlos Bengoa shall be completed by videoconference no later than **June 5, 2020**; and it is further

**ORDERED** that plaintiff N.V.E. shall bear all costs necessary for taking the *de bene esse* depositions, shall ensure that each defendant has sufficient audio/visual technology to fully participate in the videoconference depositions, and shall ensure that each defendant is timely provided with copies of the videos and deposition transcripts at no cost to themselves; and it is further

**ORDERED** that each defendant shall be afforded adequate time and opportunity for cross-examination of the witnesses; and it is further

**ORDERED** that the Clerk of Court is directed to terminate the motion at ECF No. 761.

      *s/ Leda Dunn Wettre*
      Hon. Leda Dunn Wettre
      United States Magistrate Judge