11/26/2021

via electronic filing and email

Hon. Andre Espinoza,USMJ

United States District Court

Martin Luther King Jr. federal courthouse

50 Walnut St.

Newark, NJ 07101

Dear judge Espinoza,

I'm sending this letter as discussed yesterday November 25, 2021. It involves my opposition to the inclusion of Mr. Rosarbo's depositions in the upcoming trial scheduled for December 7, 2021. I'm sending this by direct email to all of the parties involved as well as to the clerk's office who will then put it into the electronic file system. I am doing this because the process for pro se litigants for filing documents involves sending them 1st to the clerk's office via email and then it can take anywhere between hours and days for them to appear on the docket as opposed to things being instantly filed from an attorney's office and I know Your Honor wished to see these documents as soon as possible.

**Background**

plaintiff wishes to read some 170 pages or more of defendant Rosarbo's deposition to the jury. This is despite the fact that defendant Rosarbo will be present to testify.

**Reasons for my opposition**

1. **A very real possibility this testimony was coerced and that NVE and Mr. Occifinto participated in witness tampering and possible other crimes.**

    In a letter submitted to the honorable judge Wettre on September 27, 2018 (docket number 707) defendant Rosarbo outlines a scenario in which he was summoned to a private meeting with Mr. Occifinto prior to his deposition. Without repeating the full contents of the letter here it is abundantly apparent that Mr. Rosarbo feels he was heavily pressured and threatened (as was his family) to present Mr. Occifinto's version of events concerning this case. If what Mr. Rosarbo said in document 707 is true it is extremely disturbing and would indicate to the layman a clear case of witness tampering.

In open court, and in limine hearings in 2020 Mr. Rosarbo again spoke of documents 707 and while judge Arleo did not directly address document 707 she did indicate that Mr. Rosarbo would be able to testify if he thought he was a victim of witness intimidation etc.

Mr. Rosarbo had indicated that there was an audio recording of Mr. Occifinto leaving a voicemail imploring Mr. Rosarbo to contact him before his deposition. Mr. Rosarbo finally obtained those recordings and played them for me after the judges meeting yesterday November 25, 2021. I will be subpoenaing that as new evidence in the case.

Mr. Occifinto left the above voicemail for Mr. Rosarbo. After listening to the call I'm sure Your Honor would agree that the message for Mr. Rosarbo was emphatic. Mr. Rosarbo has testified that he returned his call and Mr. Occifinto was adamant that they meet in person… Alone… Even though Mr. Occifinto had Pashmen Stein working on this case over 10 years at this point.

Mr. Rosarbo was directed to drive from his home in Connecticut, to one of Mr. Occifinto's many homes in New Jersey. Mr. Rosarbo's version of that meeting is outlined in document 707. Although I'm sure Mr. Occifinto would have a different version of what was said during this meeting, the two of them had not seen or talked to each other in years, and it stands to reason that Mr. Occifinto did not seek to discuss Christmas gift ideas. In his deposition testimony on January 21, 2016 pages 23 to 25 (see attachment), Mr. Occifinto admitted to this meeting between himself and Mr. Rosarbo.

On December 11, 2015 Mr. Rosarbo arrived at a deposition at the offices of Pashmen Stein to respond to their subpoena, despite ignoring several properly served subpoenas from my attorney at the time Robert Vort. It was not unnoticed at the time that Mr. Rosarbo arrived looking extremely disheveled and out of sorts and obviously in an extreme agitated state. This was commented on by other attorneys present at this deposition besides my own, and my witness list includes one of those attorneys. It is that deposition (with certain redaction's) that the plaintiff proposes to read to the jury in its entirety. Plaintiff also wishes to read portions of later depositions by Mr. Rosarbo.

It should also be noted that Mr. Rosarbo, who was unrepresented by counsel at all of these depositions, requested to invoke his Fifth Amendment rights but after a call with judge Wettre insisted on by the plaintiff, Mr. Rosarbo relented.

The facts presented above point to an obviously tainted testimony that was disavowed by Mr. Rosarbo years ago. The issues above lend serious credence to Mr. Rosarbo's version of events.

2. **Plaintiff's request to read extensive portions of Mr. Rosarbo's now disavowed deposition will seriously impact the process of the trial and how the jury understands the testimony. It is highly unwieldy and time-consuming.**

Since Mr. Rosarbo will be present and able to testify it stands to reason that plaintiff can question them to their hearts desire on these issues and whatever else they deem fit. And the defense (myself) will be able to question Mr. Rosarbo and take his testimony in a normal way. If plaintiff insists

on being able to read several hundred pages of Mr. Rosarbo's deposition, it seems to me there will be a whole another part of the trial devoted to cross-examination of Mr. Rosarbo, of those facts as well as the facts of how Mr. Rosarbo claims he was intimidated and tampered with to obtain this testimony. This seems a huge waste of time for both the court and the jury.

Mr. Samaro, plaintiffs attorney has indicated that this is an "all or nothing" decision as far as the inclusion and reading of these extensive transcripts. Because of that and the reasons mentioned above I respectfully ask the court to eliminate Mr. Rosarbo's prior deposition testimony.

Thank you, Your Honor,

Joe Palmeroni