# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., <br><br> Plaintiff, <br><br> v. <br><br> JESUS J. PALMERONI, et al., <br><br> Defendants. | Civil Action No. 06-05455-AME <br><br> **ORDER** |

**THIS MATTER** having come before the Court for a hearing on April 12, 2023, to address all remaining pretrial motions and issues; and the Court having reviewed, among other things, the parties' supplemental briefs and submissions as well as prior Court orders and directives; and the Court having carefully considered the parties' respective positions and arguments during the April 12, 2023 hearing; and for the reasons set forth on the record during the April 12, 2023 hearing; and for good cause shown,

**IT IS** on this 13th day of April, 2023,

**ORDERED that:**

1. Plaintiff's application to read-in excerpts of Defendant Vincent Rosarbo's ("Rosarbo") deposition transcript in its affirmative case at trial is **GRANTED**, subject to Federal Rule of Civil Procedure 32(a), the conditions it imposes, any necessary predicate evidentiary showing, and any evidentiary ruling. Plaintiff may use a third-party reader for this purpose, subject to the limitations imposed on the record during the April 12, 2023 hearing.

2. Defendants' application to bar Plaintiff from calling non-party, fact witnesses Richard Horowitz and Carlos Bengoa in its affirmative case at trial is **DENIED**. Richard Horowitz and Carlos Bengoa will be permitted to testify in person at trial.

3. Defendants' application for an order directing Plaintiff to produce copies of the recordings of the videotaped *de bene esse* depositions of Richard Horowitz and Carlos Bengoa is **GRANTED**. Plaintiff shall produce copies of those recordings in any accessible format as soon as is practicable but no later than seven days from the date of this Order. Defendants may read-in excerpts of the depositions transcripts or play excerpts of video recordings of those witnesses, subject to Federal Rule of Civil Procedure 32(a), the conditions it imposes, any necessary predicate evidentiary showing, and any evidentiary ruling.

4. Defendants' renewed application to present direct testimony in narrative format at trial is **DENIED**, and Plaintiff's application for an order adopting its proposed protocol for the direct examination of Defendants is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall present direct testimony in question-and-answer format. Defendants shall each submit a list of questions for their respective direct examinations to the Court by 9:00 a.m. on the morning of their direct testimony. The Court may preclude Defendants from asking any of the proposed questions pursuant to the Federal Rules of Evidence and prior directives of this Court. The Court reserves decision on the issue of the protocol for the reading of Defendants' list of questions.

5. Defendants' application for reconsideration of the January 27, 2020 Order of the Honorable Madeline Cox Arleo, U.S.D.J., granting Plaintiff's motion *in limine* to exclude prior convictions of Robert Occifinto [ECF No. 750], is **DENIED**.

6. Defendants' application for reconsideration of Judge Arleo's January 27, 2017 Order and Judgment, dismissing Defendant Jesus J. Palmeroni's ("Palmeroni") counterclaims [ECF No. 636], is **DENIED**.

7. Plaintiff shall file a letter by April 28, 2023, listing all evidentiary rulings issued by the Court prior to the April 12, 2023 hearing, with citations to relevant orders and/or transcripts, to which Defendants may file a joint response by 4:00 p.m. on May 5, 2023.

8. Defendants' application for reconsideration of Judge Arleo's January 27, 2020 Order, denying Palmeroni's motion *in limine* to exclude the expert report and testimony of Darryl Neier and permitting Mr. Neier to present evidence regarding Plaintiff's disgorgement/unjust enrichment theory of damages at trial [ECF No. 750], is **DENIED**.

9. Insofar as Defendants sought dismissal of Plaintiff's claims based on their legal argument that the Court should not pierce the corporate veil, that request is **DENIED**.

10. Plaintiff shall file a letter brief of no more than eight pages (double spaced) by April 24, 2023, addressing the question of whether and how the passage of time and any changed circumstances may affect the necessity and/or scope of any adverse inference instruction required under prior rulings in this matter. Defendants may file a joint response of no more than eight pages, or separate responses of five pages each, by 6:00 p.m. on May 2, 2023. In their respective submissions, the parties should include their proposed adverse inference instruction.

11. A hearing shall be held on May 4, 2023, at 1:30 p.m., in person, in Courtroom 2D of the Martin Luther King, Jr., U.S. Courthouse in Newark, New Jersey, to address the spoliation, adverse inference instruction, and other outstanding pretrial issues.

12. By May 1, 2023, Plaintiff shall file the following materials: (i) a neutral statement of the case; (ii) proposed jury instructions and verdict form; (iii) a *voir dire* questionnaire; and (iv) all exhibits to be presented at trial, including page-and-line copies of all deposition transcripts that will be offered as evidence. Plaintiff shall also provide a copy of the above materials to Defendants, and the parties shall meet and confer regarding these materials prior to the May 4, 2023 hearing.

13. As set forth in this Court's January 19, 2023 Order, a trial of this matter shall commence on May 8, 2023, at 10:00 a.m., in person, in Courtroom 2D of the Martin Luther King, Jr., U.S. Courthouse in Newark, New Jersey. [ECF No. 805]. The Court will reserve ten trial days for this matter but urges the parties to pursue the most diligent schedule circumstances permit. In light of the age of this case, justice demands that it proceed to trial without additional unnecessary delay. Accordingly, no further modifications of the pre-trial and trial schedule will be granted absent truly extraordinary circumstances.

14. By April 21, 2023, Plaintiff shall file a stipulation of dismissal as to Defendant Angelina Rosarbo in accordance with Federal Rule of Civil Procedure 41.

15. The Clerk of Court shall mail a copy of this Order to *Pro Se* Defendants by regular mail.

                */s/ André M. Espinosa*
                ANDRÉ M. ESPINOSA
                United States Magistrate Judge