UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

N.V.E., INC.,

                Plaintiff,

v.

JESUS J. PALMERONI, et al.,

                Defendants.

**Civil Action No. 06-05455-AME**

**OPINION and ORDER**

      This matter comes before the Court on the motion for recusal filed by Defendant *pro se* Jesus J. Palmeroni ("Mr. Palmeroni") on July 25, 2024. [D.E. 876]. Mr. Palmeroni filed a supplement to the motion on August 2, 2024. [D.E. 878-1].[1] Plaintiff opposes the motion. [D.E. 879]. The Court has considered the parties' filings and finds oral argument unnecessary. *See* Fed. R. Civ. P. 78(b). For the following reasons, Mr. Palmeroni's motion for recusal is denied.

      On April 12, 2023, the Court held a hearing to address all remaining pretrial motions and issues in advance of the trial of this approximately eighteen-year-old matter, which was then-scheduled to begin on May 8, 2023, at 10:00 a.m. [*See* D.E. 818]. Consistent with prior rulings of the Honorable Madeleine Cox Arleo, U.S.D.J., who formerly presided over this action,[2] this Court, among other things, denied various *in limine* applications filed by Defendants, and granted certain relief Defendants had requested.[3] [D.E. 818].

---

[1] During a July 26, 2024 conference, this Court granted Mr. Palmeroni and Defendant Vincent Rosarbo ("Mr. Rosarbo") leave to file a motion for recusal and/or a supplement by August 2, 2024, and deemed Mr. Palmeroni's July 25, 2024 filing, which he entitled "Palmeroni Letter," as his formal motion for recusal, without prejudice to the filing of a supplement. [D.E. 875]. Mr. Rosarbo did not move for recusal.

[2] This action was reassigned to this Court after Judge Arleo approved the agreement of Plaintiff, Mr. Palmeroni, and Mr. Rosarbo for this Court to conduct all proceedings and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [*See* D.E. 797].

[3] Specifically, this Court granted Defendants' application for an order directing Plaintiff to produce copies of the recordings of certain videotaped *de bene esse* depositions. [D.E. 818].

Thereafter, on April 27, 2023, Mr. Palmeroni filed a letter requesting a stay of this action and adjournment of all hearings, including the trial, due to a medical condition that he did not mention during the April 12 hearing. [D.E. 824]. Consistent with caselaw from this Circuit, the Court reserved decision on the application pending Mr. Palmeroni's filing of supporting certifications evidencing his purported inability to defend this action and appear for court proceedings. [D.E. 828, 835].[4] Apparently dissatisfied with the Court's Orders, on May 3, 2023, Plaintiff raised an intention to seek this Court's recusal in a submission addressed to Judge Arleo, who no longer presided over the action. [D.E. 839].[5] Nonetheless, despite Mr. Palmeroni having failed to comply with the letter of the Court's Orders seeking information in support of his stay application, the Court ultimately found that Mr. Palmeroni had demonstrated good cause for the requested adjournment and that any potential prejudice against Plaintiff was outweighed by the Court's concern for the fair, orderly, and efficient conduct of proceedings. [D.E. 845]. More than a year since that initial adjournment, to date, the trial of this action has still not taken place.

---

[4] On May 1, 2023, the Court held a hearing to discuss Mr. Palmeroni's stay application and the need for supporting information. During that hearing, the Court noted that, while Mr. Palmeroni complained of some physical symptoms, he was able to understand the Court's questions and to respond appropriately with detail and precision and, further, that, at that juncture, the Court had no evidence calling into question Mr. Palmeroni's sharp intellect or his ability to comprehend or participate in proceedings in this case. [D.E. 835]. Indeed, between April 27, 2023 and May 2, 2023, Mr. Palmeroni filed three substantive submissions, including opposition to Plaintiff's pending motion for reconsideration of the District Court's prior spoliation ruling, reflecting the typical clear and effective writing style that Mr. Palmeroni has deployed in earlier filings in this case. [See D.E. 825, 830, 837]. In its memorializing Order, the Court explained that it had a duty to balance the concerns presented by Mr. Palmeroni's stay application against the potential substantial prejudice to Plaintiff and that it was thus seeking the view of Mr. Palmeroni's treating physicians on the precise question of whether, in their professional medical judgment, Mr. Palmeroni would be physically capable of proceeding with the trial of this action, or if any emerging physical symptoms or necessary medical treatment would make that impossible. [D.E. 835].

