UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| N.V.E., INC., | : | |
| | : | |
| | : | Civil Action No. 06-5455-AME |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION and ORDER |
| | : | |
| JESUS J. PALMERONI, et al., | : | |
| | : | |
| Defendants. | : | |

**ESPINOSA**, Magistrate Judge

    This matter is before the Court on the motion filed by pro se defendant Jesus J. Palmeroni ("Palmeroni") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 878]. Plaintiff N.V.E., Inc. ("N.V.E.") opposes the motion. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is granted.

    By way of very brief background,[1] this action for fraud, tortious interference with economic advantage, and civil conspiracy arises from allegedly fraudulent schemes perpetrated against N.V.E., a manufacturer and seller of nutritional supplements, by two of its former salesmen, defendants Palmeroni and Vincent Rosarbo ("Rosarbo"). According to the operative First Amended Complaint, in one of these alleged schemes, sales arranged by Palmeroni in return for kickbacks from certain brokers caused N.V.E. to pay improper and excessive brokerage commissions, and in the other alleged scheme, both Palmeroni and Rosarbo misused

---

[1] This action, filed in 2006, has an extensive background that need not be recounted in detail here, as the Court writes only for the parties and presumes their familiarity with the facts and procedural history.

1

the company's pricing structure to procure N.V.E. products at the international rate and directly resell those products to distributors at a lower price than offered by N.V.E.[2]

This action proceeded through discovery, onto summary judgment motions, and finally to preparation of the matter for trial in 2017. Throughout all phases of the litigation until that point, Palmeroni was represented by counsel, most recently by attorney Robert Vort. However, Mr. Vort was relieved as counsel by Order dated July 28, 2017, due to his serious medical issues and disability, and Palmeroni thereafter appeared pro se. The litigation continued to entry of a Final Pretrial Order on May 7, 2019, various conferences, and the filing of trial-related submissions, including N.V.E.'s motions *in limine*. Trial dates were set and adjourned for various reasons. On April 17, 2024, this Court held a case management conference and ordered a jury trial to begin on October 7, 2024.

On August 2, 2024, Palmeroni filed this motion for appointment of pro bono counsel. Despite having defended this action on his own behalf since July 2017, Palmeroni states he now needs counsel because he has been diagnosed with a medical condition and "[t]he medication prescribed for this condition impacts [his] cognitive abilities and may affect [his] capacity to effectively represent [himself] in this matter." (Mot. at 2.) Palmeroni asserts he will be unable to properly mount a defense without an attorney due to the complexity of the legal and factual issues and the difficulty of managing the procedural challenges of a jury trial in view of his impaired cognitive function. Moreover, Palmeroni asserts he is indigent and unable to afford retained counsel.

N.V.E. filed a response stating it does not oppose the appointment of counsel in and of itself, but objects to any delay the appointment would have on the trial of this matter. N.V.E. argues the delay is particularly undue in light of the timing of this motion, filed only two months

---

[2] As the parties are aware, although the First Amended Complaint added various defendants and expanded the scope of this action, only the claims against Palmeroni and Rosarbo remain active.

2

before the trial date, even though, it asserts, Palmeroni could have filed the motion months ago when he first learned of his illness. N.V.E. further argues that, aside from the delay, Palmeroni cannot meet the threshold requirement for appointment of counsel because his defense lacks merit. It stresses that, during oral argument on N.V.E.'s motion for summary judgment, the District Court observed that the evidence supporting the fraud claims was "overwhelming." (Pl. Opp'n at 1, quoting Tr. 69:15-16, at D.E. 654.)

Both before and after Palmeroni's motion for appointment of counsel was filed, N.V.E. asserted Palmeroni has failed to provide evidence to corroborate his claims that his medical condition affects his ability to appear at trial. In the course of managing this action, the Court became aware that N.V.E. was in possession of medical records pertaining to Palmeroni's medical condition and treatment, which it had obtained with Palmeroni's authorization after Palmeroni asserted he is ill. Given that the critical question on this motion is, in fact, whether Palmeroni's condition will impede his ability to proceed pro se in a forthcoming jury trial, the Court entered an Order on August 23, 2024, directing N.V.E. to deliver a copy of the medical records for the Court's *in camera* review.

While a civil litigant does not have a constitutional or statutory right to appointed counsel, *see Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. *Id.*

To determine whether appointed counsel is warranted, the Court applies the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Under the

*Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155). If his or her claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations; and

6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

Upon consideration of the *Tabron* framework, *in camera* review of Palmeroni's medical records, and in light of the unique circumstances presented here, the Court concludes that appointment of pro bono counsel to represent Palmeroni is appropriate. As a threshold matter, notwithstanding the District Court's observations concerning Plaintiff's motion for summary judgment, Palmeroni presented enough evidence to defeat the motion, indicating his defense to N.V.E.'s claims has at least some arguable merit. As to the *Tabron* factors, the Court acknowledges that this lawsuit is not overly complex and, moreover, that counsel is not required to assist with factual investigation, as the period to conduct fact discovery has long been closed.

4

However, Palmeroni's assertions that he suffers from impaired cognitive function are substantiated by his medical records. The records indicate he has been diagnosed with a brain-related condition for which has been prescribed medication that, according to the physician's own notes, has side effects that interfere with and diminish cognitive function. The physician's notes further corroborate Palmeroni's assertions that he suffers from such cognitive impairment. Given this evidence, the Court cannot justly require Palmeroni to proceed to trial without the assistance of an attorney.

Before the medical issue arose, Palmeroni had been ably and skillfully representing himself in this action for years, during which he filed motions, appeared at Court conferences, and navigated judicial procedures. However, the effect of his illness and its treatment on his cognitive function presents a substantially changed circumstance, which the Court must consider and accommodate. This trial will require extensive documentary evidence and testimony to be presented to a jury, and defenses to N.V.E.'s fraud claims will likely turn on the credibility of witnesses. Based on the medical records, the Court concludes Palmeroni will not be able to effectively represent himself at trial in his current condition, including to a level commensurate to that of a similarly situated pro se defendant. Additionally, as to whether pro bono counsel is warranted, the Court notes that while Palmeroni had retained counsel earlier in this litigation, he now appears to lack the financial resources to afford an attorney.

Undoubtedly, pro bono counsel is a scarce resource to be utilized sparingly. Additionally, appointment of counsel at any stage of litigation introduces some delay, which, here, is particularly vexing given the age of this case and the filing of this motion so close in time to the trial date. However, Palmeroni's documented illness and medication-related cognitive impairment raises an extraordinary circumstance that, as a matter of justice, must take precedence over timeliness concerns.

Thus, in the interest of a just resolution of this action and to ensure the trial proceeds in a coherent, effective manner, the Court concludes that assignment of pro bono counsel to Palmeroni is warranted.

Accordingly, **IT IS** on this 11th day of October 2024,

**ORDERED** that Palmeroni's motion for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915 [D.E. 878] is **GRANTED**; and it is further

**ORDERED** that this case is referred to the Office of the Clerk for the appointment of an attorney from the Civil Pro Bono Panel pursuant to Appendix H of the Local Civil Rules, Procedures Governing Appointment of Attorneys in Pro Se Civil Actions.

       /s/ *André M. Espinosa*
    ANDRÉ M. ESPINOSA
    United States Magistrate Judge