[5] Ignoring the fact that Mr. Palmeroni's letter was addressed to Judge Arleo, any request stated therein was defective as it failed to comply with Court rules and procedures. In that letter, Mr. Palmeroni asserted that this Court has "demonstrated bias against [him]," engaged in a "criminal interrogation," "treat[ed] [him] in [an] abusive manner," and "questioned [his] credibility and integrity." [D.E. 839].

Indeed, on September 1, 2023, the Court again adjourned the trial that was scheduled to commence on October 16, 2023, again at Mr. Palmeroni's request, and based on his assertion that he was unable to meaningfully participate in any proceedings due to his medical condition. [D.E. 858]. Subsequently, at an April 17, 2024 in-person conference held to address Plaintiff's motion for an order appointing an independent medical expert, pursuant to Federal Rule of Evidence 706, to assess Mr. Palmeroni's ability to participate meaningfully in court proceedings, the Court scheduled the trial to begin on October 7, 2024, and denied Plaintiff's motion without prejudice in light of Mr. Palmeroni's voluntary agreement to authorize his physicians to disclose his medical records to Plaintiff's counsel. [*See* D.E. 869]. More than three months later, and apparently given the looming trial date and Plaintiff's request for a hearing to address its motion for reconsideration of the District Court's prior spoliation ruling [D.E. 872], Mr. Palmeroni now asks that this Court recuse itself from further proceedings based on alleged bias and the following baseless and conclusory assertions: (i) the Court unfairly considered an application for an extension of time, which was emailed to the Court at 4:44 p.m. on the date of the deadline, allegedly leaving him to "twist in the wind"[6]; (ii) the Court has erred in finding that Mr. Palmeroni has failed to comply with Orders directing the submission of medical records; (iii) *pro se* litigants are prohibited from contacting Chambers; (iv) the Court has mistreated him and allowed Plaintiff's counsel to mistreat him during the April 17, 2024 hearing; (v) Plaintiff's counsel has engaged in inappropriate tactics; (vi) this Court has shown that it lacks the "temperament or experience in dealing with pro se litigants"; and (vii) this Court hopes to curry

---

[6] Mr. Palmeroni's letter application, which the Court filed as an exhibit to its April 5, 2024 Order granting the application [D.E. 865], sought a five-day extension of the April 2, 2024 deadline for him to either (i) confirm his attendance for the in-person conference scheduled for April 17, 2024, or (ii) submit a declaration from his physicians evidencing his inability to appear due to a medical condition. [D.E. 864]. In his application, Mr. Palmeroni indicated that he would endeavor to attend the hearing. [D.E. 865].

favor with Plaintiff's counsel to aid in securing nomination to the District Court or other potential future employment opportunities. [*See* D.E. 8762, 878-1].

The Court begins with the applicable law, which Mr. Palmeroni has altogether failed to address in his submissions. As Plaintiff correctly points out, "[t]here are two statutory methods for seeking disqualification of a federal judge." [D.E. 879 at 11]. First, the federal recusal statute provides that a United States judge must disqualify himself where, among other things, (i) "his impartiality might reasonably be questioned," or (ii) "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). "The test for recusal … is 'whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" *United Rentals (N. Am.), Inc. v. Liberty Mut. Fire Ins. Co.*, No. 19-17169, 2024 WL 2954251, at *2 (D.N.J. June 12, 2024) (quoting *In re Kensington Intern. Ltd. (Kensington I)*, 353 F.3d 211, 220 (3d Cir. 2003)); *see also Franco v. Conn. Gen. Life Ins. Co.,* No. 07-6039, 2013 WL 1629054, at *3 (D.N.J. Apr. 15, 2013) ("[A] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." (citations omitted)).

Second, under Section 144 of Title 28, recusal is warranted "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists." *Id. See also Karas v. Robbins*, No. 08-05264, 2009 WL 5174654, at *1 (D.N.J. Dec. 17, 2009) (stating "that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions," and "the allegations in [the] affidavit must convince a reasonable person of the Judge's impartiality" (citations omitted)).

4

Thus, when evaluating a motion made pursuant to Section 144, "[t]he test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists." *Aruanno v. Johnson*, No. 09-3368, 2010 WL 4456902, at *1 (D.N.J. Oct. 29, 2010) (citing *Mims v. Shapp,* 541 F.2d 415, 417 (3d Cir.1976)). "Thus, this Court is to determine the legal sufficiency of the allegations and nothing more." *Id.*

Although Mr. Palmeroni does not explicitly move under either Section 455(a) or Section 144, the Court addresses his motion under both provisions. As a threshold procedural matter, none of Plaintiff's three submissions attacking this Court's impartiality can be construed as a "sufficient affidavit" in the form required by Section 144. Not only are none notarized before a Notary Public and sworn under penalty of perjury, but they are also inadequately signed. That alone would constitute a sufficient basis to deny the motion under Section 144. Leaving aside that defect, Mr. Palmeroni's submissions are speculative, baseless, and substantively lacking. *See Aruanno*, 2010 WL 4456902, at *1 (stating that "[c]ourts have long held that a conclusory affidavit is insufficient for recusal, and holding that "a speculative affidavit, similarly lacking in factual support is likewise insufficient" (citation omitted)).

First, Mr. Palmeroni inexplicably complains of this Court's consideration of his April 2, 2024 application for an extension of time, which the Court granted less than three business days from the date of the application and after receiving no immediate opposition. As an initial matter, the Court notes that Mr. Palmeroni's application failed to comply with this Court's Civil Case Management Order ("CMO"), which states, in relevant part, that "[e]xtensions of time as provided in court-ordered schedules must be requested in writing at least five business days prior to the expiration of deadlines." Even though Mr. Palmeroni received the relief he sought in short order, he curiously took issue with an email he inadvertently received from the Court, which

5

indicated the Court's intention to grant the request after "a day or two." This is not unusual, particularly where an extension application does not state an adversary's position. More importantly, Mr. Palmeroni suffered no prejudice given that the subject deadline was set to expire on the same date of the application. Finally, Mr. Palmeroni's assertion that this Court has favored Plaintiff by immediately granting a July 1, 2024 extension request of a deadline to file pretrial submissions is absurd. There is a key distinction between the applications. Plaintiff explained that the extension was being sought due to "an ongoing family health emergency of Plaintiff's counsel." [D.E. 870]. Although Plaintiff sought the extension two days before the deadline, under the CMO, the Court has discretion to grant an extension "upon [] showing unforeseen, emergent circumstances and by leave of Court." Critically, Mr. Palmeroni's complaint is baseless as the deadline Plaintiff sought to modify did not necessarily require any submission. [*See* D.E. 869 at 2 ("[O]n or before July 3, 2024, Plaintiff shall file any necessary supplemental pretrial and trial submissions ….")]. Indeed, in its July 17, 2024 letter, Plaintiff confirmed that it "d[id] not intend to supplement its prior submissions and will rely upon those filed and served in May of 2023." [D.E. 872].[7]

Second, the Court addresses Mr. Palmeroni's erroneous contention that he has fully complied with the Court's Orders. Preliminarily, "[i]t is well established that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion' because they almost never arise from an extrajudicial source." *Smalls v. Riviera Towers Corp.*, No. 12-6312, 2013 WL 6095117, at *2 (D.N.J. Nov. 20, 2013) (quoting *United States v. Bertoli,* 400 F.3d 1384,

---

[7] The Court further notes that, on August 21, 2023, at 4:54 p.m., Mr. Palmeroni emailed a letter to the Court requesting a two-day extension of his August 21, 2023 deadline to submit the certification required by August 2, 2023 Order. [*See* D.E. 850]. Notably, the Order granting that request was entered on the Court's docket on August 22, 2023, at 10:34 a.m., *i.e.*, less than two business hours later. [D.E. 849].

1412 (3d Cir.1994)) (internal quotation marks omitted). Thus, even if Mr. Palmeroni were correct, recusal based on a challenge to the propriety of one or more rulings is insufficient to warrant recusal. *See id.* ("Were unhappiness with the Court's decisions an adequate basis for the Court to recuse itself, every unhappy litigant would be entitled to similar relief."). Moreover, in requiring Mr. Palmeroni to support his applications for an indefinite stay of proceedings with evidence, this Court has appropriately proceeded in accordance with Third Circuit law. *See Gaspar v. Kassm*, 493 F.2d 964, 969 (3d Cir. 1974) (setting forth the standard that a party seeking the continuance of a trial date based on illness must satisfy); *Collura v. White*, No. 12-4398, 2013 WL 6022141, at *5 (E.D. Pa. Nov. 14, 2013), *aff'd sub nom. Collura v. City of Phila.*, 590 F. App'x 180 (3d Cir. 2014); *see also CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 390 (3d Cir. 2004); *Discover Bank v. Greenwood House Home for Jewish Aged*, No. 18-16020, 2023 WL 5995502, at *12 (D.N.J. Sept. 15, 2023); *Yancey v. Wal-Mart Corp.*, No. 15- 6646, 2022 WL 972489, at *2-3 (D.N.J. Jan. 31, 2022). More important, despite Plaintiff's apparent good faith attempts to comply, contrary to his assertions, he has indeed failed to strictly comply with various of these Orders. [*Compare* D.E. 828 (Order requiring a certification from a licensed, treating physician), *with* D.E. 830 (Mr. Palmeroni filing his own unsworn declaration under penalty of perjury); D.E. 835 (Order requiring a certification from a licensed, treating physician providing evidence supporting his assertion that he is unable to defend the action and appear for the scheduled proceedings and further addressing the impediments making it impossible for him to sit at counsel table and participate meaningfully during the remaining hearing and trial), *with* D.E. 840, 842 (Mr. Palmeroni filing a letter from a physician merely identifying a diagnosis and the potential inability of Mr. Palmeroni to "contribut[e] to legal proceedings until … a treatment plan [is] in place"); D.E. 845 (Order

requiring Mr. Palmeroni to deliver a status letter by July 31, 2023, describing what treatment plan, if any, has been put in place by his physicians, and setting forth their assessment of whether he will be able to meaningfully participate in the upcoming trial), *with* D.E. 846 (Mr. Palmeroni submitting a letter that provides additional details concerning his condition and treatment plan, but fails to state his physicians' assessment of whether he will be able to meaningfully participate at trial). The record speaks for itself on this issue and cannot support a recusal motion.

Mr. Palmeroni's remaining contentions are utterly baseless and scantly merit discussion in a written opinion. Simply put, no reasonable person would conclude that this Court's impartiality might reasonably be questioned based on those unfounded assertions. *See Aruanno*, 2010 WL 4456902, at *1 ("Due to the paucity of factual allegations the Court is satisfied that a reasonable person would not be convinced of the Court's alleged bias after reading [movant's] papers.").[8] This Court has neither mistreated Mr. Palmeroni, nor allowed Plaintiff's counsel to mistreat him, during the April 17, 2024 hearing or otherwise. Rather, this Court has interacted with Mr. Palmeroni professionally and with respect, as it endeavors to do with all counsel and *pro se* parties in any case. To be sure, the last-minute nature of Mr. Palmeroni's requests to continue multiple trial dates in this now eighteen-year-old case, and the resulting substantial delays, may be vexing, but those circumstances have not impacted the Court's impartiality nor affected any of the Court's rulings, all of which have been solely rooted in an application of the facts to controlling law. Finally, this Court has not permitted, observed, or abided any inappropriate tactics by Plaintiff's counsel; nor has the Court ever discussed with Plaintiff's

---

[8] On Mr. Palmeroni's unfounded claim that *pro se* litigants are prohibited from contacting Chambers, Mr. Palmeroni and all parties are hereby referred to this Court's CMO, which states, in no uncertain terms, that: "All communications to the Court shall be in writing via CM/ECF. Telephone calls to chambers will be permitted as to administrative matters only or as otherwise directed by the Court. Mail, email, and fax communications will not be accepted or considered unless expressly authorized by the Court."

8

counsel any employment opportunities whatsoever or sought to curry favor in any way with Plaintiff's counsel for any purpose. Mr. Palmeroni's contentions on this score are pure fantasy.

Accordingly, having concluded that Mr. Palmeroni has failed to raise any colorable grounds to trigger this Court's duty to recuse itself, Mr. Palmeroni's motion for recusal [D.E. 876] is hereby **DENIED**. The Clerk of Court is directed to terminate the motion at D.E. 876.

*/s/ André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated:         August 23, 2024